1  Daniel L. Rottinghaus, California Bar No. 131949
   Scott M. Mackey, California Bar No. 222217
2  Seema N. Kadaba, California Bar No. 304952
   **BERDING & WEIL LLP**
3  2175 N. California Blvd, Suite 500
   Walnut Creek, California 94596
4  Telephone:    925/838-2090
   Facsimile:    925/820-5592
5  drottinghaus@berdingweil.com
   smackey@berdingweil.com
6  skadaba@Berdingweil.com

7  Attorneys for Plaintiffs
   STEPHEN AND MELINDA DREHER
8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12 | STEPHEN AND MELINDA DREHER,        | No. 2:18-cv-07827
13 |         Plaintiffs,                 | **COMPLAINT FOR DAMAGES**
14 |    vs.                              | 1. **Cancellation of Lien**
   |                                     | 2. **Slander of Title**
15 | THE PNC FINANCIAL SERVICES GROUP,   | 3. **Fraud**
   | INC., a Pennsylvania Corporation,   | 4. **Intentional Interference with**
16 | successor by merger to/with         |    **Prospective Economic Advantage**
   | NATIONAL CITY BANK;                 | 5. **Declaratory Relief**
17 | DREAMBUILDER INVESTMENTS, LLC, A    |
   | New York Limited Liability Company; | **JURY TRIAL DEMANDED**
18 | and DOES 1-50,                      |
   |         Defendant.                  |

19

20        PLAINTIFFS Stephen and Melinda Dreher (hereinafter "PLAINTIFFS"), by and through

21 their attorneys, hereby claim as follows against Defendant The PNC Financial Services Group,

22 Inc., successor by merger to National City Bank (hereinafter "PNC"), and Defendant

23 Dreambuilder Investments, LLC (hereinafter "Dreambuilder") and DOES 1 through 50:

24                              **THE PARTIES**

25        1.    PLAINTIFFS were, and now are, individuals owning real property in the City of

26 Los Angeles, County of Los Angeles, and State of California. PLAINTIFFS are the owners of a

27 single-family residence located at 546 North Highland Avenue, Los Angeles, California, 90036

28 (hereinafter the "Subject Property").

-1-

COMPLAINT FOR DAMAGES

2. Defendant PNC is, and at all times was, a Pennsylvania corporation providing financial services in the form of underwriting and financing mortgages in the County of Los Angeles, State of California, with its principal place of business within the County of Allegheny, 300 Fifth Avenue, Pittsburgh, Pennsylvania.

3. Defendant Dreambuilder is, and at all times was, a New York limited liability company and is a private mortgage investment company which specializes in the acquisition, management, and liquidation of defaulted mortgages including in the County of Los Angeles, State of California, with its principal place of business within the County of New York, 300 Wall Street, 5th Floor, New York, New York.

4. PLAINTIFFS are informed and believe, and upon such information and belief allege, that DOES 1 through 50, and each of said DOE Defendants being associations, alter egos, partnerships, corporations, and/or individuals, are and were agents, successors-in-interest, affiliates, employees of Dreambuilder and PNC (collectively referred to as "DOE Defendants"). PNC, Dreambuilder and DOE Defendants are collectively referred to as "Defendants".

5. Dreambuilder has a false interest in the Subject Property based on a lien interest purportedly assigned to it by PNC, which was stripped from the Subject Property by Orders of the United States Bankruptcy Court, District of Idaho in 2012 and 2018 as hereinafter set forth.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over PLAINTIFFS' claims pursuant to 28 U.S.C. § 1331, as PLAINTIFFS are requesting enforcement of several Orders from the United States Bankruptcy Court, District of Idaho, under 11 U.S. Code § 502(g), 502(h), or 502(i) ("Bankruptcy Orders").

7. This Court has original jurisdiction over PLAINTIFFS' claims pursuant to 28 U.S.C. § 1332, as PLAINTIFFS are domiciled in California, PNC is a Pennsylvania Corporation, and Dreambuilder is a New York limited liability company, and PLAINTIFFS claim damages in excess of $75,000.00.

8. PLAINTIFFS' state law claims are so related to those under which this Court has original jurisdiction that they form part of the same case and controversy. Supplemental

jurisdiction is therefore appropriate over PLAINTIFFS' remaining claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b), because the events giving rise to the claims made herein occurred in this Judicial District and the Subject Property that is subject to this action is situated in this Judicial District.

