PETER J. VAN ZANDT (152321)
peter.vanzandt@leclairryan.com
LeClairRyan, LLP
44 Montgomery Street, Suite 3100
San Francisco, CA 94104
Telephone: (415) 391-7111
Facsimile: (415) 391-8766

Attorneys for Defendant

PNC BANK, N.A. sued erroneously as THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to NATIONAL CITY BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEPHEN AND MELINDA DREHER, <br><br> Plaintiffs, <br><br> vs. <br><br> THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to/with NATIONAL CITY BANK; DREAMBUILDER INVESTMENTS, LLC, A New York Limited Liability Company; and DOES 1-50, <br><br> Defendants. | **Case No.: 2:18-cv-07827-MWF-FFM** <br><br> **ANSWER TO COMPLAINT** <br><br> *Complaint Filed: September 7, 2018* |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES BY PNC BANK, N.A., sued erroneously as THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to NATIONAL CITY BANK**

PNC BANK, N.A., sued erroneously as THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to NATIONAL CITY BANK ("Defendant") by counsel submits their Answer and Affirmative

Defenses to the Complaint for Damages ("**Complaint**") filed by counsel for the above-captioned Plaintiffs, and in support thereof states:

1. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint while incomplete, are admitted.

3. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5. The allegations contained in paragraph 5 of the Complaint state a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

6. The allegations contained in paragraph 6 of the Complaint state a legal conclusion to which no response is required.

7. The allegations contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required.

8. The allegations contained in paragraph 8 of the Complaint state a legal conclusion to which no response is required.

9. The allegations contained in paragraph 9 of the Complaint state a legal conclusion to which no response is required.

## STATEMENT OF FACTS

10. In response to the allegations contained in paragraph 10 of the Complaint Defendant lacks sufficient information to admit or deny the allegations regarding Plaintiffs' title transfers and characterization that the loan was "non-purchase" money, but does admit the remaining allegations of paragraph 10.

11. The allegations contained in paragraph 11 of the Complaint state a legal conclusion to which no response is required.

12. Defendant admits the allegations of paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint state a legal conclusion to which no response is required.

14. The allegations contained in paragraph 14 a., b., and c. of the Complaint state a legal conclusion to which no response is required.

15. The allegations contained in paragraph 15 of the Complaint state a legal conclusion to which no response is required.

16. The allegations contained in paragraph 16 of the Complaint state a legal conclusion to which no response is required.

17. The allegations contained in paragraph 17 of the Complaint state a legal conclusion to which no response is required.

18. The allegations contained in paragraph 18 of the Complaint state a legal conclusion to which no response is required.

19. The allegations contained in paragraph 19 of the Complaint state a legal conclusion to which no response is required.

20. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint.

21. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint state a legal conclusion to which no response is required.

## FIRST CAUSE OF ACTION

**(For Cancellation of Lien on the Subject Property Against All Defendants)**

25. Defendant incorporates by reference its responses to paragraphs 1–25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint state a legal conclusion to which no response is required.

27. The allegations contained in paragraph 27 of the Complaint state a legal conclusion to which no response is required.

28. The allegations contained in paragraph 28 of the Complaint state a legal conclusion to which no response is required.

29. The allegations contained in paragraph 29 of the Complaint state a legal conclusion to which no response is required.

30. The allegations contained in paragraph 30 of the Complaint state a legal conclusion to which no response is required.

## SECOND CAUSE OF ACTION

**(For Slander of Title Against All Defendants)**

31. Defendant incorporates by reference its responses to paragraphs 1–30 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint state a legal conclusion to which no response is required.

33. The allegations contained in paragraph 33 of the Complaint state a legal conclusion to which no response is required.

## THIRD CAUSE OF ACTION

**(For Fraud Against All Defendants)**

34. Defendant incorporates by reference its responses to paragraphs 1–33 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint state a legal conclusion to which no response is required.

36. The allegations contained in paragraph 36 of the Complaint state a legal conclusion to which no response is required.

37. The allegations contained in paragraph 37 of the Complaint state a legal conclusion to which no response is required.

### FOURTH CAUSE OF ACTION

**(For Intentional Interference with Prospective Economic Advantage Against Dreambuilder and DOES 1-50)**

38. Defendant incorporates by reference its responses to paragraphs 1–37 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint state a legal conclusion to which no response is required.

40. The allegations contained in paragraph 40 of the Complaint state a legal conclusion to which no response is required.

### FIFTH CAUSE OF ACTION

**(For Declaratory relief Against All Defendants)**

41. Defendant incorporates by reference its responses to paragraphs 1–40 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint state a legal conclusion to which no response is required.

43. The allegations contained in paragraph 43 of the Complaint state a legal conclusion to which no response is required.

44. The allegations contained in paragraph 44 of the Complaint state a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely on any affirmative defenses supported by evidence revealed through discovery or at trial, including, without limitation, the following:

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint falls far short of stating the elements, much less supporting facts, of any causes of action and is thus insufficiently pled under Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure. The Complaint and all claims for relief therein should therefore be dismissed for failure to state a claim upon which relief can be granted pursuant to Civil Rule 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs did not incur any damages as defined and set forth in *Rockridge Trust v. Wells Fargo, N.A.*, N.D.Cal.2013, 2013 WL 5428722.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

4. Defendant's compliance with the statutes, rules, case law and regulations that govern the subject matter of this lawsuit preclude their liability to Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs lack standing to challenge any Assignment of the Deed of Trust because are not a party to the Assignment. (*Maynard v. Wells Fargo Bank*, S.D.Cal. 2013 WL 4883202, at *9.) .

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendants allege that Plaintiffs failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate his damages, if such damages even exist, and that this failure to mitigate damages alone aggravated any damages or injuries, if any, to Plaintiffs and therefore precludes or reduces recovery against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant did not engage in conduct that amounted to malice, fraud and oppression and should not be subject to a claim for exemplary damages..

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendant owed no general duty of care or fiduciary duty of care in their role as a lender to Plaintiffs. Consequently, any purported violation of law requiring such duties as an element of the claim is meritless as a matter of law.

**WHEREFORE**, Defendants prays as follows:

1. That Plaintiffs are entitled to no relief, and shall take nothing, by way of the Complaint;
2. That judgment be entered in favor of Defendant;
3. That Defendant be awarded costs of suit herein, including reasonable attorneys' fees; and
4. For any such other and further relief as the Court deems proper.

DATED: February 12, 2019         LeClairRyan, LLP

                                 By:   *Peter J. Van Zandt /s/*
                                       PETER J. VAN ZANDT
                                       Attorneys for Defendant

                                       PNC BANK, N.A. sued erroneously as THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to NATIONAL CITY BANK

# CERTIFICATE OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of San Francisco, California, over the age of eighteen years, and not a party to the within cause. My business address is 44 Montgomery Street, Suite 3100, San Francisco, California, 94104. On this date, I served the within:

## ANSWER TO COMPLAINT

on the parties in said cause, by placing a true and correct copy thereof addressed as follows:

**Attorney for Plaintiff**
Daniel L. Rottinghaus
Scott M. Mackay
Seema N. Kadaba
BERDING & WEIL LLP
2175 N. California Blvd, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 838-2090
Fax: (9250 820-5592
Email: drottinghaus@berdingweil.com
smackey@berdingweil.com
skadaba@berdingweil.com

XX      **BY ELECTRONIC SERVICE** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The court's CM/ECF systems send an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system

I certify and declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on *February 12, 2019*, at San Francisco, California.

_____
Charmaine Villavert