Daniel L. Rottinghaus, California Bar No. 131949
Scott M. Mackey, California Bar No. 222217
Seema N. Kadaba, California Bar No. 304952
**BERDING & WEIL LLP**
2175 N. California Blvd, Suite 500
Walnut Creek, California 94596
Telephone:  925/838-2090
Facsimile:    925/820-5592
drottinghaus@berdingweil.com
smackey@berdingweil.com
skadaba@berdingweil.com

Attorneys for Plaintiffs
STEPHEN and MELINDA DREHER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN and MELINDA DREHER, | Case No. 2:18-cv-07827 |
| Plaintiffs, | Assigned to Honorable Michael W. Fitzgerald |
| vs. | **DECLARATION OF SEEMA N. KADABA IN RESPONSE TO ORDER TO SHOW CAUSE RE: DEFAULT JUDGMENT** |
| THE PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania Corporation, successor by merger to/with NATIONAL CITY BANK; DREAMBUILDER INVESTMENTS, LLC, A New York Limited Liability Company; and DOES 1-50, | |
| Defendant. | **Time:  April 1, 2019**<br>**Date:   11:00 a.m.**<br>**Location:  Courtroom 5A** |
| / | Complaint Filed:  September 7, 2018 |

I, Seema N. Kadaba, hereby declare as follows:

1.      I am an associate with the law firm of Berding & Weil LLP, attorneys for Plaintiffs STEPHEN and MELINDA DREHER ("Plaintiffs"), and have personal knowledge of the facts set forth in this declaration.

2.      On September 7, 2018, Plaintiffs filed a Complaint for Damages naming PNC N.A. ("PNC") and DREAMBUILDER INVESTMENTS, LLC ("DREAMBUILDER") as Defendants for Cancellation of Lien, Slander of Title, Fraud, Intentional Interference with Prospective Economic Advantage, and Declaratory Relief arising out of an Assignment of the Deed of Trust

-1-

DECLARATION OF SEEMA N. KADABA IN RESPONSE TO ORDER TO SHOW CAUSE
RE: DEFAULT JUDGMENT

that was, unbeknownst to Plaintiffs, belatedly recorded upon Plaintiffs' real property, located at 546 North Highland Avenue, Los Angeles, California, 90036 ("Subject Property"). The recording is in violation of a bankruptcy order that was issued on August 22, 2012, as further elaborated below. The recording of this instrument has prevented and interfered with Plaintiffs' ability to sell the Subject Property.

3.      Plaintiffs personally served Peter J. Andrews, an officer of DREAMBUILDER, at his home address pursuant to Rule 4 of the Federal Rules of Civil Procedure on January 17, 2019. Under Rule 12 of the Federal Rules of Civil Procedure, DREAMBUILDER was to appear by February 7, 2019.  DREAMBUILDER did not appear.

4.      On February 20, 2019, Plaintiffs filed an Application to the Court requesting that the Clerk enter default against DREAMBUILDER. On February 26, 2019, this Court issued an Entry of Default by Clerk as to DREAMBUILDER. The Court issued an order to show cause why a default judgment has not been requested by Plaintiffs.

5.      Plaintiffs respectfully request additional time to file a Motion for Default Judgment as to DREAMBUILDER because Plaintiffs assert that expungement of the lien recorded by DREAMBUILDER on the Subject Property must occur prior to any judgment taken against DREAMBUILDER and the action should proceed to a single, final judgment against both DREAMBUILDER and PNC, who are jointly and severally liable for Plaintiffs' damages.

6.      Plaintiffs respectfully request, pursuant to the Orders issued by the United States Bankruptcy Court, District of Idaho, Case Number 10-21037-TLM, that this Court issue an Order expunging the lien recorded by DREAMBUILDER from the Subject Property. True and correct copies of Plaintiffs' Fourth Amended Chapter 11 Plan, Confirmation Order, Discharge Order, and Closing Order are attached hereto as **Exhibit "A"**.

7.      Completion of the Plan acted as a "discharge effective as of the effective date of the Plan, August 22, 2012, of (i) any and all claims arising or occurring prior to the effective date." The subsequent issuance of the Closing Order and Discharge Order, of February 27, 2018 and March 1, 2018, respectively, evidence that Plaintiffs complied with the Plan. Thus, the lien was discharged as of August 22, 2012.

-2-

8.      A true and correct copy of the Assignment of Deed of Trust, recorded on March 24, 2017 at 10:44 a.m., by DREAMBUILDER, in the Official Records Recorder's Office, Los Angeles County, California, Document Number 13510211, Batch Number 8223281, 20170333743, is attached hereto as **Exhibit "B"**.

9.      Pursuant to the Bankruptcy Orders, upon completion of the Plan, the lien and any assignment thereof should have been stripped from the Subject Property. Plaintiffs have been unable to obtain a Deed of Reconveyance from DREAMBUILDER as they have not responded to any of Plaintiffs' attempts to obtain the same. Thus, Plaintiffs respectfully request that this Court expunge the lien from the Subject Property. Rather than submit a formal motion to the Court, Plaintiffs submit this request to expunge the lien and attach a Proposed Order granting the same as **Exhibit "C"**.

10.      DREAMBUILDER has not answered in this action, therefore, does not oppose expungement of this lien. PNC has expressed that it also does not oppose expungement of this lien.

11.      Plaintiffs respectfully request that this Court issue an Order granting expungement of the lien in an effort to save judicial resources, limit the related attorney fees and costs, and promote judicial efficiency. Plaintiffs assert that if this Court requires a formal motion to expunge the lien, Plaintiffs will prepare the same.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 29th day of March 2019, in Walnut Creek, California.

_____
                Seema N. Kadaba

X:\wdocs\6799\94\PLD\00985927.DOCX

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

_____
DECLARATION OF SEEMA N. KADABA IN RESPONSE TO ORDER TO SHOW CAUSE
RE: DEFAULT JUDGMENT

# EXHIBIT A

**Patrick J. Geile, ISB No. 6975**
**Matthew K. Shriver, ISB No. 8472**
**FOLEY FREEMAN, PLLC**
**77 East Idaho Street, Suite 100**
**P.O. Box 10**
**Meridian, ID 83680**
**Phone: (208) 888-9111**
**FAX: (208) 888-5130**
**pgeile@foleyfreeman.com**

**Attorneys for Debtors**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In re:** | **Case No. 10-21037-TLM** |
| **STEPHEN CLIFTON DREHER and MELINDA LEE DREHER,** | **Chapter 11** |
| | **FOURTH AMENDED CHAPTER 11 PLAN AND RELATED MOTIONS** |
| **Debtors.** | |

Stephen and Melinda Dreher, the Debtors, proposes the following Fourth Amended Plan of Reorganization ("Plan"). It is important that you read this plan carefully, and in conjunction with the Debtors' Disclosure Statement to evaluate the impact such Plan will have upon your claim or equity security interest.

### DEFINITIONS

Unless the context otherwise requires, the following terms, when used in the Plan shall have the following meanings:

1.   **ADMINISTRATIVE CLAIM:** A cost or expense of administration of this Chapter 11 case, including any actual and necessary expense of preserving or liquidating the estate, any actual and necessary expense of operating the business of

**FOURTH AMENDED CHAPTER 11 PLAN - 1**

Exhibit B
1 of 20

the Debtors, and all allowances approved by the Court in accordance with the Bankruptcy Code.

**2.** <u>**ALLOWED CLAIM**</u>: "Allowed Claim" shall mean a Claim:

(i) in which a proof of Claim has been filed with the Court on or prior to the bar date[1], which claim has been determined by the Bankruptcy Court to be allowed by law; or

(ii) which is scheduled in the Debtors' schedules of assets and liabilities and statement of financial affairs filed with the Court pursuant to §521 of the Bankruptcy Code and which has not been listed (or is no longer listed on the Confirmation Date, if previously so listed) as disputed, contingent or unliquidated; or

(iii) in respect of which a proof of claim has been filed with the Court with §502(h) or §502(i) of the Bankruptcy Code; and in any case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Bankruptcy Rule or an order of the Court, or as to which, if objections have been interposed, the Claim has been determined by order of the Court.

**3.** <u>**ALLOWED INTEREST**</u>: "Allowed Interest" shall mean an interest in respect of which a proof of interest has been filed with the Court on or prior to the Bar Date.

**4.** <u>**BANKRUPTCY CODE**</u>: "Bankruptcy Code" or "Code" shall mean the United States Bankruptcy Code 11 U.S.C. § 101, *et. seq.*, and any amendments thereof.

