UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN AND MELINDA DREHER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to/with NATIONAL CITY BANK; DREAMBUILDER INVESTMENTS, LLC, A New York Limited Liability Company; and DOES 1-50,<br><br>Defendants. | **Case No.: 2:18-cv-07827-MWF (FFMx)**<br><br>**PROTECTIVE ORDER PURSUANT TO STIPULATION** |

WHEREAS, the parties to the above captioned action (the "Action") are engaged in discovery proceedings, which may include, among other things, taking depositions and producing documents for inspection and copying.

WHEREAS, discovery in this Action may involve the production of materials containing confidential trade secrets, private and/or proprietary information, business records, financial data, business strategies, product or other information the other parties would not have access to but for this Action, including, without

///

1  limitation, trade secrets or other confidential research, development, or commercial information.

WHEREAS, the parties involved in the Action could be jeopardized if such non-public confidential information were disclosed publicly, and the entry of this Proposed Stipulated Protective Order ("Order" or "Stipulated Protective Order") will promote the fair and expeditious resolution of this litigation.

WHEREAS, the parties agree that good cause exists for entry of this Stipulated Protective Order.

1. Scope of Order. This Order shall govern all discovery materials produced or disclosed by the Parties or a producing non-Party (each, a "Producing Person") in the Action, including but not limited to the following: documents, data and information, initial disclosures, answers to interrogatories, depositions, deposition exhibits, deposition transcripts and video tapes, responses to requests for admission, affidavits, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, or otherwise. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

2. Determination of "Confidential" Material. The "CONFIDENTIAL" designation shall apply to any document or information that the designating party reasonably and in good faith believes constitutes confidential trade secrets, private and/or proprietary information, business records, financial data, business strategies, product or other information the other parties would not have access to but for this Action, including, without limitation, trade secrets or other confidential research, development, or commercial information.

3. Designation of "Confidential" Material. To designate and categorize information contained in discovery material that is produced in written form as "CONFIDENTIAL" Protected Material, the Producing Person shall stamp "Confidential", or similar language, on each page of such discovery material,

including a Bates number on each page. The designation and classification of information as "CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

    4.    Use and Disclosure of "Confidential" Material. Material designated and categorized as "CONFIDENTIAL" pursuant to Paragraph 3 above (the "Protected Material") may only be used for purposes of this Action and may be disclosed only to the following persons, except upon the prior written consent of the Producing Person or as otherwise expressly provided in this Protective Order:

    (a)    Counsel of record for each Party in the Action, as well as attorneys at such law firms of record who are assisting in the conduct of this litigation, such as Plaintiffs' bankruptcy attorneys.

    (b)    Authorized secretarial, clerical, and legal assistant staff of counsel of record for the Parties who are necessary to assist in the conduct of this action.

    (c)    Defendant PNC Bank, National Association.

    (d)    Plaintiffs Stephen and Melinda Dreher

    (e)    Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials, provided that such outside contractors are under an obligation to maintain the documents and information as confidential under this Order.

    (f)    Bona fide consultants, whether testifying or not, and experts, whether testifying or not, and any other person requested by counsel to give testimony, or otherwise to assist in trial preparations in this action, to the extent necessary for the conduct of this action, provided any such consultant or expert is first advised of and agrees to the terms and conditions of this Order and executes the CONFIDENTIALITY UNDERTAKING annexed hereto.

    (g)    Any stenographer and/or videographer who prepare an official record or transcription of depositions or other testimony in this action.

(h) The Court and its staff, any Special Master appointed by the Court and his/her staff, and any mediators and their staff agreed to by the Parties.

(i) The signatory author, addressee or recipient of the information or document designated as "CONFIDENTIAL".

5. Effect of Designation. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing herein shall constitute a waiver of any claim or privilege or other protection from discovery. Nothing herein shall be construed as an admission or recognition that materials so designated are confidential, but only that the parties agree to comply with the terms of this Order.

6. Challenges To Designations. Counsel for any party shall not be obligated to challenge the propriety of any confidential designation. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation. Compliance with the terms of this Order shall not operate as an admission that any particular document or information is or is not confidential.

7. Confidentiality Undertaking. No disclosure of Protected Material shall be made pursuant to Paragraph 4(a)-(g) and (i) unless and until the person to whom the information is to be disclosed agrees to the terms and conditions of this Order by signing a "CONFIDENTIALITY UNDERTAKING" in the form annexed hereto and shall agree to maintain the information in a separate and identifiable file, access to which is appropriately restricted, to the extent such person is permitted under the terms of this Order to retain copies of any Protected Material. Any such undertaking executed pursuant to this Order shall be served by email upon counsel for the other party. Further, with regards to any such undertaking executed pursuant to this Order to allow access to documents under Subparagraph 4(f), opposing counsel shall have five (5) calendar days from service of the undertaking to object in writing, stating with particularity the reasons for the objection. Failure to object in writing within five (5) calendar days from the service of the undertaking shall constitute approval.

If the parties are unable to resolve the objection, a motion may be made to the Court to resolve the matter. Documents designated as "CONFIDENTIAL" under this Order shall not be provided to anyone until the approval period has expired and any objections have been resolved.