## STATEMENT OF FACTS

10. PLAINTIFF Melinda Dreher was gifted the Subject Property on January 24, 2000. On April 15, 2004, PLAINTIFF Melinda Dreher transferred title to the Subject Property to PLAINTIFFS (husband and wife), as joint tenants. On April 25, 2007, a Deed of Trust for security of a non-purchase money loan was recorded against the Subject Property in the name of National City Bank for $350,000.00 ("Deed of Trust" or the "Lien").

11. On or about October 24, 2008, PNC purchased National City Bank and PNC succeeded to the rights under and pursuant to the Lien.

12. Green Tree Servicing LLC (hereinafter "Green Tree") served as the mortgage servicing company on behalf of PNC for the Lien.

13. On or about August 5, 2010, PLAINTIFFS filed for Bankruptcy under Chapter 11 listing PNC and Green Tree as creditors. On October 26, 2010, the Bankruptcy Court accepted a Proof of Claim, from PNC and Green Tree, asserting the Lien, in the amount of $348,256.43. The Proof of Claim was submitted and included in all of the PLAINTIFFS' Bankruptcy filings. (A copy of the *Proof of Claim* is attached hereto as **Exhibit "A"** and incorporated herein by reference.)

14. On August 28, 2012, PLAINTIFFS submitted a "Fourth Amended Chapter 11 Plan and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of Idaho. The Plan defined all claims as "any right to payment or right to an equitable remedy against Debtors for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured." The Plan placed all allowed claims and allowed interest in specific classes. The Plan

designated the Lien as a "Class 7" claim of "National City Bank purportedly made by Green Tree Servicing, LLC in the principal amount of approximately $348,256.43, plus reasonable attorneys' fees and costs and unpaid interest." The Plan converted the Lien from a secured interest to an impaired unsecured debt.

The Plan provided, in relevant part, that:

a. This "Class 7" claim was placed in the "Class 8" payment category consisting "of all the remaining allowed unsecured claims in the estate [including] . . . $348.256.43 that is unsecured from Class 7."

b. This "Class 7" claim was classified as "wholly unsecured and will be paid as a general unsecured creditor in Class 8."

c. "[T]he unsecured claims shall be those allowed claims scheduled by the Debtors that are not disputed, contingent, or unliquidated, and those allowed claims filed before the bar date. If an objection has been raised to an otherwise allowed claim, the claim will be allowed in the amount determined by the Court. These creditors shall be paid over a period of 5 years, from the income of the Debtors consistent with this Plan and the "Best Interests of Creditors" test and "Liquidation Analysis" contained in Debtors' Disclosure. Debtors will pay general unsecured creditors approximately $114,969.00 in monthly payments over the life of the Plan, which is approximately 11.6% of their total claims value. Debtors will pay general unsecured creditors according to the following schedule: Month 1 through 15 of the Plan - $1,028.00; Month 16 through 24 of the Plan - $1,245.00; and Month 25 through 60 of the Plan - $2,454.00." (A copy of the Plan is attached hereto as **"Exhibit "B"** and incorporated herein by reference.)

15. On December 18, 2012, the United States Bankruptcy Court, District of Idaho, confirmed PLAINTIFFS' Plan and ordered that completion of the Plan would act as a discharge effective as of the effective date of the Plan of (i) any and all claims arising or occurring prior to the effective date, and (ii) any and all claims of the kind specified in § 502(g), 502(h), or 502(i) of the Code (hereinafter "Confirmation Order"). The Bankruptcy Court held that by terms of the Plan, after completion therein, all property of the estate shall be vested in the Debtors "free and clear" of any and all claims of interest of Creditors, except as is provided in the Plan. (A copy of

-4-

the *Confirmation Order* is attached hereto as **Exhibit "C"** and incorporated herein by reference.) This Confirmation Order effectively stripped the lien from the Subject Property upon completion of the Plan.

16. PLAINTIFFS adhered to the Plan and completed all of its requirements, including making sixty (60) monthly payments to PNC on its unsecured mortgage on the Subject Property. On February 27, 2018, the United States Bankruptcy Court, District of Idaho signed an Order granting a discharge under 11 U.S.C. § 1141(d)(5) (hereinafter "Discharge Order") to PLAINTIFFS. PNC and Green Tree were provided a copy of the Discharge Order. (A copy of the *Discharge Order* is attached hereto as **Exhibit "D"** and incorporated herein by reference.) Upon entry of the Discharge Order, the Lien was effectively stripped from the Subject Property.