---

[1] The claims bar date was December 16,2010 for regular creditors and February 1, 2011 for governmental entities.

**FOURTH AMENDED CHAPTER 11 PLAN - 2**

5.  **CLAIM:** "Claim" shall mean any right to payment or right to an equitable remedy against Debtors for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured.

6.  **CLASS:** "Class" shall mean any class into which Claims or Interests are classified pursuant to the terms of the Plan.

7.  **CONFIRMATION DATE:** The Order of Confirmation is entered by the Court provided, however, that if a stay of the order confirming the Plan is in effect on such day, then the Confirmation Date shall be the first business day thereafter on which (i) no stay of the order confirming the Plan is in effect and (ii) the order confirming the Plan has not been vacated.

8.  **CONTESTED CLAIM:** "Contested Claim" shall mean any Claim which is listed or, the schedules filed by the Debtors as contingent, unliquidated or disputed or is, or becomes, the subject of an objection filed with the Court in accordance with the provisions of the Bankruptcy Code and which remains unresolved.

9.  **COURT:** "Court" shall mean the United States Bankruptcy Court for the District of Idaho, presiding over the cases or, if necessary, the United States District Court for said district having original jurisdiction over bankruptcy cases and the judges thereof.

10. **EFFECTIVE DATE:** The effective date of the Plan will be the date of the entrance of the Order on Confirmation.

11. **IN FULL:** "In Full" shall mean the amount owing as of the date of the

Exhibit B
3 of 20

filing of petition, the amount provided in a proof of claim owing as of the date of the filing of the petition, or the amount listed in the bankruptcy schedules filed with the Bankruptcy Court, whichever is less. "In Full" shall further mean a payment without post-petition interest, unless specifically provided for hereinafter.

12. **PERSON:** "Person" shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organizations, or a government or any agency or political subdivision thereof.

13. **REVENUE CODE:** "Revenue Code" shall mean the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 1, *et. seq.*

# ARTICLE ONE

## CLASSIFICATION CLAIMS AND INTEREST

All allowed claims and allowed interest have been placed in the following classes. The Debtors have determined which claims fall into the classes described below. A Proof of Claim or interest which asserts a claim or interest which is property included in more than one class is in a class to the extent it qualifies within the description of such class and is in a different class to the extent it qualifies within the description of such different class.

1. PRIORITY CLAIMS

    A. CLASS 1: Consists of all allowed claims against the Debtors entitled to priority pursuant to 11 U.S.C. §507(a)(1), (a)(2) and (a)(3) of the Bankruptcy Code, including domestic support obligations, reimbursement of the expenses of and compensation

**FOURTH AMENDED CHAPTER 11 PLAN - 4**

for services rendered by attorneys, accountants and other professional persons employed by the Debtors. This classification also includes those claims premised on §503(b)(1) of the Bankruptcy Code which arose from transactions pursuant to §364(a) of the Bankruptcy Code. The members of the class include the following:

1.    There are no domestic support obligations.

2.    The United States Trustee's Office; and

3.    Patrick J. Geile and Matthew K. Shriver, the attorneys representing the Debtors, together with such other attorneys as the Court may subsequently approve; and

4.    Daniel L. Rottinghaus and Paul W. Windust, the attorneys representing the Debtors with respect to negotiating the mortgage indebtedness on the Debtors' Idaho and California residences; and

5    David Eash, the attorney who previously represented the Debtors in this Chapter 11 case; and

6.    J. Gregory Wasik, the appraiser employed to appraise the Debtors' property located at 546 N. Highland Ave., Los Angeles, California; and

7.    Bernard Turk, CPA, the accounting firm employed to file and prepare the Debtors' 2010 taxes.

B.    CLASS 2:    Consists of all allowed claims having priority by

**FOURTH AMENDED CHAPTER 11 PLAN - 5**

reason of the provision of 11 U.S.C. §507(a)(4) through §507(a)(7) of the Bankruptcy Code. **There are no such claims in this matter**.

C.     Priority Tax Claims: Consists of allowed claims against the Debtors entitled to priority pursuant to 11 U.S.C. §507(a)(8), consisting of claims of governmental entities for taxes or duties in such amounts as may be allowed by the Bankruptcy Court. There are the following tax debts:

Class 3: Consists of the allowed claim of the Kootenai County Treasurer in the amount of $2,504.32. This claim is secured by the Worley, Idaho property. This claim is impaired.

2.     SECURED CLAIMS

A.     CLASS 4:     Consists of the allowed secured claim of IndyMac Bank purportedly made by Deustche Bank National Trust Co. in the principal amount of $1,064,866.23, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Worley, Idaho property in the first position. $414,866.23 of this claim is unsecured. This claim is impaired.

B.     CLASS 5:     Consists of the allowed secured claim of IndyMac Bank purportedly made by Deustche Bank National Trust Co. in the principal amount of $208,626.90, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Worley, Idaho property in the second position. This claim is wholly

Exhibit B
6 of 20

unsecured. This claim is impaired.

C.     CLASS 6:     Consists of the allowed secured claim of BAC Home Loan Servicing LP purportedly made by Bank of New York Mellon, in the principal amount of approximately $1,171,270.19, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Los Angeles, California property in the first position.

D.     CLASS 7:     Consists of the allowed secured claim of National City Bank purportedly made by Green Tree Servicing, LLC in the principal amount of approximately $348,256.43, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Los Angeles, California property in the second position. This claim is wholly unsecured. This claim is impaired.

3.     UNSECURED CLAIMS

B.     CLASS 8: Consists of all the remaining allowed unsecured claims in the estate, estimated at $993,757.14. This includes $414,866.23 that is unsecured from Class 4, $208,626.90 that is unsecured from Class 5 and $348,256.43 that is unsecured from Class 7.

4.     EQUITY INTERESTS

A.     There are no equity interests in this case.

# ARTICLE TWO

## DESIGNATION AND TREATMENT OF UNIMPAIRED CLASSES

There are no unimpaired classes.

**FOURTH AMENDED CHAPTER 11 PLAN - 7**

# ARTICLE THREE

## TREATMENT OF IMPAIRED CLASSES

*All impaired classes of claims shall receive the distributions set forth in Article Four on account and in complete satisfaction of all such allowed claims.*

# ARTICLE FOUR

## DISTRIBUTIONS - TREATMENT OF CLAIMS AND INTEREST

1.    *Priority Claims:*

*CLASS 1:*    *Consists of all allowed claims pursuant to 11 U.S.C. §507(a)(1),(a)(2) or (a)(3) of the Bankruptcy Code, including allowed attorney, accountant or other professional fees; of persons employed by the Debtors and as approved by the Court. These claims will also include §503(b)(1) claims which arose from §364(a) transactions. Debtors will pay these claims in full, unless otherwise agreed, within 365 days of the effective date of Debtors' Plan or as otherwise ordered by the Court. Claimants include:*

    *(A)    Domestic Support obligations-there is no such obligation in this case.*

    *(B)    United States Trustee's Office, Chapter 11 quarterly fees. Debtors will pay all such pre-confirmation fees as they come due. Debtors estimate that these fees will be $3250.00 over the life of the Plan.*

    *(C)    Patrick J. Geile and Matthew K. Shriver of Foley Freeman, PLLC, attorney for Debtors, in the approximate sum of*

**FOURTH AMENDED CHAPTER 11 PLAN - 8**

Exhibit B
8 of 20

$20,000.00 (in addition to any approved interim compensation allowed by the court) to be paid within 24 months following confirmation of Debtors' Plan as a priority expense or as provided in the confirmation order.

(D)    Daniel L. Rottinghaus and Paul W. Windust of Berding & Weil, LLP, attorney for Debtors, in the approximate sum of $3,000.00 (in addition to any approved interim compensation allowed by the court) to be paid within 24 months following confirmation of Debtors' Plan as a priority expense or as provided in the confirmation order.

(E)    David Eash of Ewing Anderson, P.S., prior attorney for Debtors, in the approximate sum of $5,138.50 to be paid as follows: $2569.25 to be paid on the effective date of the plan, with the balance to be paid within 60 days of the effective date with at least half of the remaining balance to be paid within 30 days of the effective date and the remaining balance within 60 days as a priority expense or as provided in the confirmation order.

(F)    J. Gregory Wasik, in the approximate sum of $475.00 to be paid within 12 months following confirmation of Debtors' Plan as a priority expense or as provided in the confirmation order.