8. Objections to Designations. If a Party objects to a designation of information as "CONFIDENTIAL" material under this Order, the objecting Party shall notify the Producing Person in writing of its request to have the designation modified or withdrawn. The notice shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five (5) calendar days of the receipt of such notice, the Producing Person shall respond in writing, either withdrawing the designation, or setting forth in reasonable detail the reasons why the Producing Person believes the information is entitled to the designated status, or modifying the designation and setting forth in reasonable detail the reasons why the Producing Person believes the information is entitled to the modified designation. At that time the objecting Party may apply for a ruling from the Court on the continued status of the information. Any such application must comply with Local Rule 37. Upon any such application to the Court, the burden of making a prima facie showing as to why the designation is proper shall be on the Producing Party. The ultimate burden of showing that the designation is proper shall be on the Producing Party. The status of the information shall be maintained as originally designated until the Court makes a final ruling on the application.

9. Recipient of Protected Material Consent to Jurisdiction. Each individual who receives any "CONFIDENTIAL" material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

10. Due Precautions. The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such information in a secure and safe

area, shall take all necessary and appropriate measures to ensure the continued confidentiality of such material, and shall take all due precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" material.

11. Disclosure and Use by Parties. Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing information designated "CONFIDENTIAL" to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document. During deposition, counsel may disclose documents produced by any Producing Person to current or former employees and officers of such Producing Person. Nothing contained in this Order shall preclude a Producing Party from using its own Protected Material in any manner it sees fit, or from revealing such Protected Material to whomever it chooses, without the prior consent of any other Party or of this Court.

12. Depositions.

(a) Testimony or other material disclosed or to be disclosed at any deposition occurring in this litigation may be designated and categorized by the Producing Person by: (i) indicating on the record at the deposition that the testimony or other material is designated as "CONFIDENTIAL" material under this Order; (ii) notifying defendants' counsel and plaintiffs' counsel: in writing of such designation prior to the deposition; or (iii) by making such a designation in writing to defendants' counsel and plaintiffs' counsel within five (5) calendar days after receipt of the transcript of such deposition. Any such designation must be pursuant to the standards set forth in this Order. The court reporter shall designate and categorize those portions of deposition transcripts which are considered to be Protected Material with an appropriate legend under Paragraph 3 and shall separate portion(s) of transcripts and deposition exhibits that contain Protected Material from those portion(s) of transcripts and deposition exhibits that do not. All copies of deposition transcripts and/or video tapes thereof that contain Protected Material shall be prominently

marked. Deponents shall not retain; or copy portions of the transcript of their depositions that contain Protected Material not provided by them or the entities they represent unless the provisions of Paragraphs 4, 5, 9, and 12, without limitation, are complied with.

(b) In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of Protected Material, counsel for that Party may request that all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Order, shall leave the room during the time in which this information is disclosed or discussed.

13. Use of Protected Material. All Protected Material produced in the Action shall only be used in connection with the preparation, trial and appeal, if any, of this Action. All Protected Material produced shall not be disclosed to any other person or entity or used for any other purpose or use, including, but not limited to, use in business, governmental, media, commercial, or administrative or judicial proceedings, unless otherwise agreed to beforehand in writing by the Parties or if the Court so orders. Any material filed with the Court that includes or discloses Protected Material shall be filed under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. Redactions. This Order does not affect the right of a Producing Person to refuse to disclose information which is non-responsive or properly subject to the attorney-client privilege, the attorney work product doctrine or other privilege. To that end, each Producing Person may produce its documents in redacted form,

1 redacting only information which is non-responsive or is subject to a claim of attorney-client privilege, work product immunity, or other privilege provided that the Producing Person also produces a privilege log setting forth the basis for any privileges asserted. The Producing Person producing a document in redacted form shall make the notation "REDACTED" (or comparable notice) on the redacted document. The receiving Party shall not have the right to custody of the original un-redacted documents or a copy thereof. In the event of a disagreement, the receiving Party shall identify those redacted areas of the documents which should not be redacted and shall state why such areas should not be redacted. In the event the Producing Person continues to refuse to produce the document(s) in unredacted form, counsel of the receiving Party may seek a determination by the Court that such documents or portions thereof should be produced in unredacted form. Any application for such a determination must comply with Local Rule 37.

15. **No Waiver.** If documents or information subject to a claim of attorney-client privilege, work product, or other immunity from disclosure are produced, such production shall in no way prejudice or otherwise constitute a waiver of, or an estoppel as to, any claim of privilege, work product, or other immunity for such documents or information.

16. **Receipt of Subpoena.** If a Party in possession of Protected Material obtained from a Producing Person receives a subpoena or other form of compulsory process seeking production or other disclosure of such information, that party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

///

2481568.1                                8
**PROTECTIVE ORDER**

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

17. Immediate Effect. The parties agree to be bound by the terms and conditions of this Order immediately upon the execution of this Stipulated Protective Order by its respective counsel.

18. Non-Termination. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

2481568.1                                  9
**PROTECTIVE ORDER**

the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order

19. Modification. Nothing in this Order shall prevent any party, counsel or other person from seeking modifications to this Order or from objecting to discovery that it believes to be otherwise improper.

20. Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of all Protected Material.

**IT IS SO ORDERED.**

Dated this sixth day of Septermber, 2019

/S/ FREDERICK F. MUMM  
FREDERICK F. MUMM  
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT CONCERNING MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER

## ("CONFIDENTIALITY UNDERTAKING")

By signing below, I acknowledge that I have read the Stipulated Protective Order regarding the disclosure of Confidential information in the matter of *Stephen and Melinda Dreher v. The PNC Financial Services Group, Inc., et al.*, Case. No.: 2:18:cv-07827-MWF-FFM, filed in United States District Court, Central District of California, and I hereby agree to abide by the terms of the Stipulated Protective Order.

Dated: _____

By: _____ _____