17. On March 1, 2018, the United States Bankruptcy Court, District of Idaho signed an Order granting the Stipulated Motion to Close the Case (hereafter "Closing Order"). PNC and Green Tree were provided a copy of the Closing Order. (A copy of the *Closing Order* is attached hereto as **Exhibit "E"** and incorporated herein by reference. All Orders previously mentioned shall be referred to hereinafter as "Bankruptcy Orders".)

18. Unbeknownst to PLAINTIFFS, more than seven (7) years earlier, PNC purportedly assigned the Lien on the Subject Property to Dreambuilder on August 12, 2010. At no time during the Bankruptcy proceedings, or during the implementation of the Plan and PLAINTIFFS compliance with the Plan requirements, or subsequent Bankruptcy Orders, did PNC ever reveal that it had, prior to the bankruptcy filing, assigned the Lien to Dreambuilder. Despite the alleged assignment having been completed on August 12, 2010, Dreambuilder did not record the assignment until March 24, 2017. (A copy of the purported *Assignment of the Deed of Trust* along with the *Proof of Filing/Recording* is attached hereto as **Exhibit "F"** and incorporated herein by reference.) Dreambuilder did not provide notice to PLAINTIFFS of the recording of the purported assignment.

19. After PLAINTIFFS completed the Plan and received the Confirmation and Closing Orders from the Bankruptcy Court, in or about June 2018, PLAINTIFFS attempted to sell and transfer title to the Subject Property before interest rates increased and to take advantage of the

-5-

appreciated property value in the market. Because they were going to sell the Subject Property, PLAINTIFFS did not renew the lease with its existing tenants. PLAINTIFFS received several offers to purchase the Subject Property, but were unable to conclude a sale because of the Lien impairing the marketability of title to the Subject Property.

20. Despite the impairment, PLAINTIFFS continued a negotiation with a proposed buyer offering to pay $2.175 million for the Subject Property. On June 20, 2018, PLAINTIFFS sent Dreambuilder a letter, providing PNC and Green Tree's Proof of Claim, the Discharge Order, and the Closing Order, and demanding a release of the Lien on the Subject Property, pursuant to Civil Code § 2941. Dreambuilder acknowledged receipt of this letter on June 26, 2018. (A copy of the *Letter and Acknowledgement* is attached hereto as **Exhibit "G"** and incorporated herein by reference.) <u>Dreambuilder never responded</u>. Dreambuilder did not remove the Lien. The Lien remains on the Subject Property and prevents PLAINTIFFS from concluding any sale.

21. As a result, in or about July 2018, PLAINTIFFS lost the potential buyer and sale. On July 20, 2018, the First American Title Company (the "Title Company") sent Dreambuilder a request for a Payoff Demand Letter, requesting Dreambuilder provide evidence of any legitimate interest in the Subject Property and, if not, to provide a Deed of Reconveyance, discharging the Lien recorded on the Subject Property. Again, Dreambuilder never responded.

22. On or about August 2018, PLAINTIFFS received another offer from a prospective buyer for the SUBJECT PROPERTY in the amount of $2,056,000.00. PLAINTIFFS are attempting to work with the Title Company to overcome the title defect, however, they cannot proceed with the Lien on the Subject Property.

23. PLAINTIFFS' attempts at contacting Dreambuilder to demand removal of the Lien have been unsuccessful because Dreambuilder has ignored such requests and has failed to respond.

24. PLAINTIFFS seek to cancel the Lien on the Subject Property. The Lien and any rights Dreambuilder may claim under such Lien are without any right, and neither PNC nor Dreambuilder have any right, title, estate, lien, or interest whatsoever in the Subject Property.

///

///

## FIRST CAUSE OF ACTION

**(For Cancellation of the Lien on the Subject Property Against All Defendants)**

25. PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 24 above.

26. The Lien purportedly assigned to Dreambuilder is an adverse interest to that of PLAINTIFFS, but such Lien is without any right as neither PNC nor Dreambuilder has any right, title, or security interest in the Subject Property pursuant to the Bankruptcy Orders.