(G)    Bernard Turk, CPA, in the approximate sum of $3,000.00 to

**FOURTH AMENDED CHAPTER 11 PLAN - 9**

be paid within 12 months following confirmation of Debtors'
Plan as a priority expense or as provided in the confirmation
order.

CLASS 2:    Consists of all allowed claims having priority under 11 U.S.C.
§507(a)(3) through (a)(7) of the Bankruptcy Code. **There are no such
creditors of which Debtors are aware.**

CLASS 3:    Consists of 11 U.S.C. §507(a)(8) creditors, governmental
units for taxes or duties. Debtors will pay these claims in full, unless
otherwise agreed, in monthly installments within 730 days of the effective
date of Debtors' Plan or as otherwise ordered by the Court. These pre-
petition claims are:

(A)    Debtors shall timely file and pay all post confirmation returns and
taxes, including federal tax deposits and employment returns.
These creditors shall retain all administrative and other remedies
available to them. There are the following tax debts:

CLASS 3:    Consists of the allowed claim of the Kootenai County
Treasurer in the amount of $2,504.32. This claim is secured by the
Worley, Idaho property. This claim is impaired.

2.    Secured Claims:

A.    CLASS 4:    Consists of the allowed secured claim of IndyMac
Bank purportedly made by Deustche Bank National Trust Co. in the
principal amount of $1,064,866.23, plus reasonable attorneys' fees
and costs and unpaid interest. This claim is secured by the Worley,

**FOURTH AMENDED CHAPTER 11 PLAN - 10**

*Idaho property. This claim is impaired.* **This class will be "crammed down" to the current value of the collateral of $650,000.00 with an interest rate of 4% and re-amortized over a period of 40 years. Debtors have an offer to sell a portion of this property to their homeowners' association. The amount of $75,000.00 from the proceeds of this sale will be paid to the secured creditor, any remaining proceeds will be used by the Debtors to reinvest back into the property in the form of improvements to the secured creditors collateral. The Plan is not contingent upon this sale and ultimately the sale may not occur if the Debtors and the potential buyer cannot agree upon the terms of the sale or if the potential buyer decides not to purchase the property for example. All other terms will remain the same and Debtors will continue to make payments pursuant to those terms of the Note and Deed of Trust on this property from wages the Debtors receive. The remainder of the note will be paid as a general unsecured creditor in Class 8.**

B.   *CLASS 5:   Consists of the allowed secured claim of IndyMac Bank purportedly made by Deustche Bank National Trust Co. in the principal amount of $208,626.90, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Worley, Idaho property in the second position. This claim is impaired.* **This**

**FOURTH AMENDED CHAPTER 11 PLAN - 11**

*claim is wholly unsecured and will be paid as a general unsecured creditor in Class 8.*

C.    CLASS 6:    *Consists of the allowed secured claim of BAC Home Loan Servicing LP purportedly made by Bank of New York Mellon, in the principal amount of approximately $1,171,270.19, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Los Angeles, California property.* **The current interest rate on this claim is 2.3%, Debtors propose to fix the current interest at 2.3% and will continue to make payments pursuant to the Note and Deed of Trust on this property from the rental income Debtors receive.**

C.    CLASS 7:    *Consists of the allowed secured claim of National City Bank purportedly made by Green Tree Servicing, LLC in the principal amount of approximately $348,256.43, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Los Angeles, California property in the second position. This claim is impaired.* **This claim is wholly unsecured and will be paid as a general unsecured creditor in Class 8.**

3.    *Unsecured Claims:*

A.    *Consists of all remaining allowed unsecured claims against the Debtors, without exception. The unsecured claims shall be those allowed claims scheduled by the Debtors that are not disputed, contingent or unliquidated and those allowed claims filed before the bar date. If an objection has been raised to an otherwise allowed*

**FOURTH AMENDED CHAPTER 11 PLAN - 12**

Exhibit B
12 of 20

*claim, the claim will be allowed in the amount determined by the Court. These creditors shall be paid over a period of 5 years, from the income of the Debtors consistent with this Plan and the "Best Interest of Creditors" test and "Liquidation Analysis" contained in Debtors' Disclosure. Debtors will pay general unsecured creditors approximately $114,969.00 in monthly payments over the life of the Plan, which is approximately 11.6% of their total claims value. Debtors will pay general unsecured creditors according to the following schedule:*

|  |  |
|---|---|
| *Month 1 through 15 of Plan -* | *$1,028.00* |
| *Month 16 though 24 of Plan -* | *$1,245.00* |
| *Month 25 though 60 of Plan -* | *$2,454.00.* |

4.    *Equity Interests. There are no equity interests in this case.*

5.    *Appointment of Disbursing Agent: Stephen and Melinda Dreher shall be the disbursing agent for the estate.*

# ARTICLE FIVE

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtors currently are the lessors for the Los Angeles rental property. The terms of that agreement are for a monthly payment of $5000.00. Debtors intend to assume this contract.

# ARTICLE SIX

## PROVISIONS FOR IMPLEMENTATION OF THE PLAN AND MEANS FOR EXECUTION OF THE PLAN

**FOURTH AMENDED CHAPTER 11 PLAN - 13**

Exhibit B
13 of 20

1.      Funds necessary for the satisfaction for creditors' claims shall be generated from rental income and Debtors' wages.

2.      Debtors shall pay all administrative expenses in full, as approved by the court, pursuant to the terms of this Plan.

3.      Notwithstanding any other provision of the Plan or Reorganization, disputed claims as set forth in the Debtors' Bankruptcy Schedules on file herein and claims which may be contested shall be paid only upon their allowance by the Bankruptcy Court in conformance with the classification of the allowed amount of such claim as set forth herein.

4.      All property of the Debtors shall be retained by them, except as specifically provided for otherwise hereinbefore.

5.      The Debtors shall retain and may enforce any civil action, claim, or interest against any party whatsoever while the Plan is in effect.

6.      The Debtors may elect to contest various claims filed by creditors.

# ARTICLE SEVEN

## PROPERTY DEALT WITH AND LIEN RETENTION

All property of the Debtors is dealt with in the Plan. Secured creditors shall retain their security interest or lien in the property of the Debtors, subject to the provisions of the Bankruptcy code, other agreements between Debtors and lien holders, and this Plan.

# ARTICLE EIGHT

## MODIFICATION OF PLAN

1.      Modification of the Plan may be proposed upon request of the Debtors at any time before confirmation, provided that such Plan, as modified, meets the

**FOURTH AMENDED CHAPTER 11 PLAN - 14**

Exhibit B
14 of 20

requirements of 11 U.S.C. § 1122 and § 1123, and the Debtors have complied with 11 U.S.C. § 1125 of the Code.

2.     In addition, the Plan may be modified at any time after confirmation and before completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the Debtors, the United States Trustee or the holder of an allowed unsecured claim, provided that such Plan, as modified, meets the requirements of 11 U.S.C. § 1122 and § 1123 of the Code and the Court, after notice and a hearing, confirms such Plan as modified, under 11 U.S.C. § 1129 of the Code, and the circumstances then existing justify such modifications.

3.     A holder of a claim or interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the court, such holder changes its previous acceptance or rejection.

4.     Any modification of the Plan will supersede and render null and void the previous provision which was modified.

5.     The Debtors may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the final Order of the Court confirming the plan in such manner as may be necessary to carry out the purpose and intent of this Plan so long as the interest of claimants or interest holders are not materially or adversely affected.

# ARTICLE NINE

## RETENTION OF JURISDICTION

Until the entry of final decree completely closing the case, the Bankruptcy Court shall retain jurisdiction over all matters necessary to ensure that the purposes and intent of this Plan are carried out, including but not limited to the following:

**FOURTH AMENDED CHAPTER 11 PLAN - 15**

1.      Determination of requests for payment of claims entitled to priority under §507(a)(1) of the Code, including compensation of claimants entitled thereto;

2.      In the event an appeal is perfected from the order confirming the Plan, the Court shall also retain jurisdiction appropriate to protect the interest of the estate and to enter such orders as are necessary to protect the interest of creditors during the pendency of such appeal.

3.      Hear and determine any objection to a claim or equity security interest when such objection is filed with the Court by the Debtors.

4.      Hear and determine all questions and disputes regarding title to the property of the Debtors or the Debtors' estate;

5.      Correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the order of confirmation as may be necessary to carry out the purpose and intent of the Plan;

6.      To liquidate damages in connection with any disputed claims;

7.      To adjudicate all claims of a security or ownership interest in any property of the estate or in any proceeds thereof;

8.      To allow and classify claims of any creditor, reexamine claims as provided under the Code, and to hear and determine any objection to a claim or equity security interest when such objection is filed with the Court by the Debtors.