27. The Lien rights allegedly owned by Dreambuilder are based on the recording of the assignment of the Lien from PNC to Dreambuilder, described above.

28. Although the Lien appears valid on its face, it is invalid, void and/or voidable, and of no force or effect regarding PLAINTIFFS' interests in the Subject Property for the reasons set forth above. PLAINTIFFS adhered to the Bankruptcy Orders issued by the United States Bankruptcy Court, District of Idaho. The fact that Dreambuilder was never referenced in PLAINTIFFS' Bankruptcy filings was because Green Tree and PNC claimed ownership of the Lien during the Bankruptcy proceedings and neither PNC nor Green Tree revealed the assignment and Dreambuilder did not record the assignment of the Lien until March 2, 2017. Dreambuilder recorded its purported assignment of the Lien after the Plan was in effect; thus, its rights are no greater than the rights attributed to PNC and, any right claimed by Dreambuilder is subject to the Bankruptcy Orders, stating that after completion of the five-year payment schedule unsecured claims, such as the Lien, were discharged and stripped and PLAINTIFFS held the Subject Property "free and clear of any and all claims of interest of Creditors, except as is provided in the Plan [such as for <u>secured</u> creditors]." Despite the fact that PLAINTIFFS' sent a demand letter for a Deed of Reconveyance from Dreambuilder and the Title Company demanded that Dreambuilder provide a Payoff Demand or Deed of Reconveyance in accordance with Civil Code § 2943(e)(1), Dreambuilder provided no response.

29. The allegedly assigned Lien remaining on the Subject Property is in violation of the Bankruptcy Orders and is a cloud on PLAINTIFFS' title in and to the Subject Property, tends to depreciate its market value, restricts PLAINTIFFS' full use and enjoyment of the real property,

and hinders PLAINTIFFS' right to transfer title, as evidenced by the lost sale described above. If the Lien, which was stripped from the property by the Bankruptcy Orders, is not canceled, PLAINTIFFS will continue to suffer serious injury.

30. WHEREFORE, PLAINTIFFS pray for judgment against Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(For Slander of Title Against All Defendants)**

31. PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 30 above.

32. PNC failed to inform PLAINTIFF of the purported assignment to Dreambuilder, failed to inform the Bankruptcy Court of its assignment, collected PLAINTIFFS' money for the sixty (60) month payment period, and failed to inform Dreambuilder of the Bankruptcy Orders, stripping the Lien from the Subject Property. PNC's actions resulted in Dreambuilder having an assignment of the Lien that falsely claims an interest in the Subject Property, despite the Bankruptcy Orders discharging the Lien. By refusing to remove the Lien, Dreambuilder unjustifiably continues to claim an interest in the Subject Property, resulting from PNC's actions, thereby causing direct harm to PLAINTIFFS, as they have lost a certain buyer and harm PLAINTIFFS' ability to provide marketable title to the potential buyer.

33. WHEREFORE, PNC and Dreambuilder and DOES 1-50 owe PLAINTIFFS damages for the monies they would have received but for the slander of PLAINTIFFS' title to the Subject Property, and PLAINTIFFS pray for judgment against all Defendants as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(For Fraud Against All Defendants)**

34. PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 33 above.

35. PNC was served during the Bankruptcy Proceeding with all Bankruptcy Orders. Despite being on notice of the Bankruptcy proceedings, PNC purportedly did not inform

Dreambuilder of the status of the Lien it allegedly assigned to Dreambuilder, nor did PNC inform PLAINTIFFS of the purported assignment. PNC failed to inform the Bankruptcy Court of its assignment and collected Plaintiffs money for the sixty (60) month payment period. PNC used deceit and dishonest means to continue to obtain payment from PLAINTIFFS to PLAINTIFFS' detriment and this wrongful act caused PLAINTIFFS to file suit against Dreambuilder to remove the Lien.

36. Dreambuilder used deceit and dishonest means, by recording an assignment on the Subject Property contrary to the Bankruptcy Orders, and by failing to provide a Deed of Reconveyance, and by failing to respond to the demand letters from PLAINTIFFS and the Title Company, despite having been provided the Bankruptcy Orders stripping the Lien from the Subject Property. By failing to remove the Lien, Dreambuilder constructively and effectively continues to assert a claim of interest against the Subject Property for the purposes of obtaining further payment or consideration from PLAINTIFFS, despite knowing that PLAINTIFFS do not owe any further payment. Dreambuilder deceitfully recorded its assignment of the Lien and dishonestly continues to claim an unfounded interest in the Subject Property, in violation and in direct disregard of the Bankruptcy Orders.