9.      Issue any order necessary to implement the Plan or order of confirmation, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtors, the Debtors' estate, and the reorganized Debtors in its estate from actions of creditors, equity security holders, or other parties in interest;

10.     Hear and determine any dispute relating to the terms or implementation of

**FOURTH AMENDED CHAPTER 11 PLAN - 16**

the Plan or Order of Confirmation, or to the rights or obligations of any party in interest with respect thereto and correct any defect, cure any omission, or reconcile any consistency in the Plan or the order of confirmation as may be necessary to carry out the purpose and intent of the Plan;

11. To hear and determine any modification of the Plan pursuant to § 1127 of the Bankruptcy Code;

12. To hear and determine any dispute, claim for relief application, adversary proceeding or contested matter pending commenced after the confirmation date involving the collection or liquidation of assets of the Debtors, including, without limitation, any proceeding commenced for the purpose of voiding, recovering or preserving for the benefit of the estate any transfer of property, obligation incurred by the Debtors, lien or setoff;

13. Hear and determine any matter related to the assumption, assignment , or rejection of an executory contract or unexpired lease of the Debtors; and

14. Entry of a final decree closing this Chapter 11 case.

Nothing contained herein shall be construed as restricting the Debtors in the conduct of its business and operation unless the plan specifically provides to the contrary.

# ARTICLE TEN

## DISCHARGE

Upon Debtors' completion of all payments under the Plan, the Court shall order a discharge of (i) any and all claims arising or occurring prior to the effective date, and (ii) any and all claims of the kind specified in §502(g), 502(h), or 502(i) of the Code. Such discharge will be effective under §1141 of the Code whether or not a Proof of Claim is

**FOURTH AMENDED CHAPTER 11 PLAN - 17**

filed or deemed filed, such claim is allowed or the holder of such claim has accepted the Plan.

# ARTICLE ELEVEN

## VESTING OF PROPERTY IN DEBTORS

1.    Upon the effective date of the Plan all property of the estate shall vest in the Debtors, and shall be held and owned by the Debtors, free and clear of all liens, claims and interest of all creditors or all interest holders in the Debtors, except to the extent provided for in the Plan.

2.    Pending performance of the Plan and unless the Court has otherwise expressly ordered or this Plan otherwise expressly provide, all creditors, will be stayed from proceeding against the Debtors, the Debtors' assets, or the assets of the estate.

# ARTICLE TWELVE

## MISCELLANEOUS

1.    The headings in the Plan are for the convenience of reference only and neither constitute a portion of the Plan nor in any manner affect the construction or meaning of the provisions of the Plan.

2.    The authority of the Debtors to agree to modification, supplements or amendments of or to any agreements or instruments referred to in the Plan or utilized in the Debtors' business shall be as provided in such agreement or instrument.

3.    Except to the extent that the Code or other federal law is applicable, the rights, duties and obligations arising under this Plan shall be governed and construed and enforced in accordance with the laws of the State of Idaho.

4.    The rights, duties and obligations of any person named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors or

Exhibit B
18 of 20

assigns of such person.

5.    Whenever any payment or distribution to be made under this Plan shall be due on a day other than a business day, such payment or distribution shall instead be made, without interest, on the immediately following business day.

6.    Any notice, pleading, or document, required to be served by law or according to the provisions of this Plan, shall be in writing and shall be served in person or by Certified Mail upon the Debtors as follows:

Debtors:    Stephen and Melinda Dreher
P.O. Box 400
Worley, ID 83876

# ARTICLE THIRTEEN

## <u>CONCLUSION</u>

The Debtors have given due thought and consideration to the complex problems confronting it, and with the assistance of its counsel, has devised and formulated this Plan. This Plan is respectfully submitted with the hope that its equity and fairness will be considered by the parties in interest, whose consent is necessary to perfect it. It is further hoped that all creditors will join in an affirmative vote for the plan in order that they, as well as the Debtors, will receive the maximum benefits to be derived therefrom. The Debtors have not audited the claims or other figures, however, this Plan and approved Disclosure Statement are as accurate as is feasible under the circumstances.

Attorneys for Debtors:    Patrick J. Geile
Matthew K. Shriver
P.O. Box 10
Meridian, ID 83680

**FOURTH AMENDED CHAPTER 11 PLAN - 19**

Exhibit B
19 of 20

DATED 22nd day of August, 2012.

                    Debtors

                    /s/ _____
                    Stephen Dreher

                    _____/s/_____
                    Melinda Dreher

**FOURTH AMENDED CHAPTER 11 PLAN - 20**

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 10-21037-TLM |
| **STEPHEN CLIFTON DREHER and MELINDA LEE DREHER,** | Chapter 11 |
| Debtors. | |

### CONFIRMATION ORDER

The Debtors, Stephen Clifton Dreher and Melinda Lee Dreher's Fourth Amended Chapter 11 Plan of Reorganization ("Plan"), filed on August 28, 2012, has been transmitted to the creditors and equity security holders. A confirmation hearing was held on October 15, 2012, and hearing for ruling of confirmation of plan was held December 5, 2012. The court holds as follows:

The Debtors' Fourth Amended Chapter 11 Plan ("Plan") dated August 28, 2012 was transmitted to all creditors, equity security holders and such other parties in interest requesting notice.

The Plan complies with the applicable provisions of Section 1129(a) and/or 1129(b) of the Bankruptcy Code.

Any written objections to confirmation of the Debtors' Plan that have been filed with the Court have been resolved by the provisions of the Debtors' Fourth Amended Plan and this Order.

The provisions of Chapter 11 of the Code have been complied with in every respect and the Plan has been proposed in good faith and not by any means forbidden by law.

Each class of holders of claims or interests has accepted the Debtors' Plan or will receive or retain property which, as of the effective date of the Plan, has a value that is not less than the amount such holder would receive or retain if the Debtors' estate were liquidated under Chapter 7 of the Code on such date.

All payments made or promised to be made by the Debtors, or by any person, for services or costs and expenses in or in connection with the plan and incident to this case have been fully disclosed to the Court and are reasonable; or, if to be fixed after confirmation of the Debtors' Plan, will be subject to Court approval. Debtor can pay professional fees to the extent an order has been entered authorizing the payment.

Confirmation of the Debtors' Plan is not likely to lead to liquidation or the need for further

Exhibit C
1 of 4

financial reorganization of the Debtors' estate other than what is set forth in the plan.

Except as otherwise provided for in the Plan or in the order of Confirmation,

**COMPLETION OF THE DEBTORS' PLAN OF REORGANIZATION** acts as a discharge effective as of

the effective date of the Plan, of (I) any and all claims arising or occurring prior to the effective date, and

(ii) any and all claims of the kind specified in §502(g), 502(h), or 502(I) of the Code.  Such discharge will

be effective under §1141 of the Code whether or not a Proof of Claim is filed or deemed filed, such claim

is allowed, or the holder of such claim has accepted the Plan.

NOW, THEREFORE IT IS HEREBY ORDERED ADJUDGED AND DECREED AS FOLLOWS:

Debtors' Fourth Amended Plan of Reorganization is CONFIRMED.

All property of the estate shall be vested in the Debtors free and clear of any and all claims or interest of

Creditors, except as is provided in Debtors' Fourth Amended Plan of Reorganization.