37. WHEREFORE, PNC, Dreambuilder and DOES 1-50 owe PLAINTIFFS damages for the monies they would have received but for the fraudulent acts committed by PNC, Dreambuilder and DOES 1-50 as set forth above. Defendants' conduct was done with fraud, malice, and oppression with intent to harm PLAINTIFFS. In addition to recovery of PLAINTIFFS' damages, PLAINTIFFS are entitled to exemplary/punitive damages for the sake of example and by way of punishing Defendants.

## FOURTH CAUSE OF ACTION

**(For Intentional Interference with Prospective Economic Advantage**

**Against Dreambuilder and DOES 1-50)**

38. PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 37 above.

///

-9-

COMPLAINT FOR DAMAGES

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

39. PLAINTIFFS were in the midst of a potential sale of the Subject Property, with economic benefit to PLAINTIFFS, and Dreambuilder knew of this relationship based on the demand letters sent by PLAINTIFFS and the Title Company. Dreambuilder intentionally ignored the demands for a Deed of Reconveyance, with the intent to disrupt PLAINTIFFS' sale of the Subject Property and leverage Dreambuilder's and DOES 1-50's position for a payment that is not due. This resulted in an actual disruption of the potential sale, as PLAINTIFFS could not provide marketable title and lost the sale, resulting in economic harm to PLAINTIFFS caused by Dreambuilder's failure abide by the Bankruptcy Orders.

40. WHEREFORE, Dreambuilder and DOES 1-50 owes PLAINTIFFS' damages for the monies they would have received but for the unfounded lien claim of interest and interference in the Subject Property. Dreambuilder's and DOES 1-50's conduct was done with fraud, malice, and oppression with intent to harm PLAINTIFFS. In addition to recovery of PLAINTIFFS' damages, PLAINTIFFS are entitled to exemplary/punitive damages for the sake of example and by way of punishing Dreambuilder and DOES 1-50.

## FIFTH CAUSE OF ACTION

**(For Declaratory Relief Against All Defendants)**

41. PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 40 above.

42. A present controversy exists between PLAINTIFFS and Defendants regarding the validity of the Lien. The Lien is no longer valid, as set forth above, and as evidenced by the Bankruptcy Orders, from the United States Bankruptcy Court, District of Idaho, extinguishing Defendants' rights, if any, under the Lien.

43. Any claim made by Defendants to assert the validity of the Lien are without merit, as Defendants have no right, title, estate, lien, or interest in the Subject Property. PLAINTIFFS seek a declaration of rights, title, and interest in the Subject Property, including any claims under the Lien as described above.

44. WHEREFORE, Plaintiffs pray for judgment against Dreambuilder as hereinafter set forth.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS demands judgment as follows:

ON THE FIRST AND FIFTH CAUSES OF ACTION:

1. That the Court (a) issue an Order stripping the Lien on the Subject Property pursuant to the Bankruptcy Orders from the United States Bankruptcy Court, District of Idaho.

ON THE SECOND, THIRD, AND FOURTH CAUSES OF ACTION:

2. For damages, according to proof, in excess of $75,000 jointly and severally against PNC and Dreambuilder and DOES 1-50.

ON THE THIRD AND FOURTH CAUSES OF ACTION ONLY:

3. Punitive damages, in accordance with the law, against all Defendants.

ON ALL CAUSES OF ACTION:

5. For prejudgment interest at the legal rate;

6. For costs incurred in this action, including reasonable attorneys' fees and costs, as provided by law and/or pursuant to the Lien; and

7. For any other and further relief as the court may deem just and proper.

Date: September 7, 2018        BERDING & WEIL LLP

By:_____
Daniel L. Rottinghaus
Scott M. Mackey
Seema N. Kadaba
Attorneys for Plaintiff
Stephen and Melinda Dreher

X:\Wdocs\0009\577\PLD\00913291.DOCX

BERDING & WEIL, LLP
2175 N California Blvd Suite 500
Walnut Creek, California 94596

COMPLAINT FOR DAMAGES