// end of text //

DATED:  December 18, 2012



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

Order submitted by Matthew K. Shriver, attorney for the Debtors

APPROVED AS TO FORM:

_____/s/_____
Stephen Clifton Dreher
Debtor

_____/s/_____
Melinda Lee Dreher
Debtor

_____/s/_____
Matthew K. Shriver
Attorney for Debtors

Exhibit C
2 of 4

_____/s/_____
Gary Dyer
U.S. Trustee's Office

Exhibit C
3 of 4

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0976–2 | User: arutter | Date Created: 12/18/2012 |
| Case: 10–21037–TLM | Form ID: pdf025 | Total: 2 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Stephen Clifton Dreher          PO Box 400          Worley, ID 83876
jdb         Melinda Lee Dreher              PO Box 400          Worley, ID 83876

                                                                            TOTAL: 2

Exhibit C
4 of 4

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Stephen Clifton Dreher** | Social Security number or ITIN **xxx–xx–5442** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 | **Melinda Lee Dreher** | Social Security number or ITIN **xxx–xx–1343** |
| (Spouse, if filing) | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court **District of Idaho**

Case number: **10–21037–TLM**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1141(d)(5) is granted to:

Stephen Clifton Dreher
aka Steve Dreher

Melinda Lee Dreher

<u>2/27/18</u>

**By the court:** <u>Terry L Myers</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in an Individual Chapter 11 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 11 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

**For more information, see page 2 >**

---

Exhibit D
1 of 4

Case 2:18-cv-07827-MWF-FFM Document 33-1 Filed 03/29/19 Page 30 of 43 Page ID #:221
Case 2:10-bk-03827-MWF Doc 261 Filed 02/27/18 Entered 02/27/18 10:45:23 Desc Ch 11

Individual Discharge    Page 2 of 2

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of an individual chapter 11 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Exhibit D
2 of 4

### Notice Recipients

| | | |
|---|---|---|
| District/Off: 0976–2 | User: arutter | Date Created: 2/27/2018 |
| Case: 10–21037–TLM | Form ID: 3180RI | Total: 108 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | |
|---|---|
| cr | Wells Fargo Auto Finance |
| acc | Bernard Turk |
| cr | Bank of New York Mellon |

TOTAL: 3

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| tr | US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| aty | David E Eash | davide@feltmanewing.com |
| aty | David Wayne Newman | ustp.region18.bs.ecf@usdoj.gov |
| aty | Forrest R Goodrum | fgoodrum@mgslegal.com |
| aty | Gary W Dyer | gary.w.dyer@usdoj.gov |
| aty | James K Miersma | jbarrett@mccarthyholthus.com |
| aty | Kelly Greene McConnell | litigation@givenspursley.com |
| aty | Kevin C Braley | kbraley@hollandhart.com |
| aty | Kirk Sterling Cheney | kscheney@hollandhart.com |
| aty | Lisa McMahon–Myhran | lmcmahon@robinsontait.com |
| aty | Patrick John Geile | pgeile@foleyfreeman.com |
| aty | Robin M. Long | Robin@kam13trustee.com |
| aty | Timothy S Callender | tcallender@ameriben.com |

TOTAL: 13

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| db | Stephen Clifton Dreher | PO Box 400 | Worley, ID 83876 | |
| jdb | Melinda Lee Dreher | PO Box 400 | Worley, ID 83876 | |
| aty | David Eash | Ewing Anderson | 2101 Lakewood Dr #236 | Coeur d Alene, ID 83814 |
| cr | Recovery Management Systems Corporation for Capital Recovery | 25 SE 2nd Avenue, Suite 1120 | Miami, FL 33131 | |
| cr | The Bank of New York Mellon | Routh Crabtree Olsen, PS | Mark Moburg | 13555 SE 36th St Suite 300 Bellevue, WA 98006 |
| app | Peak Appraisal Service, LLC | 1018 S Tanglewood Rd | Post Falls, ID | |
| cr | Deutsche Bank National Trust Company | Routh Crabtree Olsen, P.S. | c/o Lance E. Olsen | 13555 SE 36th St. Suite 300 Bellevue, WA 98006 |
| app | Gregory Wasik | Los Angeles Valuation Group | 1154 N Sycamore Ave Suite 11 | Los Angeles, CA 90038 |
| cr | Quantum3 Group LLC as agent for | Galaxy Portfolios LLC | PO Box 788 | Kirkland, WA 98083–0788 |
| cr | Select Portfolio Servicing, Inc. | 3815 South West Temple | Salt Lake City, UT 84115 | |
| cr | Ocwen Loan Servicing, LLC | c/o Robinson Tait, P.S. | 710 Second Avenue, Suite 710 | Seattle, WA 98104 |
| cr | Real Time Resolutions, Inc. | 1349 Empire Central Drive, Suite #150 | PO Box 36655 | Dallas, TX 75247–4029 |
| cr | Bank of America, N.A. | c/o Givens Pursley LLP | 601 W Bannock St | PO Box 2720 Boise, ID 83701 |
| aty | Daniel L Rottinghaus | Berding & Weil, LLP | 3240 Stone Valley Rd | Alamo, CA |
| aty | Iain A Macdonald | Macdonald & Associates | 221 Sansome Street | Third Floor San Francico, CA 94104 |
| aty | Paul W Windust | Berding & Weil, LLP | 3240 Stone Valley Rd | Alamo, CA |
| ust | Carey A Tompkins | US Trustee | 920 West Riverside Ave, Suite 593 | Spokane, WA 99201 |
| ust | jfiles1 Office of the U.S. Trustee | Office of the U.S. Trustee | 405 E. 8th Avenue Suite 1100 | Eugene, OR 97401 |
| ust | US Trustee | Washington Group Central Plaza | 720 Park Blvd, Ste 220 | Boise, ID 83712 |
| 3631436 | ADT Security Systems, Inc | PO Box 371490 | Pittsburgh, PA 15250 | |
| 3631437 | AFNI, Inc | PO Box 3517 | Bloomington, IL 61702–3517 | |
| 3631435 | Acs/st Ed Ln Mkg Corp | 501 Bleecker St | Utica, NY 13501 | |
| 3631438 | Allied Collection Svcs | 7120 Hayvenhurst Ave Ste | Van Nuys, CA 91406 | |
| 3715515 | American Express Centurion Bank | c o Becket and Lee LLP | POB 3001 | Malvern, PA 19355–0701 |
| 3631439 | Amex | c/o Beckett Lee | PO Box 3001 | Malvern, PA 19355 |
| 3631440 | Bac Home Loans Servici | 450 American St | Simi Valley, CA 93065 | |
| 3631443 | Bank of America | PO Box 15726 | Wilmington, DE 19886 | |
| 3631441 | Bank of America | PO Box 787 | Post Falls, ID 83877–0787 | |
| 3631442 | Bank of America | c/o Bronson Cawley Bergman | 415 Lawrence Bell Drive | Williamsville, NY 14221 |
| 4430548 | Bank of New York Mellon, f/k/a The Bank | Serviced by Select Portfolio Servicing, | 3815 South West Temple Salt Lake City, UT 84115 | |
| 3631444 | Bishop, White Marshall, P. | Attorneys at Law | 720 Olive Way Ste 1301 | Seattle, WA 98101–1801 |
| 3631445 | Cdi Affiliated Service | PO Box 4068 | Boise, ID 83711 | |

Exhibit D
3 of 4

| | | | |
|---|---|---|---|
| 3631446 | Creditors Financial Group | PO Box 440290 | Aurora, CO 80044 |
| 3940971 | Deutsche Bank National Trust Company | 13555 SE 36th St., Suite 300 | Bellevue, WA 98006 |
| 4028773 | Deutsche Bank National Trust Company | 13555 SE 36th St.,Suite 300, | Bellevue, WA 98006. |
| 3652357 | Deutsche Bank National Trust Company | c/o McCarthy & Holthus, LLP | 19735 10th Ave NE, Suite N200    Poulsbo, WA 98370 |
| 3639862 | Discover Bank | Dfs Services LLC | PO Box 3025 | New Albany, OH 43054–3025 |
| 3631448 | Discover Card | PO Box 3008 | New Albany, OH 43054 |
| 3631449 | Discover Card | PO Box 3395 | Salt Lake City, UT 84130 |
| 3631447 | Discover Card | PO Box 6103 | Carol Stream, IL 60197 |
| 3631450 | Discover Fin | Attention: Bankruptcy Department | PO Box 3025 | New Albany, OH 43054 |
| 3631451 | Doolittle Law | PO Box 9385 | Boise, ID 83707 |
| 3631454 | ER Solutions Inc | PO Box 9004 | Renton, WA 98057 |
| 3631452 | Enhanced Recovery Corp | 8014 Bayberry Rd | Jacksonville, FL 32256–7412 |
| 3631453 | Equinox Financial Management | PO Box 455 | Park Ridge, IL 60068 |
| 3685959 | Green Tree Servicing LLC | 7360 S. Kyrene Rd | Recovery Dept T120 | Tempe, AZ 85283 |
| 3631455 | Hughes Network | c/o NCO Financial Services | PO Box 15243 | Wilmington, DE 19850 |
| 3631456 | IC Systems, Inc | PO Box 64380 | Saint Paul, MN 55164 |
| 3631460 | IndyMac Mortgage Services | PO Box 4045 | Kalamazoo, MI 49003 |
| 3631457 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631458 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631459 | Indymac Federal Bank | Home Loan Servicing | 6900 Beatrice Drive | Kalamazoo, MI 49009 |
| 3631461 | Kootenai County Treasurer | PO Box 6700 | Coeur D Alene, ID 83816 |
| 3631462 | Mortgage Electronic Reg Sys | c/o ReContrust Company | 1800 Tapo Canyon Rd. | Simi Valley, CA 93063 |
| 3633776 | NORDSTROM fsb | POB 6566 | ENGLEWOOD CO 80155 |
| 3631463 | National City | PO Box 5570 | Cleveland, OH 44101 |
| 3631465 | National City | 116 Allegheny Center Mall | Pittsburgh, PA 15212 |
| 3631464 | National City | Retail Direct Inbound | 400 W. Crosstown Pkwy | Kalamazoo, MI 49001 |
| 3631466 | National Enterprise Systems | 29125 Solon road | Solon, OH 44139–3442 |
| 3631467 | Nordstrom Bank | PO Box 6587 | Englewood, OH 80155 |
| 3631468 | Nordstrom Bank | PO Box 79137 | Phoenix, AZ 85062 |
| 3631469 | Nordstrom FSB | Attention: Bankruptcy Department | Po Box 6566 | Englewood, CO 80155 |
| 4431768 | Ocwen Loan Servicing, LLC | Attn: Bankruptcy Department | P.O. Box 24605 | West Palm Beach, FL 33416–4605 |
| 3631470 | One West Bank Group, LLC | c/o Faslo Solutions, LLC | PO Box 202166 | Dallas, TX 75320 |
| 3944805 | OneWest Bank, FSB | P.O. Box 829009 | Dallas, TX 75382 |
| 3631472 | PNC Bank | PO Box 5570 | Brecksville, OH 44101 |
| 3631471 | Penn Credit Corporation | PO Box 988 | Harrisburg, PA 17108 |
| 3965593 | Quantum3 Group LLC as agent for | Galaxy Portfolios LLC | PO Box 788 | Kirkland, WA 98083–0788 |
| 3631475 | RGS Financial | PO Box 852039 | Richardson, TX 75085 |
| 4432730 | Real Time Resolutions, Inc. | 1349 Empire Central Drive, Suite #150 | PO Box 36655 | Dallas, Texas 75247–4029 |
| 3631473 | Recontrust Company | 2380 Performance Drive | CA6–914–01–94 | Richardson, TX 75082 |
| 3661651 | Recovery Management Systems Corporation | 25 S.E. 2nd Avenue, Suite 1120 | Miami, FL 33131–1605 |
| 3631474 | Regional Trustee Services Co | 616 First Ave #500 | Seattle, WA 98104 |
| 3631476 | Sheryl Johnson | c/o Merchant Realty | PO Box 3842 | Cerritos, CA 90703–3842 |
| 3727566 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6–919–01–23 | Simi Valley, CA 93065 |
| 3738460 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6–919–01–23 | Simi Valley, CA 93065 |
| 3631477 | Tate Kirlin Associates | 2810 Southampton Road | Philadelphia, PA 19154 |
| 3631478 | The CBE Group, Inc | PO Box 2594 | Waterloo, IA 50704 |
| 3631479 | Union Bank Trust | Po Box 82535 | Lincoln, NE 68501 |
| 3631480 | Usa Servicing Company | Attn: Bankruptcy Unit | Po Box 9400 | Wilkes Barre, PA 18773 |
| 3650130 | Valley Empire Collection | 11707 E Montgomery | Spokane WA 99206 |
| 3631481 | Verizon | c/c AFNI Inc | 1310 Martin Luther King Drive | Bloomington, IL 61702 |
| 3631482 | Verizon Communications–RPC | 11313 N Sepulveda | Mission Hills, CA 91345 |
| 3631483 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 |
| 3631484 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 |
| 3707341 | Verizon Wireless | PO BOX 3397 | Bloomington, IL 61702 |
| 3631485 | Verizon Wireless | PO Box 9622 | Mission Hills, CA 91346 |
| 3631486 | Vly Emp Coll | 11707 E Montgomery | Spokane, WA 99206 |
| 3647621 | Wells Fargo Auto Finance | 13675 Technology Dr. Bldg C, 2nd Floor | Eden Prairie, MN 55344 |
| 3631487 | West Asset Purchasing | 101 Convention Center St | Las Vegas, NV 89109 |
| 3707343 | West Asset Purchasing, LLC | c/o B–Line, LLC | MS 550 | PO Box 91121 | Seattle, WA 98111–9221 |
| 3631488 | Wffinancial | Po Box 7648 | Boise, ID 83707 |

TOTAL: 92

Exhibit D
4 of 4

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

In re:

**STEPHEN CLIFTON DREHER and
MELINDA LEE DREHER,**

Debtors.

Case No. 10-21037-TLM

Chapter 11

## ORDER CLOSING CASE

COMING BEFORE THIS COURT on the Stipulated Motion to Close Case, with appropriate notice given, and good cause appearing, the Debtor's Motion is hereby GRANTED.

// end of text //

DATED:  March 1, 2018



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

Submitted by Patrick J. Geile, Attorney for Debtors
APPROVED AS TO FORM:

/s/ _____
Brett Cahoon
Chapter 11 Trustee

Exhibit E
1 of 3

Case 2:18-cv-07827-MWF-FFM Document 33-5 Filed 03/29/19 Page 34 of 43 Page ID #:225
Case 10-21037-TLM Doc 264 Filed 03/01/18 Entered 03/01/18 12:39:49 Desc
Order to Close Case PDF: Notice Recipients    Page 1 of 2
# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0976–2 | User: arutter | Date Created: 3/1/2018 |
| Case: 10–21037–TLM | Form ID: pdf077 | Total: 108 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | |
|---|---|
| cr | Wells Fargo Auto Finance |
| acc | Bernard Turk |
| cr | Bank of New York Mellon |

TOTAL: 3

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| tr | US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| aty | David E Eash | davide@feltmanewing.com |
| aty | David Wayne Newman | ustp.region18.bs.ecf@usdoj.gov |
| aty | Forrest R Goodrum | fgoodrum@mgslegal.com |
| aty | Gary W Dyer | gary.w.dyer@usdoj.gov |
| aty | James K Miersma | jbarrett@mccarthyholthus.com |
| aty | Kelly Greene McConnell | litigation@givenspursley.com |
| aty | Kevin C Braley | kbraley@hollandhart.com |
| aty | Kirk Sterling Cheney | kscheney@hollandhart.com |
| aty | Lisa McMahon–Myhran | lmcmahon@robinsontait.com |
| aty | Patrick John Geile | pgeile@foleyfreeman.com |
| aty | Robin M. Long | Robin@kam13trustee.com |
| aty | Timothy S Callender | tcallender@ameriben.com |

TOTAL: 13

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | |
|---|---|
| db | Stephen Clifton Dreher        PO Box 400        Worley, ID 83876 |
| jdb | Melinda Lee Dreher        PO Box 400        Worley, ID 83876 |
| aty | David Eash        Ewing Anderson        2101 Lakewood Dr #236        Coeur d Alene, ID 83814 |
| cr | Recovery Management Systems Corporation for Capital Recovery        25 SE 2nd Avenue, Suite 1120        Miami, FL 33131 |
| cr | The Bank of New York Mellon        Routh Crabtree Olsen, PS        Mark Moburg        13555 SE 36th St        Suite 300        Bellevue, WA 98006 |
| app | Peak Appraisal Service, LLC        1018 S Tanglewood Rd        Post Falls, ID |
| cr | Deutsche Bank National Trust Company        Routh Crabtree Olsen, P.S.        c/o Lance E. Olsen        13555 SE 36th St.        Suite 300        Bellevue, WA 98006 |
| app | Gregory Wasik        Los Angeles Valuation Group        1154 N Sycamore Ave        Suite 11        Los Angeles, CA 90038 |
| cr | Quantum3 Group LLC as agent for        Galaxy Portfolios LLC        PO Box 788        Kirkland, WA 98083–0788 |
| cr | Select Portfolio Servicing, Inc.        3815 South West Temple        Salt Lake City, UT 84115 |
| cr | Ocwen Loan Servicing, LLC        c/o Robinson Tait, P.S.        710 Second Avenue, Suite 710        Seattle, WA 98104 |
| cr | Real Time Resolutions, Inc.        1349 Empire Central Drive, Suite #150        PO Box 36655        Dallas, TX 75247–4029 |
| cr | Bank of America, N.A.        c/o Givens Pursley LLP        601 W Bannock St        PO Box 2720        Boise, ID 83701 |
| aty | Daniel L Rottinghaus        Berding & Weil, LLP        3240 Stone Valley Rd        Alamo, CA |
| aty | Iain A Macdonald        Macdonald & Associates        221 Sansome Street        Third Floor        San Francico, CA 94104 |
| aty | Paul W Windust        Berding & Weil, LLP        3240 Stone Valley Rd        Alamo, CA |
| ust | US Trustee        Washington Group Central Plaza        720 Park Blvd, Ste 220        Boise, ID 83712 |
| ust | Carey A Tompkins        US Trustee        920 West Riverside Ave, Suite 593        Spokane, WA 99201 |
| ust | jfiles1 Office of the U.S. Trustee        Office of the U.S. Trustee        405 E. 8th Avenue        Suite 1100        Eugene, OR 97401 |
| 3631436 | ADT Security Systems, Inc        PO Box 371490        Pittsburgh, PA 15250 |
| 3631437 | AFNI, Inc        PO Box 3517        Bloomington, IL 61702–3517 |
| 3631435 | Acs/st Ed Ln Mkg Corp        501 Bleecker St        Utica, NY 13501 |
| 3631438 | Allied Collection Svcs        7120 Hayvenhurst Ave Ste        Van Nuys, CA 91406 |
| 3715515 | American Express Centurion Bank        c o Becket and Lee LLP        POB 3001        Malvern, PA 19355–0701 |
| 3631439 | Amex        c/o Beckett Lee        PO Box 3001        Malvern, PA 19355 |
| 3631440 | Bac Home Loans Servici        450 American St        Simi Valley, CA 93065 |
| 3631443 | Bank of America        PO Box 15726        Wilmington, DE 19886 |
| 3631441 | Bank of America        PO Box 787        Post Falls, ID 83877–0787 |
| 3631442 | Bank of America        c/o Bronson Cawley Bergman        415 Lawrence Bell Drive        Williamsville, NY 14221 |
| 4430548 | Bank of New York Mellon, f/k/a The Bank        Serviced by Select Portfolio Servicing,        3815 South West Temple        Salt Lake City, UT 84115 |
| 3631444 | Bishop, White Marshall, P.        Attorneys at Law        720 Olive Way Ste 1301        Seattle, WA 98101–1801 |
| 3631445 | Cdi Affiliated Service        PO Box 4068        Boise, ID 83711 |

Exhibit E
2 of 3

Case 2:18-cv-07827-MWF-FFM Document 63 Filed 03/29/19 Page 35 of 43 Page ID #:226
Case 9:10-v-21087-TLM Doc 264 Filed 03/01/18 Entered 03/01/18 12:39:49 Desc
Order to Close Case PDF: Notice Recipients    Page 2 of 2

| | | | |
|---|---|---|---|
| 3631446 | Creditors Financial Group | PO Box 440290 | Aurora, CO 80044 |
| 3940971 | Deutsche Bank National Trust Company | 13555 SE 36th St., Suite 300 | Bellevue, WA 98006 |
| 4028773 | Deutsche Bank National Trust Company | 13555 SE 36th St.,Suite 300, | Bellevue, WA 98006. |
| 3652357 | Deutsche Bank National Trust Company | c/o McCarthy & Holthus, LLP | 19735 10th Ave NE, Suite N200    Poulsbo, WA 98370 |
| 3639862 | Discover Bank | Dfs Services LLC | PO Box 3025 | New Albany, OH 43054–3025 |
| 3631448 | Discover Card | PO Box 3008 | New Albany, OH 43054 |
| 3631449 | Discover Card | PO Box 3395 | Salt Lake City, UT 84130 |
| 3631447 | Discover Card | PO Box 6103 | Carol Stream, IL 60197 |
| 3631450 | Discover Fin | Attention: Bankruptcy Department | Po Box 3025 | New Albany, OH 43054 |
| 3631451 | Doolittle Law | PO Box 9385 | Boise, ID 83707 |
| 3631454 | ER Solutions Inc | PO Box 9004 | Renton, WA 98057 |
| 3631452 | Enhanced Recovery Corp | 8014 Bayberry Rd | Jacksonville, FL 32256–7412 |
| 3631453 | Equinox Financial Management | PO Box 455 | Park Ridge, IL 60068 |
| 3685959 | Green Tree Servicing LLC | 7360 S. Kyrene Rd | Recovery Dept T120 | Tempe, AZ 85283 |
| 3631455 | Hughes Network | c/o NCO Financial Services | PO Box 15243 | Wilmington, DE 19850 |
| 3631456 | IC Systems, Inc | PO Box 64380 | Saint Paul, MN 55164 |
| 3631460 | IndyMac Mortgage Services | PO Box 4045 | Kalamazoo, MI 49003 |
| 3631457 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631458 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631459 | Indymac Federal Bank | Home Loan Servicing | 6900 Beatrice Drive | Kalamazoo, MI 49009 |
| 3631461 | Kootenai County Treasurer | PO Box 6700 | Coeur D Alene, ID 83816 |
| 3631462 | Mortgage Electronic Reg Sys | c/o ReContrust Company | 1800 Tapo Canyon Rd. | Simi Valley, CA 93063 |
| 3633776 | NORDSTROM fsb | POB 6566 | ENGLEWOOD CO 80155 |
| 3631463 | National City | PO Box 5570 | Cleveland, OH 44101 |
| 3631465 | National City | 116 Allegheny Center Mall | Pittsburgh, PA 15212 |
| 3631464 | National City | Retail Direct Inbound | 400 W. Crosstown Pkwy | Kalamazoo, MI 49001 |
| 3631466 | National Enterprise Systems | 29125 Solon road | Solon, OH 44139–3442 |
| 3631467 | Nordstrom Bank | PO Box 6587 | Englewood, CO 80155 |
| 3631468 | Nordstrom Bank | PO Box 79137 | Phoenix, AZ 85062 |
| 3631469 | Nordstrom FSB | Attention: Bankruptcy Department | Po Box 6566 | Englewood, CO 80155 |
| 4431768 | Ocwen Loan Servicing, LLC | Attn: Bankruptcy Department | P.O. Box 24605 | West Palm Beach, FL 33416–4605 |
| 3631470 | One West Bank Group, LLC | c/o Faslo Solutions, LLC | PO Box 202166 | Dallas, TX 75320 |
| 3944805 | OneWest Bank, FSB | P.O. Box 829009 | Dallas, TX 75382 |
| 3631472 | PNC Bank | PO Box 5570 | Brecksville, OH 44101 |
| 3631471 | Penn Credit Corporation | PO Box 988 | Harrisburg, PA 17108 |
| 3965593 | Quantum3 Group LLC as agent for | Galaxy Portfolios LLC | PO Box 788 | Kirkland, WA 98083–0788 |
| 3631475 | RGS Financial | PO Box 852039 | Richardson, TX 75085 |
| 4432730 | Real Time Resolutions, Inc. | 1349 Empire Central Drive, Suite #150 | PO Box 36655 | Dallas, Texas 75247–4029 |
| 3631473 | Recontrust Company | 2380 Performance Drive | CA6–914–01–94 | Richardson, TX 75082 |
| 3661651 | Recovery Management Systems Corporation | 25 S.E. 2nd Avenue, Suite 1120 | Miami, FL 33131–1605 |
| 3631474 | Regional Trustee Services Co | 616 First Ave #500 | Seattle, WA 98104 |
| 3631476 | Sheryl Johnson | c/o Merchant Realty | PO Box 3842 | Cerritos, CA 90703–3842 |
| 3727566 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6–919–01–23 | Simi Valley, CA 93065 |
| 3738460 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6–919–01–23 | Simi Valley, CA 93065 |
| 3631477 | Tate Kirlin Associates | 2810 Southampton Road | Philadelphia, PA 19154 |
| 3631478 | The CBE Group, Inc | PO Box 2594 | Waterloo, IA 50704 |
| 3631479 | Union Bank Trust | Po Box 82535 | Lincoln, NE 68501 |
| 3631480 | Usa Servicing Company | Attn: Bankruptcy Unit | Po Box 9400 | Wilkes Barre, PA 18773 |
| 3650130 | Valley Empire Collection | 11707 E Montgomery | Spokane WA 99206 |
| 3631481 | Verizon | c/c AFNI Inc | 1310 Martin Luther King Drive | Bloomington, IL 61702 |
| 3631482 | Verizon Communications–RPC | 11313 N Sepulveda | Mission Hills, CA 91345 |
| 3631483 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 |
| 3631484 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 |
| 3707341 | Verizon Wireless | PO BOX 3397 | Bloomington, IL 61702 |
| 3631485 | Verizon Wireless | PO Box 9622 | Mission Hills, CA 91346 |
| 3631486 | Vly Emp Coll | 11707 E Montgomery | Spokane, WA 99206 |
| 3647621 | Wells Fargo Auto Finance | 13675 Technology Dr. Bldg C, 2nd Floor | Eden Prairie, MN 55344 |
| 3631487 | West Asset Purchasing | 101 Convention Center St | Las Vegas, NV 89109 |
| 3707343 | West Asset Purchasing, LLC | c/o B–Line, LLC | MS 550 | PO Box 91121 | Seattle, WA 98111–9221 |
| 3631488 | Wffinancial | Po Box 7648 | Boise, ID 83707 |

TOTAL: 92

Exhibit E
3 of 3

# EXHIBIT B

**This page is part of your document - DO NOT DISCARD**

# 20170333743





**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/24/17 AT 10:44AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**



**201703242850008**

**00013510211**



**008223281**

**SEQ:**
**01**

.

**DAR - Mail (Intake)**



**THIS FORM IS NOT TO BE DUPLICATED**



E492350

Recording Requested By:
Dreambuilder Investments, LLC
Prepared By:  PNC Bank N.A.

When Recorded Return To:
Dreambuilder Investments, LLC/Leah
Whitworth
PO Box 458
Kimberling City, MO 65686
Ref#: 0000570000005761 / DBI-296712

CaseNbr:    11133576
Ref Number:    4586109653
Property Address:
546 N HIGHLAND AVE
LOS ANGELES, CA 90036
CA0-ADT                8/12/2010

Document Number:13510211

Batch Number:8223281

This space for Recorder's use

NCC ID# 3858  DBI ID# 117541

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **6750 Miller Road, Brecksville OH 44141** does hereby grant, sell, assign, transfer and convey unto Dreambuilder Investments, LLC   whose address is 30 Wall Street, 6th Floor, New York, NY 10005 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | **NATIONAL CITY BANK** |
| Original Borrower(s): | **STEPHEN C DREHER AND MELINDA DREHER, HUSBAND AND WIFE AS JOINT TENANTS** |
| Original Trustee: | **National City Bank** |
| Date of Deed of Trust: | 4/17/2007 |
| Original Loan Amount: | **$350,000.00** |

Recorded in Los Angeles County, CA on: 4/25/2007, book N/A, page N/A and instrument number 20070996104

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on **8/12/2010**

**PNC BANK, N.A. SUCCESSOR BY MERGER TO
NATIONAL CITY BANK**

By:_____
Ronald E. Rooney, President

State of SC, County of **Lexington**

The foregoing instrument was acknowledged before me, a Notary Public, on **8/12/2010** by **Ronald E. Rooney, President of PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK** on behalf of the corporation.

Frances Y King
Notary Public: Frances Y King
My Commission Expires: 5/26/2020

**FRANCES Y KING**
Notary Public
State of South Carolina
My Commission Expires 05/26/2020

# EXHIBIT C

Daniel L. Rottinghaus, California Bar No. 131949
Scott M. Mackey, California Bar No. 222217
Seema N. Kadaba, California Bar No. 304952
**BERDING & WEIL LLP**
2175 N. California Blvd, Suite 500
Walnut Creek, California 94596
Telephone:     925/838-2090
Facsimile:     925/820-5592
drottinghaus@berdingweil.com
smackey@berdingweil.com
skadaba@berdingweil.com

Attorneys for Plaintiffs
STEPHEN AND MELINDA DREHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN AND MELINDA DREHER, | Case No. 2:18-cv-07827 |
| Plaintiffs, | Assigned to Honorable Michael W. Fitzgerald |
| vs. | **[PROPOSED] ORDER** |
| THE PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania Corporation, successor by merger to/with NATIONAL CITY BANK; DREAMBUILDER INVESTMENTS, LLC, A New York Limited Liability Company; and DOES 1-50, | **Time:  April 1, 2019**<br>**Date:   11:00 a.m.**<br>**Location:  Courtroom 5A** |
| Defendant.                                    / | Complaint Filed:  September 7, 2018 |

Plaintiffs STEPHEN and MELINDA DREHER'S ("Plaintiffs") request to expunge the lien recorded by Defendant DREAMBUILDER INVESTMENTS LLC ("DREAMBUILDER"), through an Assignment of Deed of Trust, recorded on March 24, 2017 at 10:44 a.m., by DREAMBUILDER in the Official Records Recorder's Office, Los Angeles County, California, Document Number 13510211, Batch Number 8223281, 20170333743, on Plaintiffs' real property, located at 546 North Highland Avenue, Los Angeles, California, 90036, was considered by this Court.

/ / /

-1-

[PROPOSED] ORDER

1    Having good cause shown by the moving papers of Plaintiffs and the oral testimony

2   provided, the Court orders as follows:

3    IT IS HEREBY ORDERED that the lien recorded by DREAMBUILDER is hereby

4   expunged.

5   IT IS SO ORDERED.

6

7   DATED:

8   _____

9   HONORABLE MICHAEL W. FITZGERALD

10

11

12

13   X:\Wdocs\6799\94\PLD\00982546.DOCX

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

[PROPOSED] ORDER

**PROOF OF SERVICE**

**Case Name:**   *Stephen and Melinda Dreher v. The PNC Financial Services Group, Inc., et al.*
**Case No:**   U.S. States District Court – Central District California: 2:18-cv-07827-MWF-FFM

I am employed in the County of Contra Costa, State of California.  My business address is 2175 N. California Blvd., Suite 500, Walnut Creek, California 94596. I am over the age of eighteen years, and not a party to the within action.

On March 29, 2019, I served the within:

**DECLARATION OF SEEMA N. KADABA IN RESPONSE TO
ORDER TO SHOW CAUSE RE: DEFAULT JUDGMENT**

on the party[ies] listed below, addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

☒   **By First Class Mail/Ordinary Business Practices [C.C.P. §§ 1013, 1013a].**  By causing a true copy thereof to be enclosed in a sealed envelope or package, addressed to the party[ies] as stated on the attached service list.  I am readily familiar with the firm's business practice for collection and processing of envelopes and packages for mailing with the United States Postal Service.  Under the firm's practice, mail is deposited in the ordinary course of business with the United States Postal Service at Walnut Creek, California, that same day, with postage thereon fully prepaid.  I am aware that upon motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after the date of deposit for mailing.

☐   **By Overnight Delivery [C.C.P. § 1013, 1013a].**  By causing a true copy thereof to be enclosed in a sealed envelope or package designated by the express service carrier, with all delivery fees paid or provided for, addressed to the party[ies] as stated on the attached service list.  I am readily familiar with the firm's business practice for collection and processing of overnight deliveries for deposit in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents.  Under the firm's practice, overnight deliveries are deposited in the ordinary course of business with the express service carrier at Walnut Creek, California, that same day.

☐   **By Personal Service [C.C.P. § 1011].**  By causing a true copy thereof to be hand-delivered in a sealed envelope or package addressed to the party[ies] as stated on the attached service list.

☒   **By Electronic Service.**  The above document was served electronically on the parties appearing on the attached service list associated with this case. A copy of the electronic mail transmission[s] will be maintained with the proof of service document.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed March 29, 2019, at Walnut Creek, California.

By:   _____
Michele Poloka

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1

1

## SERVICE LIST

2
| **Case Name:** | *Stephen and Melinda Dreher v. The PNC Financial Services Group, Inc., et al.* |
| **Case No:** | U.S. States District Court – Central District California: 2:18-cv-07827-MWF-FFM |

3

4   Peter J. Van Zandt, Esq.
    LeCLAIR RYAN, LLP

5   44 Montgomery Street, Suite 3100
    San Francisco, CA 94104

6   Telephone: (415) 391-7111
    Facsimile: (415) 391-8766

7   peter.vanzandt@leclairryan.com

8   Attorneys for Defendant
    PNC BANK, N.A. sued erroneously as THE

9   PNC FINANCIAL SERVICES GROUP, INC.
    a Pennsylvania Corporation, successor by

10  merger to NATIONAL CITY BANK

11  X:\Wdocs\6799\94\PLDPOS\00980042.DOCX

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1