1   Daniel L. Rottinghaus, California Bar No. 131949
    Scott M. Mackey, California Bar No. 222217
2   Seema N. Kadaba, California Bar No. 304952
    **BERDING & WEIL LLP**
3   2175 N. California Blvd, Suite 500
    Walnut Creek, California 94596
4   Telephone:    925/838-2090
    Facsimile:    925/820-5592
5   drottinghaus@berdingweil.com
    smackey@berdingweil.com
6   skadaba@Berdingweil.com

7   Attorneys for Plaintiffs
    STEPHEN and MELINDA DREHER
8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  STEPHEN and MELINDA DREHER,          No. 2:18-cv-07827

13              Plaintiffs,              Assigned to Honorable Michael W. Fitzgerald

14      vs.                             **DECLARATION OF SEEMA N. KADABA
                                        IN SUPPORT OF PLAINTIFFS' MOTION
15  THE PNC FINANCIAL SERVICES GROUP,   FOR LEAVE TO FILE AN AMENDED
    INC., a Pennsylvania Corporation, successor   COMPLAINT**
16  by merger to/with NATIONAL CITY BANK;
    DREAMBUILDER INVESTMENTS, LLC, a    **Date:   December 16, 2019**
17  New York Limited Liability Company; and   **Time:  10:00 a.m.**
    DOES 1-50,                          **Location: Courtroom 5A**
18
                Defendant.              Complaint Filed: September 7, 2018
19                                      Trial Date: March 2, 2020

20  _____

21

22          I, Seema N. Kadaba, declare as follows:

23          1.      I am an attorney duly licensed to practice before all courts of the State of California

24  and am a member in good standing of the State Bar of California.  I am an attorney at the law firm

25  of Berding & Weil LLP, counsel for Plaintiffs STEPHEN and MELINDA DREHER

26  ("Plaintiffs").  I have personal knowledge of the facts attested to herein and, if called to testify

27  under oath regarding the matters stated, I can and will competently do so.

28  / / /

                                                                                        -1-
    DECLARATION OF SEEMA N. KADABA IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE
    AN AMENDED COMPLAINT

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

2.      Plaintiffs are the owners of a single-family residence located at 546 North Highland Avenue, Los Angeles, California, 90036 (hereinafter the "Subject Property").

3.      On or about August 5, 2010, Plaintiffs filed for Bankruptcy under Chapter 11 listing Green Tree Servicing LLC ("Green Tree") and PNC N.A. ("PNC") as creditors.

4.      On October 26, 2010, the Bankruptcy Court accepted a Proof of Claim, from Green Tree, listing Defendant THE PNC FINANCIAL SERVICES GROUP, INC. ("PNC") as creditor, and asserting the loan and corresponding lien of $348,256.43 on the Subject Property (the "Lien").

5.      On August 28, 2012, PLAINTIFFS submitted a "Fourth Amended Chapter 11 Plan and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of Idaho ("Bankruptcy Court").

6.      On December 18, 2012, the Bankruptcy Court confirmed Plaintiffs' Plan and ordered that completion of the Plan would act to discharge the Lien ("Confirmation Order").

7.      This Confirmation Order effectively stripped the Lien from the Subject Property upon completion of the Plan. Plaintiffs completed the Plan as set forth in the Confirmation Order.

8.      On February 27, 2018, the Bankruptcy Court signed an Order granting a discharge of the Plan and associated debts to Plaintiffs under 11 U.S.C. § 1141(d)(5) (hereinafter "Discharge Order").

9.      On March 1, 2018, the Bankruptcy Court signed an Order granting the Stipulated Motion to Close the Case (hereafter "Closing Order").

10.     Unbeknownst to Plaintiffs, more than seven (7) years earlier, and after Plaintiffs filed for Bankruptcy, PNC purportedly assigned the underlying loan on the Subject Property on August 12, 2010.

11.     Plaintiffs first learned of this assignment when Plaintiffs attempted to sell the property in June of 2018 and were unable to provide marketable title because DreamBuilder did not record the assignment until March 24, 2017, or otherwise inform Plaintiffs that it held an interest in the Subject Property.

/ / /

/ / /

-2-

DECLARATION OF SEEMA N. KADABA IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

12.     DreamBuilder never appeared in the Bankruptcy Proceedings and Green Tree never filed an amended Proof of Claim substituting DreamBuilder for PNC as the holder of the underlying loan or Lien.

13.     PNC was receiving notices of the Bankruptcy Proceedings and failed to inform the Bankruptcy Court or Plaintiffs that it sold the interest in the Lien.

14.     Plaintiffs attempted to contact DreamBuilder and PNC for information; however, neither ever responded, despite repeated attempts.

15.     As a result, Plaintiffs could not provide marketable title to any purchaser.

16.     On September 7, 2018, Plaintiffs filed their complaint in this action.

17.     DreamBuilder failed to respond to the complaint and, on February 26, 2019, a Default by Clerk was entered as to DreamBuilder.

18.     From February to October of 2019, Plaintiffs worked with counsel for PNC to move through the discovery process and come to an amicable solution of the claims.

19.     On March 27, 2019, PNC requested that Plaintiffs enter into a protective order so it would be able to produce the underlying sale documents to Plaintiffs. Plaintiffs were amenable to the same. Although Plaintiffs timely responded with revisions to the protective order as they were eager to review the sale documents, PNC's counsel did not respond regarding those revisions until August 19, 2019.

20.     On August 29, 2019, this Court entered a stipulated protective order.

21.     On September 17, 2019, PNC produced the underlying bulk sale agreement between PNC, as seller and interim servicer, and AMERICAN SERVICING AND RECOVERY GROUP LLC ("ASG"), as purchaser, with DreamBuilder serving as guarantor.

22.     This was the first time that Plaintiffs had learned that the purported assignment involved a sale to ASG not DreamBuilder, although DreamBuilder was the entity that improperly recorded the Lien.

23.     Under this agreement, PNC was the seller/interim servicer, ASG was the purchaser, and DreamBuilder was the guarantor.

/ / /

DECLARATION OF SEEMA N. KADABA IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

24.     Plaintiffs did not know of the specific roles undertaken by PNC or ASG until the September 17, 2019 production.

25.     However, given the pending alternative dispute resolution settlement conference scheduled for October 30, 2019, and the parties' joint agreement to continue discovery deadlines, and subsequent court order, in the hopes of a settlement, Plaintiffs decided to wait to amend the complaint until after the settlement conference with the hopes of an amicable solution.

26.     After the case did not settle on October 30, 2019, Plaintiffs prepared the amended complaint and requested PNC's consent for leave to file the amended complaint, pursuant to Rule 15 of the FRCP, indicating that it would be willing to stipulate to the continuance of the discovery deadlines and trial date based on the new party and additional claims.

27.     A true and correct copy of the [Proposed] First Amended Complaint is attached hereto as **Exhibit A**.

28.     PNC stated that it would provide consent to the joinder of ASG, but that it would not consent to the additional claims asserted in the [Proposed] Amended Complaint.

29.     Discovery in this matter has been limited thus far and no depositions, percipient or expert, have taken place.

30.     Plaintiffs have been unable to obtain the documentation showing the subsequent sale, if any, from ASG to DreamBuilder.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 13th day of November, 2019, at Walnut Creek, California.

_____
SEEMA N. KADABA

4815-6828-7404, v. 1

DECLARATION OF SEEMA N. KADABA IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

# Exhibit A

Daniel L. Rottinghaus, California Bar No. 131949
Scott M. Mackey, California Bar No. 222217
Seema N. Kadaba, California Bar No. 304952
**BERDING & WEIL LLP**
2175 N. California Blvd, Suite 500
Walnut Creek, California 94596
Telephone:     925/838-2090
Facsimile:     925/820-5592
drottinghaus@berdingweil.com
smackey@berdingweil.com
skadaba@Berdingweil.com

Attorneys for Plaintiffs
STEPHEN and MELINDA DREHER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN and MELINDA DREHER, | No. 2:18-cv-07827 |
| Plaintiffs, | **PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| PNC BANK N.A., a Pennsylvania Corporation, successor by merger to/with National City Bank; DREAMBUILDER INVESTMENTS, LLC, A New York limited liability company; AMERICAN SERVICING AND RECOVERY GROUP LLC, a Texas limited liability company; and DOES 1-50, | 1. **Slander of Title;**<br>2. **Violations of Civil Code § 2941;**<br>3. **Violations of Civil Code § 2937 and U.S. Code § 2605;**<br>4. **Negligence;**<br>5. **Intentional Interference with Prospective Economic Advantage;**<br>6. **Fraud; and**<br>7. **Declaratory Relief** |
| Defendant. | **JURY TRIAL DEMANDED** |
| _____/ | |

PLAINTIFFS Stephen and Melinda Dreher (hereinafter "PLAINTIFFS") hereby claim as follows against Defendant PNC BANK N.A., successor by merger to/with National City Bank (hereinafter "PNC"), Defendant DREAMBUILDER INVESTMENTS, LLC (hereinafter "DreamBuilder"), AMERICAN SERVICING AND RECOVERY GROUP LLC (hereinafter "ASG"), and DOES 1 through 50, inclusive:

/ / /

-1-

**THE PARTIES**

1.      PLAINTIFFS were, and now are, individuals owning real property in the City of Los Angeles, County of Los Angeles, and State of California. PLAINTIFFS are the owners of a single-family residence located at 546 North Highland Avenue, Los Angeles, California, 90036 (hereinafter the "Subject Property").

2.      Defendant PNC is, and at all times was, a Pennsylvania corporation providing financial services in the form of underwriting and financing mortgages in the County of Los Angeles, State of California, with its principal place of business within the County of Allegheny, 300 Fifth Avenue, Pittsburgh, Pennsylvania.

3.      Defendant DreamBuilder is, and at all times was, a New York limited liability company and is a private mortgage investment company which specializes in the acquisition, management, and liquidation of defaulted mortgages, including in the County of Los Angeles, State of California, with its principal place of business within the County of New York, 300 Wall Street, 5th Floor, New York, New York.

4.      Defendant ASG is, and at all times was, a Texas limited liability company and is a business working in the credit sector, focused on mortgage banks and loan correspondents, and providing managerial services for loans, including collecting the mortgage payments and handling business interactions with the borrower throughout the country, including in the County of Los Angeles, State of California, with its principal place of business within the County of Travis, 206 East 9th Street, Suite 1300, Austin, Texas.

5.      PLAINTIFFS are informed and believe, and upon such information and belief allege, that DOES 1 through 50, and each of said DOE Defendants being associations, alter egos, partnerships, corporations, and/or individuals, are and were agents, successors-in-interest, affiliates, employees of Defendants (collectively referred to as "DOE Defendants"). Defendants and DOE Defendants are collectively referred to as "Defendants".

**JURISDICTION AND VENUE**

6.      This Court has original jurisdiction over PLAINTIFFS' claims pursuant to 28 U.S.C. § 1331, as PLAINTIFFS are requesting enforcement of several Orders from the United

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

PLAINTIFFS' FIRST AMENDED COMPLAINT

1   States Bankruptcy Court, District of Idaho, under 11 U.S. Code § 502(g), 502(h), or 502(i)

2   ("Bankruptcy Orders").

3         7.     This Court has original jurisdiction over PLAINTIFFS' claims pursuant to 28

4   U.S.C. § 1332, as PLAINTIFFS are domiciled in California, PNC is a Pennsylvania Corporation,

5   and DreamBuilder is a New York limited liability company, ASG is a Texas limited liability

6   company, and PLAINTIFFS claim damages in excess of $75,000.00.

7         8.     PLAINTIFFS' state law claims are so related to those under which this Court has

8   original jurisdiction that they form part of the same case and controversy. Supplemental

9   jurisdiction is therefore appropriate over PLAINTIFFS' remaining claims pursuant to 28 U.S.C. §

10  1367.

11        9.     Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b), because the events

12  giving rise to the claims made herein occurred in this Judicial District and the Subject Property

13  that is subject to this action is situated in this Judicial District.

14                              **STATEMENT OF FACTS**

15        10.    PLAINTIFF Melinda Dreher was gifted the Subject Property on January 24, 2000.

16  On April 15, 2004, PLAINTIFF Melinda Dreher transferred title to the Subject Property to

17  PLAINTIFFS (husband and wife), as joint tenants. On April 25, 2007, a Deed of Trust for security

18  of a non-purchase money loan was recorded against the Subject Property in the name of National

19  City Bank for $350,000.00 ("Deed of Trust" or the "Lien").

20        11.    On or about October 24, 2008, PNC purchased National City Bank and PNC

21  succeeded to the rights under and pursuant to the Lien.

22        12.    Much like many others, PLAINTIFFS began experiencing financial distress in

23  2008.

24        13.    On or about July 30, 2010, unbeknownst to PLAINTIFFS, PNC sold the interest to

25  this Lien to ASG in a bulk "Non-Performing Loan Purchase and Interim Servicing Agreement."

26  PNC remained the interim servicer for the Lien and DreamBuilder served as the Guarantor on

27  behalf of ASG. PNC never provided notice of the sale to PLAINTIFFS, although it retained the

28  role of interim servicer. ASG never provided notice to PLAINTIFFS. Drembuilder never provided

PLAINTIFFS' FIRST AMENDED COMPLAINT

1  notice to PLAINTIFFS.

2      14.    On or about August 5, 2010, PLAINTIFFS filed for Bankruptcy under Chapter 11

3  listing PNC as a creditor. On or about October 26, 2010, Green Tree Servicing LLC (hereinafter

4  "Green Tree") took over the servicing of the Lien. On October 26, 2010, the Bankruptcy Court

5  accepted a Proof of Claim from Green Tree, asserting the Lien, listing PNC as the creditor, in the

6  amount of $348,256.43. The Proof of Claim was submitted and included in all of the

7  PLAINTIFFS' Bankruptcy filings. (A copy of the *Proof of Claim* is attached hereto as **Exhibit**

8  **"A"** and incorporated herein by reference.) PNC never provided notice of the sale of the Lien to

9  ASG to PLAINTIFFS or the Bankruptcy Court.

10      15.    On August 28, 2012, PLAINTIFFS submitted a "Fourth Amended Chapter 11 Plan

11  and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of

12  Idaho. The Plan defined all claims as "any right to payment or right to an equitable remedy against

13  Debtors for breach of performance if such breach gives rise to a right to payment, whether or not

14  such right to payment or right to equitable remedy is reduced to judgment, or whether liquidated

15  or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or

16  unsecured." The Plan placed all allowed claims and allowed interest in specific classes. The Plan

17  designated the Lien as a "Class 7" claim of "National City Bank purportedly made by Green Tree

18  Servicing, LLC in the principal amount of approximately $348,256.43, plus reasonable attorneys'

19  fees and costs and unpaid interest." The Plan converted the Lien from a secured interest to an

20  impaired unsecured debt.

21      The Plan provided, in relevant part, that:

22      a.    This "Class 7" claim was placed in the "Class 8" payment category consisting "of

23  all the remaining allowed unsecured claims in the estate [including] . . . $348.256.43 that is

24  unsecured from Class 7."

25      b.    This "Class 7" claim was classified as "wholly unsecured and will be paid as a

26  general unsecured creditor in Class 8."

27      c.    "[T]he unsecured claims shall be those allowed claims scheduled by the Debtors

28  that are not disputed, contingent, or unliquidated, and those allowed claims filed before the bar

date. If an objection has been raised to an otherwise allowed claim, the claim will be allowed in the amount determined by the Court. These creditors shall be paid over a period of 5 years, from the income of the Debtors consistent with this Plan and the "Best Interests of Creditors" test and "Liquidation Analysis" contained in Debtors' Disclosure. Debtors will pay general unsecured creditors approximately $114,969.00 in monthly payments over the life of the Plan, which is approximately 11.6% of their total claims value. Debtors will pay general unsecured creditors according to the following schedule: Month 1 through 15 of the Plan - $1,028.00; Month 16 through 24 of the Plan - $1,245.00; and Month 25 through 60 of the Plan - $2,454.00." (A copy of the Plan is attached hereto as **"Exhibit "B"** and incorporated herein by reference.)

16.     On December 18, 2012, the United States Bankruptcy Court, District of Idaho, confirmed PLAINTIFFS' Plan and ordered that completion of the Plan would act as a discharge effective as of the effective date of the Plan of (i) any and all claims arising or occurring prior to the effective date, and (ii) any and all claims of the kind specified in § 502(g), 502(h), or 502(i) of the Code (hereinafter "Confirmation Order"). The Bankruptcy Court held that by terms of the Plan, after completion therein, all property of the estate shall be vested in the Debtors "free and clear" of any and all claims of interest of Creditors, except as is provided in the Plan. (A copy of the *Confirmation Order* is attached hereto as **Exhibit "C"** and incorporated herein by reference.) This Confirmation Order effectively stripped the lien from the Subject Property upon completion of the Plan.

17.     PLAINTIFFS adhered to the Plan and completed all of its requirements, including making sixty (60) monthly payments, eleven (11) of which were to sent to PNC, on its unsecured mortgage on the Subject Property. On February 27, 2018, the United States Bankruptcy Court, District of Idaho signed an Order granting a discharge under 11 U.S.C. § 1141(d)(5) (hereinafter "Discharge Order") to PLAINTIFFS. PNC and Green Tree were provided a copy of the Discharge Order. (A copy of the *Discharge Order* is attached hereto as **Exhibit "D"** and incorporated herein by reference.) Upon entry of the Discharge Order, the Lien was effectively stripped from the Subject Property.

/ / /

PLAINTIFFS' FIRST AMENDED COMPLAINT

18.     On March 1, 2018, the United States Bankruptcy Court, District of Idaho signed an Order granting the Stipulated Motion to Close the Case (hereafter "Closing Order"). PNC and Green Tree were provided a copy of the Closing Order. (A copy of the *Closing Order* is attached hereto as **Exhibit "E"** and incorporated herein by reference. All Orders previously mentioned shall be referred to hereinafter as "Bankruptcy Orders".)

19.     At no time during the Bankruptcy proceedings, or during the implementation of the Plan and PLAINTIFFS' compliance with the Plan requirements, or subsequent Bankruptcy Orders, did PNC ever reveal that it had, prior to the bankruptcy filing, assigned the Lien to ASG or of a later assignment to DreamBuilder, if any.

20.     Despite the alleged sale and assignment having been completed sometime between July 30, 2010 and August 12, 2010, pursuant to the bulk sale to ASG, DreamBuilder did not record the assignment until <u>March 24, 2017</u>. (A copy of the purported *Assignment of the Deed of Trust* along with the *Proof of Filing/Recording* is attached hereto as **Exhibit "F"** and incorporated herein by reference.) DreamBuilder did not provide notice to PLAINTIFFS of the recording of the purported assignment.

21.     After PLAINTIFFS completed the Plan and received the Confirmation and Closing Orders from the Bankruptcy Court, in or about June 2018, PLAINTIFFS attempted to sell and transfer title to the Subject Property before interest rates increased and to take advantage of the appreciated property value in the market. Because they were going to sell the Subject Property, PLAINTIFFS did not renew the lease with its existing tenants. PLAINTIFFS received several offers to purchase the Subject Property, but were unable to conclude a sale because of the Lien impairing the marketability of title to the Subject Property.

22.     Despite the impairment, PLAINTIFFS continued a negotiation with a proposed buyer offering to pay $2.175 million for the Subject Property. On June 20, 2018, PLAINTIFFS sent DreamBuilder a letter demanding a release of the Lien on the Subject Property, pursuant to Civil Code § 2941. DreamBuilder acknowledged receipt of this letter on June 26, 2018. (A copy of the *Letter and Acknowledgement* is attached hereto as **Exhibit "G"** and incorporated herein by reference.) DreamBuilder never responded. DreamBuilder did not remove the Lien. PNC did not

PLAINTIFFS' FIRST AMENDED COMPLAINT

1   remove the Lien. ASG did not remove the Lien. The Lien remained on the Subject Property and

2   prevented PLAINTIFFS from concluding any sale.

3       23.     As a result, in or about July 2018, PLAINTIFFS lost the potential buyer and sale.

4   On July 20, 2018, the First American Title Company (the "Title Company") sent DreamBuilder a

5   request for a Payoff Demand Letter, requesting DreamBuilder provide evidence of any legitimate

6   interest in the Subject Property and, if not, to provide a Deed of Reconveyance, discharging the

7   Lien recorded on the Subject Property. Again, DreamBuilder never responded.

8       24.     On or about August 2018, PLAINTIFFS received another offer from a prospective

9   buyer for the SUBJECT PROPERTY in the amount of $2,056,000.00. PLAINTIFFS attempted to

10  work with the Title Company to overcome the title defect, however, they could not proceed with

11  the Lien on the Subject Property.

12      25.     PLAINTIFFS' attempts at contacting DreamBuilder to demand removal of the Lien

13  proved unsuccessful. DreamBuilder ignored such requests and failed to respond. PLAINTIFFS

14  were able, through this Court, to obtain expungement of the Lien; however, the loss of the sale, the

15  underlying costs associated with Defendants' conduct, the physical, mental, and emotional

16  distresses experienced as a result of the same, remain.

17                          **FIRST CAUSE OF ACTION**

18                    **(For Slander of Title Against All Defendants)**

19      26.     PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1

20  through 25 above.

21      27.     PNC failed to inform PLAINTIFFS of the purported assignment to DreamBuilder,

22  failed to inform the Bankruptcy Court of its assignment, collected eleven (11) payments from

23  PLAINTIFFS during the payment period, failed to inform GreenTree that it was not the holder of

24  the Lien, failed to inform DreamBuilder of the Bankruptcy Orders that stripped the Lien from the

25  Subject Property, and failed to advise the Bankruptcy Court that it did not have an interest in the

26  Lien and was no longer a creditor with any interest in the same. A violation of a bankruptcy stay is

27  willful if the creditor knew of the automatic stay and intentionally performed the actions that

28  violated the stay, including allowing the court to continue to hold the belief that the creditor had a

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

PLAINTIFFS' FIRST AMENDED COMPLAINT

right to the property.

28.     The actions of PNC, ASG, and DreamBuilder impaired PLAINTIFFS' ability to market the Subject Property due to improper conduct, resulting in an improper recording of the Lien, an encumbrance that should not have existed. Damages are the loss caused by prevention of the sale and loss caused by deprivation of opportunity to sell to a particular purchaser. The actions of Defendants resulted in the filing of an encumbrance on the Subject Property without justification or authorization, thereby thwarting the sale of the Subject Property.

29.     PNC's actions resulted in DreamBuilder having an assignment of the Lien that falsely claims an interest in the Subject Property, despite the Bankruptcy Orders discharging the Lien. PLAINTIFFS have lost a certain buyer and have been unable to sell the Subject Property.

30.     WHEREFORE, PLAINTIFFS pray for judgment against all Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(For Statutory Violations of Civil Code § 2941 Against PNC, ASG, and DOES 1 through 50, inclusive)**

31.     PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 30 above.

32.     Under Civil Code § 2941, within 30 calendar days after the obligation secured by any deed of trust has been satisfied, the beneficiary or the assignee of the beneficiary shall execute and deliver to the trustee the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.

33.     The trustee shall execute the full reconveyance and shall record or cause it to be recorded in the office of the county recorder in which the deed of trust is recorded within 21 calendar days after receipt by the trustee of the request for a full reconveyance, the fee that may be charged pursuant to subdivision (e), recorder's fees, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.

34.     The violation of this section shall make the violator liable to the person affected by the violation for all damages which that person may sustain by reason of the violation and shall

1  require that the violator forfeit to that person the sum of five hundred dollars ($500).

2  35. PNC, ASG, and DreamBuilder failed to comply with the above noted statutory

3  requirements. The legislative intent behind this statutory scheme favors liberal construction to

4  protect all persons falling within their purview.

5  36. All Defendants owed a duty to PLAINTIFFS under the statute to provide the

6  reconveyance once the debt was satisfied. No party provided the same and PLAINTIFFS were

7  forced to file the instant action to expunge the Lien. PLAINTIFFS were entitled to expect

8  Defendants to perform by statute and the omission of which resulted in harm to PLAINTIFFS. As

9  such, all damages sustained resulting from these violations are recoverable.

10  37. Civil Code § 2941(d) authorizes the recovery of damages when a party has

11  breached a contractual duty to reconvey a deed of trust based on a tort theory of damages. Here,

12  the offending act is the <u>failure</u> to remove the Lien. As such, loss caused by prevention of a

13  particular sale and loss caused by deprivation of opportunity to sell to a particular purchaser are

14  recoverable.

15  38. Moreover, as a result of these violations, PLAINTIFFS have experienced worry,

16  frustration, anger, and sleeplessness due to the failure to execute and deliver the request for

17  reconveyance for over a year. PLAINTIFFS are both suffering from fright, nervousness, grief,

18  anxiety, worry, mortification, shock, and humiliation, resulting in physical pain including, but not

19  limited to, irregular heart beat and demonstrated atrial fibrillation.

20  39. PLAINTIFFS are entitled to recovery for all damages resulting from a violation of

21  Civil Code § 2941, including economic damages, as well as damages arising out of physical,

22  emotional, and mental distress.

23  40. WHEREFORE, PLAINTIFFS pray for judgment against all Defendants as

24  hereinafter set forth.

25  **THIRD CAUSE OF ACTION**

26  **(For Violations of Civil Code § 2937 and U.S. Code § 2605 Against PNC, ASG,**

27  **and DOES 1 through 50, inclusive)**

28  41. PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1

-9-

BERDING & WEIL, LLP
2175 N California Blvd Suite 500
Walnut Creek, California 94596

through 40 above.

42.     Under Civil Code § 2937, any person transferring the servicing of indebtedness as provided in subdivision (a) to a different servicing agent and any person assuming from another responsibility for servicing the instrument evidencing indebtedness, shall give written notice to the borrower or subsequent obligor before the borrower or subsequent obligor becomes obligated to make payments to a new servicing agent.

43.     The Legislature declared that borrowers or subsequent obligors have the right to know when a person holding a promissory note, bond, or other instrument transfers servicing of the indebtedness secured by a mortgage or deed of trust on real property containing one to four residential units located in this state. The Legislature also finds that notification to the borrower or subsequent obligor of the transfer may protect the borrower or subsequent obligor from fraudulent business practices and may ensure timely payments. It was the intent of the Legislature in enacting this section to mandate that a borrower or subsequent obligor be given written notice when a person transfers the servicing of the indebtedness on notes, bonds, or other instruments secured by a mortgage or deed of trust on real property containing one to four residential units and located in this state.

44.     The notices required must be sent by first-class mail, postage prepaid, to the borrower's address designated for loan payment billings. PNC served as the original servicer of the Deed of Trust. PNC then sold the instrument to ASG; however, PNC remained the interim servicer. PNC never provided notice to PLAINTIFFS. GreenTree took over the servicing of the Deed of Trust and neither PNC nor GreenTree provided notice to PLAINTIFFS of this transfer in servicing.

45.     Under U.S. Code § 2605(b), a servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person. The notice shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan.

46.     PNC failed to provide the required notice to PLAINTIFFS of the initial sale to ASG, the change to interim servicer, and the subsequent change to GreenTree.

47.    ASG failed to provide the required notice to PLAINTIFFS of the change in servicing from PNC to GreenTree.

48.    PNC further breached the duties owed under this statutory scheme by failing to respond to PLAINTIFFS' repeated written requests for information relating to the servicing of such loan, in violation of U.S. Code § 2605(e).

49.    Failure to comply with these provisions has resulted in harm to PLAINTIFFS. Under U.S. Code § 2605(f), PLAINTIFFS are entitled to recover actual damages resulting from this failure, as well as additional damages, as the court may allow. In addition to these amounts, in the case of any successful action under this section, the costs of the action, together with any attorneys' fees incurred in connection with such action, are recoverable.

50.    WHEREFORE, PLAINTIFFS pray for judgment against all Defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (For Negligence Against PNC, ASG, and DOES 1 through 50, inclusive)

51.    PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 50 above.

52.    Defendants owed a duty to PLAINTIFFS to provide notice of any change in servicing, as required under the statute schemes noted above.

53.    PNC breached this duty by failing to provide notice to PLAINTIFFS of the initial change in servicing in 2010, where PNC transformed into an interim servicer, as well as failing to provide notice when it sold the servicing rights to GreenTree.

54.    ASG also failed to provide notice to PLAINTIFFS of the change in servicing to GreenTree.

55.    As a result of PNC's breach of these duties, PLAINTIFFS were harmed and PNC and ASG contributed to this harm, as PLAINTIFFS were unable to obtain the rights bargained for under the Bankruptcy Orders, lost the ability to sell their home before the October 2018 date when the first priority lien payments would increase, and incurred thousands of dollars of expenses in expunging the lien and obtaining new lessees for the Subject Property.

-11-

56.     WHEREFORE, PLAINTIFFS pray for judgment against all Defendants as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (For Intentional Interference with Prospective Economic Advantage

### Against All Defendants)

57.     PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 56 above.

58.     PLAINTIFFS were in the midst of a potential sale of the Subject Property, with economic benefit to PLAINTIFFS, and DreamBuilder knew of this relationship based on the demand letters sent by PLAINTIFFS and the Title Company. DreamBuilder intentionally ignored the demands for a Deed of Reconveyance, with the intent to disrupt PLAINTIFFS' sale of the Subject Property and leverage DreamBuilder's and DOES 1-50's position for a payment that is not due. This resulted in an actual disruption of the potential sale, as PLAINTIFFS could not provide marketable title and lost the sale, resulting in economic harm to PLAINTIFFS caused by DreamBuilder's failure to abide by the Bankruptcy Orders.

59.     WHEREFORE, DreamBuilder and DOES 1-50 owe PLAINTIFFS damages for the monies they would have received but for the unfounded lien claim of interest and interference in the Subject Property. DreamBuilder's and DOES 1-50's conduct was done with fraud, malice, and oppression with intent to harm PLAINTIFFS. In addition to recovery of PLAINTIFFS' damages, PLAINTIFFS are entitled to exemplary/punitive damages for the sake of example and by way of punishing DreamBuilder and DOES 1-50.

## SIXTH CAUSE OF ACTION

### (For Fraud Against PNC, DreamBuilder, and DOES 1 through 50, inclusive)

60.     PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1 through 59 above.

61.     PNC was served during the Bankruptcy Proceeding with all Bankruptcy Orders. Despite being on notice of the Bankruptcy proceedings, PNC purportedly did not inform ASG, GreenTree, or DreamBuilder of the status of the Lien it allegedly assigned to DreamBuilder, nor

did PNC inform PLAINTIFFS of the purported assignment. PNC failed to inform the Bankruptcy Court of its assignment and collected eleven (11) payments from PLAINTIFFS during the payment period, without following up with PLAINTIFFS as to these payments and without responding to PLAINTIFFS' many attempts to obtain answers from PNC. PNC used deceit and dishonest means to continue to obtain payment from PLAINTIFFS to PLAINTIFFS' detriment and this wrongful act caused PLAINTIFFS to file suit to remove the Lien. PNC committed a willful violation of the bankruptcy stay because PNC knew of the automatic stay and intentionally performed the actions that violated the stay, including allowing the court to continue to hold the belief that the creditor had a right to the Subject Property or associated Lien.

62.     DreamBuilder used deceit and dishonest means, by recording an assignment on the Subject Property, contrary to the Bankruptcy Orders, and by failing to provide a Deed of Reconveyance, and by failing to respond to the demand letters from PLAINTIFFS and the Title Company, despite having been provided the Bankruptcy Orders stripping the Lien from the Subject Property. By failing to remove the Lien, DreamBuilder constructively and effectively continues to assert a claim of interest against the Subject Property for the purposes of obtaining further payment or consideration from PLAINTIFFS, despite knowing that PLAINTIFFS do not owe any further payment. DreamBuilder deceitfully recorded its assignment of the Lien and dishonestly continues to claim an unfounded interest in the Subject Property, in violation and in direct disregard of the Bankruptcy Orders.

63.     WHEREFORE, Defendants owe PLAINTIFFS damages for the monies they would have received but for the fraudulent acts committed by PNC, DreamBuilder, and DOES 1 through 50, inclusive, as set forth above. This conduct was done with fraud, malice, and oppression with intent to harm PLAINTIFFS. In addition to recovery of PLAINTIFFS' damages, PLAINTIFFS are entitled to exemplary/punitive damages for the sake of example and by way of punishing these bad actors.

## SEVENTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

64.     PLAINTIFFS allege and incorporate by reference the allegations in paragraphs 1

1  through 63 above.

2    65.    A present controversy exists between PLAINTIFFS and Defendants regarding the

3  duties owed to PLAINTIFFS and the liabilities resulting therein.

4    66.    PLAINTIFFS seek a declaration of rights, including any claims under the causes of

5  action as described above.

6    67.    WHEREFORE, PLAINTIFFS pray for judgment against all Defendants as

7  hereinafter set forth.

8                              **PRAYER FOR RELIEF**

9  **WHEREFORE**, PLAINTIFFS demands judgment as follows:

10  ON THE FIRST CAUSES OF ACTION:

11    1.    For damages, according to proof, in excess of $75,000 jointly and severally against

12  all Defendants.

13  ON THE SECOND, THIRD, AND FOURTH CAUSES OF ACTION:

14    2.    For damages, according to proof, in excess of $75,000 jointly and severally against

15  PNC and ASG.

16  ON THE FIFTH AND SIXTH CAUSES OF ACTION ONLY:

17    3.    Punitive damages, in accordance with the law, against all Defendants.

18  ON ALL CAUSES OF ACTION:

19    5.    For prejudgment interest at the legal rate;

20    6.    For costs incurred in this action, including reasonable attorneys' fees and costs, as

21  provided by law and/or pursuant to the Lien; and

22    7.    For any other and further relief as the Court may deem just and proper.

23  Date: November __, 2019                **BERDING & WEIL LLP**

24

25                              By:_____

26                                   Daniel L. Rottinghaus
                                     Scott M. Mackey
                                     Seema N. Kadaba
27                                   Attorneys for Plaintiff
                                     Stephen and Melinda Dreher

28  4824-9611-0764, v. 1

-14-

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 20 of 70   Page ID
#:648
Case 2:18-cv-07827   Document 1-1   Filed 09/07/18   Page 1 of 4   Page ID #:12

# EXHIBIT A
# PROOF OF CLAIM
# 1-3

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 21 of 70   Page ID
#:649
Case Case 2:18-cv-07827-LWM 7827 Document 74-1 Filed 10/26 10/09/07 18 Desc Main Document Page 2 of 14

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | District of Idaho | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Stephen C Dreher | Case Number: 10-21037 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|

Name and address where notices should be sent:

Green Tree servicing LLC
7360 S. Kyrene Rd. T-120 Tempe, Az. 85283

Court Claim Number: _____
  (*If known*)

Telephone number:
(866) 270-3285

Filed on: _____

Name and address where payment should be sent (if different from above):

Green Tree Servicing LLc
345 St. Peter St -L800R, St. Paul, MN 55102

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**     $     348,256.43

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** ___money loaned_____
  (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ___5583_____

  **3a. Debtor may have scheduled account as:** ___PNC_____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,

If any: $_____63,346.14__  Basis for perfection: _____

Amount of Secured Claim: $____348,256.43__  Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 10/26/2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

/S/ HERSCHEL HOYT bankruptcy Supervisor

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| Exhibit A |
|---|
| 1 of 3 |

Case 2:18-cv-07827-   Document 1-1   Filed 09/07/18   Page 3 of 4   Page ID #:14

## PRE PETITION ARREARS BREAKDOWN

**ACCOUNT NAME:** Stephen C Dreher
**ACCOUNT NUMBER:** xxxx5583
**CASE NUMBER:** 10-34957
**STATE/DISTRICT:** District of Idaho
**PROPERTY ADDRESS:** 546 N Highland Ave, Los Angeles, CA

| | | AMOUNT | |
|---|---|---|---|
| PRE-PETITION PAYMENTS: | Monthly Payment | $2,879.37 | |
| Past Due From: 10/15/08-07/15/10 | | 22 | |
| | TOTAL: | $63,346.14 | |

| | | AMOUNT | REASON |
|---|---|---|---|
| FEES AND COSTS | | | late fees |
| | | | bpo fee |
| | | | legal cost |
| | TOTAL: | $0.00 | |

**TOTAL ALL PRE-PETITION ARREARS TO BE INCLUDED ON POC REFERRAL**

| TOTAL PAYMENTS DUE: | $63,346.14 |
|---|---|
| TOTAL FEES AND COSTS: | $0.00 |
| | $63,346.14 |

**Account information:**

| Date Loan Incurred: | 4/17/07 |
|---|---|
| status: | Loan accelerated to charge off for non-payment |
| Payoff at filing: | $348,256.43 |
| Prin Balance at filing: | $348,256.43 |

**DATE PREPARED:** 10/26/10
**PREPARED BY:** Herschel Hoyt
Green Tree Servicing, LLC
877-256-4871 x 35250

Exhibit A
2 of 3

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 23 of 70   Page ID
#:651
Case 2:18-cv-07827-MWF-FFM   Document 1-1   Filed 09/07/18   Page 21 of 41   Page ID #:15

National City®

## FIXED RATE CONSUMER NOTE AND SECURITY AGREEMENT – National Home Equity
(Not to Be Used for Texas Homestead Loans Unless Purchase Money or Refinance of Purchase Money)

| | | Date | 4/17/2007 |

**1   DEBTOR(S)**      STEPHEN C DREHER

**Address**        546 N HIGHLAND AVE
            LOS ANGELES, California 90036

**2.      DEFINITIONS AND GENERAL TERMS.** "You" or "your" means the undersigned Debtors. "We", "our" or "us" means National City Bank, 6750 Miller Road, Brecksville, Ohio 44141, and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda. "Loan" means the loan evidenced by this Note. Property means the real estate securing the payment of this Note described in Section 4. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note. Disclosures in the Disclosure Statement are contract terms. You agree that we are making this Loan directly to you. The Section headings of this Note are a table of contents and not contract terms

**3.      PROMISSORY NOTE.** For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $ _____350,000.00_____, which includes a prepaid finance charge of $ _____7253.00_____, plus interest from the date of this Note on the principal sum outstanding and other sums owed under this Note at the per annum rate of _____9.250_____ %, payable as described in the payment schedule in the Disclosure Statement. You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding them to the principal balance of this Note  Interest will be computed on a simple interest basis based upon a 365-day year, but calculated on actual days  Accordingly, your payment history could affect the amount you will pay under this Note

**4.      PROPERTY.** _____546 N HIGHLAND AVE_____
            _____LOS ANGELES , California 90036_____

**5.      DISBURSEMENT OF PROCEEDS.** You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

**6.      LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFERRAL CHARGE; DOCUMENT REQUEST CHARGE.** If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge. This late charge will be the greater of 10% of the unpaid monthly payment or $40. If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge  This returned instrument charge will be $25  If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred   If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies. This document request charge will be $6 per copy  We will not charge you for documents we are required to provide you by law

**7      INSURANCE.** You are required to insure the Property until this Loan is paid in full or we sell the Property  You have the risk of loss of the Property and will be responsible for its loss or damage. You agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us, provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier, in the following types and amounts with us listed as loss payee: (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law  You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law  All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property  If the Property is destroyed, you must still pay us whatever you owe under this Note. If you fail to maintain the required insurance, we may at our sole option obtain coverages at your expense which we believe are necessary to protect our interests in the Property  You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan. You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase. Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note  You also assign to us any other insurance proceeds related to the Note or our interest in the Property   You must promptly provide us with evidence of insurance and proof of payment of insurance premiums upon our request, and all policies must provide us with a minimum of 10 days prior notice of cancellation or material change in coverage. Our mailing address for purposes of this Section is  P.O  Box 91596, Cleveland, OH 44101-0351  You irrevocably authorize us as your agent and on your behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you

**8.      PREPAYMENT.** You may voluntarily prepay the principal sum of this Note in part at any time.  If you voluntarily prepay the principal sum of this Note in full, you agree to pay a voluntary prepayment charge which will be equal to the greater of _____0_____ % of the principal balance at the time of prepayment or $ _____0.00_____.  You will only be charged this voluntary prepayment charge during the first _____0_____ months of this Note.  If we accelerate the entire balance owing under this Note due to your default, you agree to pay an involuntary prepayment charge which will be equal to $150.00  No portion of the prepaid finance charge described in Section 3 will be refunded. Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

**9.      SECURITY AGREEMENT** To the extent permitted by law you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note and (except for the Property if it is a principal residence) your obligations under any other agreement with us or our affiliates. (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property except "household goods" as defined by 12 C F R  227 12(d) unless purchased with the proceeds of this Loan  If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b) proceeds and unearned premiums of any Property insurance; (c) all of your deposit accounts with us or our affiliates (except individual retirement accounts); and (d) substitutions, replacements, products and proceeds of the foregoing  Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are not a fiduciary with respect to our security interest. You further agree that we may at any time apply proceeds and unearned premiums and refunds of any Property insurance to reduce the indebtedness of this Note, even if you are not in default. Upon our request, you will deliver any documents that are necessary for us to perfect our security interest. You will defend at your expense our security interest in the Property  To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property

**10.      PROPERTY MAINTENANCE AND USE.** You will promptly pay all fees, fines, and taxes related to this Loan and the Property  You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims.  You will make all needed repairs. You will not make any changes to the Property that will decrease its value or decrease its functionality without our prior written consent  You will permit us to inspect the Property at a time which is reasonably convenient  If you do not do any of the foregoing, we may do so at our sole option and add the costs to the Loan or require you to provide us with additional collateral  You will not use, or permit others to use, the Property (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.



NREFRN1 (07/03)                              FRNOTE-MULTI-V1_1

Exhibit A
3 of 3

# EXHIBIT B
# FOURTH AMENDED CHAPTER 11 PLAN
# 1-20

Case 2:18-cv-07827-MWF-FFM Document 74-2 Filed 11/13/19 Page 25 of 70 Page ID
#:653
Case 2:18-cv-07827 Document 1-2 Filed 09/07/18 Page 2 of 21 Page ID #:17
Case 10-21037-TLM Doc 169 Filed 08/28/12 Entered 08/28/12 09:37:21 Desc Main
Document Page 1 of 20

Patrick J. Geile, ISB No. 6975
Matthew K. Shriver, ISB No. 8472
FOLEY FREEMAN, PLLC
77 East Idaho Street, Suite 100
P.O. Box 10
Meridian, ID 83680
Phone: (208) 888-9111
FAX: (208) 888-5130
pgeile@foleyfreeman.com

**Attorneys for Debtors**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | **Case No. 10-21037-TLM** |
| **STEPHEN CLIFTON DREHER and MELINDA LEE DREHER,** | Chapter 11 |
| | **FOURTH AMENDED CHAPTER 11 PLAN AND RELATED MOTIONS** |
| Debtors. | |

Stephen and Melinda Dreher, the Debtors, proposes the following Fourth Amended Plan of Reorganization ("Plan"). It is important that you read this plan carefully, and in conjunction with the Debtors' Disclosure Statement to evaluate the impact such Plan will have upon your claim or equity security interest.

### DEFINITIONS

Unless the context otherwise requires, the following terms, when used in the Plan shall have the following meanings:

1.  **ADMINISTRATIVE CLAIM:** A cost or expense of administration of this Chapter 11 case, including any actual and necessary expense of preserving or liquidating the estate, any actual and necessary expense of operating the business of

**FOURTH AMENDED CHAPTER 11 PLAN - 1**

Exhibit B
1 of 20

Case 2:18-cv-07827-MWF-FFM Document 74-2 Filed 11/13/19 Page 26 of 70 Page ID #:654
Case 2:18-cv-07827 Document 1-2 Filed 09/07/18 Page 3 of 21 Page ID #:18
Case 10-21037-TLM Doc 169 Filed 08/28/12 Entered 08/28/12 09:37:21 Desc Main
Document Page 2 of 20

the Debtors, and all allowances approved by the Court in accordance with the Bankruptcy Code.

    **2.**    **ALLOWED CLAIM:** "Allowed Claim" shall mean a Claim:

        (i)    in which a proof of Claim has been filed with the Court on or prior to the bar date[1], which claim has been determined by the Bankruptcy Court to be allowed by law; or

        (ii)    which is scheduled in the Debtors' schedules of assets and liabilities and statement of financial affairs filed with the Court pursuant to §521 of the Bankruptcy Code and which has not been listed (or is no longer listed on the Confirmation Date, if previously so listed) as disputed, contingent or unliquidated; or

        (iii)    in respect of which a proof of claim has been filed with the Court with §502(h) or §502(i) of the Bankruptcy Code; and in any case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Bankruptcy Rule or an order of the Court, or as to which, if objections have been interposed, the Claim has been determined by order of the Court.

    **3.**    **ALLOWED INTEREST:**   "Allowed Interest" shall mean an interest in respect of which a proof of interest has been filed with the Court on or prior to the Bar Date.

    **4.**    **BANKRUPTCY CODE:**   "Bankruptcy Code" or "Code" shall mean the United States Bankruptcy Code 11 U.S.C. § 101, *et. seq.*, and any amendments thereof.

---

[1] The claims bar date was December 16,2010 for regular creditors and February 1, 2011 for governmental entities.

**FOURTH AMENDED CHAPTER 11 PLAN - 2**

**5.** **CLAIM:** "Claim" shall mean any right to payment or right to an equitable remedy against Debtors for breach of performance if such breach gives rise to a right to payment, whether or not such right to payment or right to equitable remedy is reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured.

**6.** **CLASS:** "Class" shall mean any class into which Claims or Interests are classified pursuant to the terms of the Plan.

**7.** **CONFIRMATION DATE:** The Order of Confirmation is entered by the Court provided, however, that if a stay of the order confirming the Plan is in effect on such day, then the Confirmation Date shall be the first business day thereafter on which (i) no stay of the order confirming the Plan is in effect and (ii) the order confirming the Plan has not been vacated.

**8.** **CONTESTED CLAIM:** "Contested Claim" shall mean any Claim which is listed or, the schedules filed by the Debtors as contingent, unliquidated or disputed or is, or becomes, the subject of an objection filed with the Court in accordance with the provisions of the Bankruptcy Code and which remains unresolved.

**9.** **COURT:** "Court" shall mean the United States Bankruptcy Court for the District of Idaho, presiding over the cases or, if necessary, the United States District Court for said district having original jurisdiction over bankruptcy cases and the judges thereof.

**10.** **EFFECTIVE DATE:** The effective date of the Plan will be the date of the entrance of the Order on Confirmation.

**11.** **IN FULL:** "In Full" shall mean the amount owing as of the date of the

**FOURTH AMENDED CHAPTER 11 PLAN - 3**

Exhibit B
3 of 20

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 28 of 70   Page ID
#:656
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document      Page 4 of 20

Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 5 of 21   Page ID #:20

filing of petition, the amount provided in a proof of claim owing as of the date of the filing of the petition, or the amount listed in the bankruptcy schedules filed with the Bankruptcy Court, whichever is less. "In Full" shall further mean a payment without post-petition interest, unless specifically provided for hereinafter.

**12.** **PERSON:** "Person" shall mean an individual, corporation, partnership, joint venture, trust, estate, unincorporated organizations, or a government or any agency or political subdivision thereof.

**13.** **REVENUE CODE:** "Revenue Code" shall mean the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 1, *et. seq.*

# ARTICLE ONE

## CLASSIFICATION CLAIMS AND INTEREST

All allowed claims and allowed interest have been placed in the following classes. The Debtors have determined which claims fall into the classes described below. A Proof of Claim or interest which asserts a claim or interest which is property included in more than one class is in a class to the extent it qualifies within the description of such class and is in a different class to the extent it qualifies within the description of such different class.

    1.    PRIORITY CLAIMS

        A.    CLASS 1:    Consists of all allowed claims against the Debtors entitled to priority pursuant to 11 U.S.C. §507(a)(1), (a)(2) and (a)(3) of the Bankruptcy Code, including domestic support obligations, reimbursement of the expenses of and compensation

Case 2:18-cv-07827-MWF-FFM Document 74-2 Filed 11/13/19 Page 29 of 70 Page ID
#:657
Case 2:18-cv-07827 Document 1-2 Filed 09/07/18 Page 6 of 21 Page ID #:21
Case 10-21037-TLM Doc 169 Filed 08/28/12 Entered 08/28/12 09:37:21 Desc Main
Document Page 5 of 20

for services rendered by attorneys, accountants and other professional persons employed by the Debtors. This classification also includes those claims premised on §503(b)(1) of the Bankruptcy Code which arose from transactions pursuant to §364(a) of the Bankruptcy Code. The members of the class include the following:

1. There are no domestic support obligations.

2. The United States Trustee's Office; and

3. Patrick J. Geile and Matthew K. Shriver, the attorneys representing the Debtors, together with such other attorneys as the Court may subsequently approve; and

4. Daniel L. Rottinghaus and Paul W. Windust, the attorneys representing the Debtors with respect to negotiating the mortgage indebtedness on the Debtors' Idaho and California residences; and

5. David Eash, the attorney who previously represented the Debtors in this Chapter 11 case; and

6. J. Gregory Wasik, the appraiser employed to appraise the Debtors' property located at 546 N. Highland Ave., Los Angeles, California; and

7. Bernard Turk, CPA, the accounting firm employed to file and prepare the Debtors' 2010 taxes.

B. CLASS 2: Consists of all allowed claims having priority by

**FOURTH AMENDED CHAPTER 11 PLAN - 5**

Case 2:18-cv-07827-MWF-FFM Document 74-2 Filed 11/13/19 Page 30 of 70 Page ID
#:658
Case 2:18-cv-07827 Document 1-2 Filed 09/07/18 Page 7 of 21 Page ID #:22
Case 10-21037-TLM Doc 169 Filed 08/28/12 Entered 08/28/12 09:37:21 Desc Main
Document Page 6 of 20

reason of the provision of 11 U.S.C. §507(a)(4) through §507(a)(7)

of the Bankruptcy Code. **There are no such claims in this matter**.

C.     Priority Tax Claims: Consists of allowed claims against the Debtors

entitled to priority pursuant to 11 U.S.C. §507(a)(8), consisting of

claims of governmental entities for taxes or duties in such amounts

as may be allowed by the Bankruptcy Court. There are the

following tax debts:

Class 3: Consists of the allowed claim of the Kootenai County

Treasurer in the amount of $2,504.32. This claim is secured by the

Worley, Idaho property. This claim is impaired.

2.     SECURED CLAIMS

A.     CLASS 4:     Consists of the allowed secured claim of IndyMac

Bank purportedly made by Deustche Bank National Trust Co. in the

principal amount of $1,064,866.23, plus reasonable attorneys' fees

and costs and unpaid interest. This claim is secured by the Worley,

Idaho property in the first position. $414,866.23 of this claim is

unsecured. This claim is impaired.

B.     CLASS 5:     Consists of the allowed secured claim of IndyMac

Bank purportedly made by Deustche Bank National Trust Co. in the

principal amount of $208,626.90, plus reasonable attorneys' fees

and costs and unpaid interest. This claim is secured by the Worley,

Idaho property in the second position. This claim is wholly

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 31 of 70   Page ID
#:659
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 8 of 21   Page ID #:23
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document     Page 7 of 20

unsecured. This claim is impaired.

C.    CLASS 6:    Consists of the allowed secured claim of BAC Home

Loan Servicing LP purportedly made by Bank of New York Mellon,

in the principal amount of approximately $1,171,270.19, plus

reasonable attorneys' fees and costs and unpaid interest. This

claim is secured by the Los Angeles, California property in the first

position.

D.    CLASS 7:    Consists of the allowed secured claim of National City

Bank purportedly made by Green Tree Servicing, LLC in the

principal amount of approximately $348,256.43, plus reasonable

attorneys' fees and costs and unpaid interest. This claim is secured

by the Los Angeles, California property in the second position. This

claim is wholly unsecured. This claim is impaired.

3.    UNSECURED CLAIMS

B.    CLASS 8: Consists of all the remaining allowed unsecured claims

in the estate, estimated at $993,757.14. This includes $414,866.23

that is unsecured from Class 4, $208,626.90 that is unsecured from

Class 5 and $348,256.43 that is unsecured from Class 7.

4.    EQUITY INTERESTS

A.    There are no equity interests in this case.

# ARTICLE TWO

## DESIGNATION AND TREATMENT OF UNIMPAIRED CLASSES

There are no unimpaired classes.

**FOURTH AMENDED CHAPTER 11 PLAN - 7**

Case 2:18-cv-07827-MWF-FFM  Document 74-2  Filed 11/13/19  Page 32 of 70  Page ID
#:660
Case 2:18-cv-07827  Document 1-2  Filed 09/07/18  Page 9 of 21  Page ID #:24
Case 10-21037-TLM  Doc 169  Filed 08/28/12  Entered 08/28/12 09:37:21  Desc Main
Document  Page 8 of 20

# ARTICLE THREE

## TREATMENT OF IMPAIRED CLASSES

*All impaired classes of claims shall receive the distributions set forth in Article Four on account and in complete satisfaction of all such allowed claims.*

# ARTICLE FOUR

## DISTRIBUTIONS - TREATMENT OF CLAIMS AND INTEREST

1.  *Priority Claims:*

    *CLASS 1:  Consists of all allowed claims pursuant to 11 U.S.C. §507(a)(1),(a)(2) or (a)(3) of the Bankruptcy Code, including allowed attorney, accountant or other professional fees; of persons employed by the Debtors and as approved by the Court. These claims will also include §503(b)(1) claims which arose from §364(a) transactions. Debtors will pay these claims in full, unless otherwise agreed, within 365 days of the effective date of Debtors' Plan or as otherwise ordered by the Court. Claimants include:*

    (A)  *Domestic Support obligations-there is no such obligation in this case.*

    (B)  *United States Trustee's Office, Chapter 11 quarterly fees. Debtors will pay all such pre-confirmation fees as they come due. Debtors estimate that these fees will be $3250.00 over the life of the Plan.*

    (C)  *Patrick J. Geile and Matthew K. Shriver of Foley Freeman, PLLC, attorney for Debtors, in the approximate sum of*

**FOURTH AMENDED CHAPTER 11 PLAN - 8**

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 33 of 70   Page ID
#:661
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 10 of 21   Page ID #:25
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document      Page 9 of 20

$20,000.00 (in addition to any approved interim compensation allowed by the court) to be paid within 24 months following confirmation of Debtors' Plan as a priority expense or as provided in the confirmation order.

(D)     Daniel L. Rottinghaus and Paul W. Windust of Berding & Weil, LLP, attorney for Debtors, in the approximate sum of $3,000.00 (in addition to any approved interim compensation allowed by the court) to be paid within 24 months following confirmation of Debtors' Plan as a priority expense or as provided in the confirmation order.

(E)     David Eash of Ewing Anderson, P.S., prior attorney for Debtors, in the approximate sum of $5,138.50 to be paid as follows: $2569.25 to be paid on the effective date of the plan, with the balance to be paid within 60 days of the effective date with at least half of the remaining balance to be paid within 30 days of the effective date and the remaining balance within 60 days as a priority expense or as provided in the confirmation order.

(F)     J. Gregory Wasik, in the approximate sum of $475.00 to be paid within 12 months following confirmation of Debtors' Plan as a priority expense or as provided in the confirmation order.

(G)     Bernard Turk, CPA, in the approximate sum of $3,000.00 to

**FOURTH AMENDED CHAPTER 11 PLAN - 9**

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 34 of 70   Page ID
#:662
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 11 of 21   Page ID #:26
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document     Page 10 of 20

be paid within 12 months following confirmation of Debtors'
Plan as a priority expense or as provided in the confirmation
order.

<u>CLASS 2</u>:     Consists of all allowed claims having priority under 11 U.S.C.
§507(a)(3) through (a)(7) of the Bankruptcy Code. **There are no such
creditors of which Debtors are aware.**

<u>CLASS 3</u>:     Consists of 11 U.S.C. §507(a)(8) creditors, governmental
units for taxes or duties. Debtors will pay these claims in full, unless
otherwise agreed, in monthly installments within 730 days of the effective
date of Debtors' Plan or as otherwise ordered by the Court. These pre-
petition claims are:

(A)     Debtors shall timely file and pay all post confirmation returns and
taxes, including federal tax deposits and employment returns.
These creditors shall retain all administrative and other remedies
available to them. There are the following tax debts:

CLASS 3:     Consists of the allowed claim of the Kootenai County
Treasurer in the amount of $2,504.32. This claim is secured by the
Worley, Idaho property. This claim is impaired.

2.     Secured Claims:

A.     CLASS 4:     Consists of the allowed secured claim of IndyMac
Bank purportedly made by Deustche Bank National Trust Co. in the
principal amount of $1,064,866.23, plus reasonable attorneys' fees
and costs and unpaid interest. This claim is secured by the Worley,

**FOURTH AMENDED CHAPTER 11 PLAN - 10**

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 35 of 70   Page ID
#:663
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 12 of 21   Page ID #:27
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document      Page 11 of 20

Idaho property. This claim is impaired. **This class will be "crammed down" to the current value of the collateral of $650,000.00 with an interest rate of 4% and re-amortized over a period of 40 years. Debtors have an offer to sell a portion of this property to their homeowners' association. The amount of $75,000.00 from the proceeds of this sale will be paid to the secured creditor, any remaining proceeds will be used by the Debtors to reinvest back into the property in the form of improvements to the secured creditors collateral. The Plan is not contingent upon this sale and ultimately the sale may not occur if the Debtors and the potential buyer cannot agree upon the terms of the sale or if the potential buyer decides not to purchase the property for example. All other terms will remain the same and Debtors will continue to make payments pursuant to those terms of the Note and Deed of Trust on this property from wages the Debtors receive. The remainder of the note will be paid as a general unsecured creditor in Class 8.**

B.   CLASS 5:   Consists of the allowed secured claim of IndyMac Bank purportedly made by Deustche Bank National Trust Co. in the principal amount of $208,626.90, plus reasonable attorneys' fees and costs and unpaid interest. This claim is secured by the Worley, Idaho property in the second position. This claim is impaired. **This**

Exhibit B
11 of 20

Case 2:18-cv-07827-MWF-FFM  Document 74-2  Filed 11/13/19  Page 36 of 70  Page ID
#:664
Case 2:18-cv-07827  Document 1-2  Filed 09/07/18  Page 13 of 21  Page ID #:28
Case 10-21037-TLM  Doc 169  Filed 08/28/12  Entered 08/28/12 09:37:21  Desc Main
Document  Page 12 of 20

claim is wholly unsecured and will be paid as a general
unsecured creditor in Class 8.

C.  CLASS 6:  Consists of the allowed secured claim of BAC Home
Loan Servicing LP purportedly made by Bank of New York Mellon,
in the principal amount of approximately $1,171,270.19, plus
reasonable attorneys' fees and costs and unpaid interest. This
claim is secured by the Los Angeles, California property. **The
current interest rate on this claim is 2.3%, Debtors propose to
fix the current interest at 2.3% and will continue to make
payments pursuant to the Note and Deed of Trust on this
property from the rental income Debtors receive.**

C.  CLASS 7:  Consists of the allowed secured claim of National City
Bank purportedly made by Green Tree Servicing, LLC in the
principal amount of approximately $348,256.43, plus reasonable
attorneys' fees and costs and unpaid interest. This claim is secured
by the Los Angeles, California property in the second position. This
claim is impaired. **This claim is wholly unsecured and will be
paid as a general unsecured creditor in Class 8.**

3.  Unsecured Claims:

A.  Consists of all remaining allowed unsecured claims against the
Debtors, without exception. The unsecured claims shall be those
allowed claims scheduled by the Debtors that are not disputed,
contingent or unliquidated and those allowed claims filed before the
bar date. If an objection has been raised to an otherwise allowed

**FOURTH AMENDED CHAPTER 11 PLAN - 12**

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 37 of 70   Page ID
#:665
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 14 of 21   Page ID #:29
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document   Page 13 of 20

*claim, the claim will be allowed in the amount determined by the Court. These creditors shall be paid over a period of 5 years, from the income of the Debtors consistent with this Plan and the "Best Interest of Creditors" test and "Liquidation Analysis" contained in Debtors' Disclosure. Debtors will pay general unsecured creditors approximately $114,969.00 in monthly payments over the life of the Plan, which is approximately 11.6% of their total claims value. Debtors will pay general unsecured creditors according to the following schedule:*

> *Month 1 through 15 of Plan -    $1,028.00*
> *Month 16 though 24 of Plan -    $1,245.00*
> *Month 25 though 60 of Plan -    $2,454.00.*

4.    *Equity Interests. There are no equity interests in this case.*

5.    *Appointment of Disbursing Agent: Stephen and Melinda Dreher shall be the disbursing agent for the estate.*

## ARTICLE FIVE

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtors currently are the lessors for the Los Angeles rental property. The terms of that agreement are for a monthly payment of $5000.00. Debtors intend to assume this contract.

## ARTICLE SIX

### PROVISIONS FOR IMPLEMENTATION OF THE PLAN AND MEANS FOR

### EXECUTION OF THE PLAN

**FOURTH AMENDED CHAPTER 11 PLAN - 13**

Exhibit B
13 of 20

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 38 of 70   Page ID
#:666
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 15 of 21   Page ID #:30
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document   Page 14 of 20

1.     Funds necessary for the satisfaction for creditors' claims shall be generated from rental income and Debtors' wages.

2.     Debtors shall pay all administrative expenses in full, as approved by the court, pursuant to the terms of this Plan.

3.     Notwithstanding any other provision of the Plan or Reorganization, disputed claims as set forth in the Debtors' Bankruptcy Schedules on file herein and claims which may be contested shall be paid only upon their allowance by the Bankruptcy Court in conformance with the classification of the allowed amount of such claim as set forth herein.

4.     All property of the Debtors shall be retained by them, except as specifically provided for otherwise hereinbefore.

5.     The Debtors shall retain and may enforce any civil action, claim, or interest against any party whatsoever while the Plan is in effect.

6.     The Debtors may elect to contest various claims filed by creditors.

# ARTICLE SEVEN

## PROPERTY DEALT WITH AND LIEN RETENTION

All property of the Debtors is dealt with in the Plan. Secured creditors shall retain their security interest or lien in the property of the Debtors, subject to the provisions of the Bankruptcy code, other agreements between Debtors and lien holders, and this Plan.

# ARTICLE EIGHT

## MODIFICATION OF PLAN

1.     Modification of the Plan may be proposed upon request of the Debtors at any time before confirmation, provided that such Plan, as modified, meets the

**FOURTH AMENDED CHAPTER 11 PLAN - 14**

Exhibit B
14 of 20

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 39 of 70   Page ID
#:667
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 16 of 21   Page ID #:31
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document      Page 15 of 20

requirements of 11 U.S.C. § 1122 and § 1123, and the Debtors have complied with 11 U.S.C. § 1125 of the Code.

2.     In addition, the Plan may be modified at any time after confirmation and before completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the Debtors, the United States Trustee or the holder of an allowed unsecured claim, provided that such Plan, as modified, meets the requirements of 11 U.S.C. § 1122 and § 1123 of the Code and the Court, after notice and a hearing, confirms such Plan as modified, under 11 U.S.C. § 1129 of the Code, and the circumstances then existing justify such modifications.

3.     A holder of a claim or interest that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, such Plan as modified, unless, within the time fixed by the court, such holder changes its previous acceptance or rejection.

4.     Any modification of the Plan will supersede and render null and void the previous provision which was modified.

5.     The Debtors may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the final Order of the Court confirming the plan in such manner as may be necessary to carry out the purpose and intent of this Plan so long as the interest of claimants or interest holders are not materially or adversely affected.

# ARTICLE NINE

## RETENTION OF JURISDICTION

Until the entry of final decree completely closing the case, the Bankruptcy Court shall retain jurisdiction over all matters necessary to ensure that the purposes and intent of this Plan are carried out, including but not limited to the following:

**FOURTH AMENDED CHAPTER 11 PLAN - 15**

Exhibit B
15 of 20

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 40 of 70   Page ID
#:668
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 17 of 21   Page ID #:32
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document      Page 16 of 20

1.      Determination of requests for payment of claims entitled to priority under §507(a)(1) of the Code, including compensation of claimants entitled thereto;

2.      In the event an appeal is perfected from the order confirming the Plan, the Court shall also retain jurisdiction appropriate to protect the interest of the estate and to enter such orders as are necessary to protect the interest of creditors during the pendency of such appeal.

3.      Hear and determine any objection to a claim or equity security interest when such objection is filed with the Court by the Debtors.

4.      Hear and determine all questions and disputes regarding title to the property of the Debtors or the Debtors' estate;

5.      Correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the order of confirmation as may be necessary to carry out the purpose and intent of the Plan;

6.      To liquidate damages in connection with any disputed claims;

7.      To adjudicate all claims of a security or ownership interest in any property of the estate or in any proceeds thereof;

8.      To allow and classify claims of any creditor, reexamine claims as provided under the Code, and to hear and determine any objection to a claim or equity security interest when such objection is filed with the Court by the Debtors.

9.      Issue any order necessary to implement the Plan or order of confirmation, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtors, the Debtors' estate, and the reorganized Debtors in its estate from actions of creditors, equity security holders, or other parties in interest;

10.     Hear and determine any dispute relating to the terms or implementation of

**FOURTH AMENDED CHAPTER 11 PLAN - 16**

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 41 of 70   Page ID
#:669
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 18 of 21   Page ID #:33
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document       Page 17 of 20

the Plan or Order of Confirmation, or to the rights or obligations of any party in interest with respect thereto and correct any defect, cure any omission, or reconcile any consistency in the Plan or the order of confirmation as may be necessary to carry out the purpose and intent of the Plan;

11. To hear and determine any modification of the Plan pursuant to § 1127 of the Bankruptcy Code;

12. To hear and determine any dispute, claim for relief application, adversary proceeding or contested matter pending commenced after the confirmation date involving the collection or liquidation of assets of the Debtors, including, without limitation, any proceeding commenced for the purpose of voiding, recovering or preserving for the benefit of the estate any transfer of property, obligation incurred by the Debtors, lien or setoff;

13. Hear and determine any matter related to the assumption, assignment , or rejection of an executory contract or unexpired lease of the Debtors; and

14. Entry of a final decree closing this Chapter 11 case.

Nothing contained herein shall be construed as restricting the Debtors in the conduct of its business and operation unless the plan specifically provides to the contrary.

# ARTICLE TEN

## DISCHARGE

Upon Debtors' completion of all payments under the Plan, the Court shall order a discharge of (i) any and all claims arising or occurring prior to the effective date, and (ii) any and all claims of the kind specified in §502(g), 502(h), or 502(i) of the Code. Such discharge will be effective under §1141 of the Code whether or not a Proof of Claim is

**FOURTH AMENDED CHAPTER 11 PLAN - 17**

Exhibit B
17 of 20

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 42 of 70   Page ID
#:670
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 19 of 21   Page ID #:34
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document   Page 18 of 20

filed or deemed filed, such claim is allowed or the holder of such claim has accepted the Plan.

# ARTICLE ELEVEN

## VESTING OF PROPERTY IN DEBTORS

1.     Upon the effective date of the Plan all property of the estate shall vest in the Debtors, and shall be held and owned by the Debtors, free and clear of all liens, claims and interest of all creditors or all interest holders in the Debtors, except to the extent provided for in the Plan.

2.     Pending performance of the Plan and unless the Court has otherwise expressly ordered or this Plan otherwise expressly provide, all creditors, will be stayed from proceeding against the Debtors, the Debtors' assets, or the assets of the estate.

# ARTICLE TWELVE

## MISCELLANEOUS

1.     The headings in the Plan are for the convenience of reference only and neither constitute a portion of the Plan nor in any manner affect the construction or meaning of the provisions of the Plan.

2.     The authority of the Debtors to agree to modification, supplements or amendments of or to any agreements or instruments referred to in the Plan or utilized in the Debtors' business shall be as provided in such agreement or instrument.

3.     Except to the extent that the Code or other federal law is applicable, the rights, duties and obligations arising under this Plan shall be governed and construed and enforced in accordance with the laws of the State of Idaho.

4.     The rights, duties and obligations of any person named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors or

**FOURTH AMENDED CHAPTER 11 PLAN - 18**

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 43 of 70   Page ID
#:671
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 20 of 21   Page ID #:35
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document   Page 19 of 20

assigns of such person.

5. Whenever any payment or distribution to be made under this Plan shall be due on a day other than a business day, such payment or distribution shall instead be made, without interest, on the immediately following business day.

6. Any notice, pleading, or document, required to be served by law or according to the provisions of this Plan, shall be in writing and shall be served in person or by Certified Mail upon the Debtors as follows:

Debtors: Stephen and Melinda Dreher
P.O. Box 400
Worley, ID 83876

# ARTICLE THIRTEEN

## CONCLUSION

The Debtors have given due thought and consideration to the complex problems confronting it, and with the assistance of its counsel, has devised and formulated this Plan. This Plan is respectfully submitted with the hope that its equity and fairness will be considered by the parties in interest, whose consent is necessary to perfect it. It is further hoped that all creditors will join in an affirmative vote for the plan in order that they, as well as the Debtors, will receive the maximum benefits to be derived therefrom. The Debtors have not audited the claims or other figures, however, this Plan and approved Disclosure Statement are as accurate as is feasible under the circumstances.

Attorneys for Debtors: Patrick J. Geile
Matthew K. Shriver
P.O. Box 10
Meridian, ID 83680

**FOURTH AMENDED CHAPTER 11 PLAN - 19**

Exhibit B
19 of 20

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 44 of 70   Page ID #:672
Case 2:18-cv-07827   Document 1-2   Filed 09/07/18   Page 21 of 21   Page ID #:36
Case 10-21037-TLM   Doc 169   Filed 08/28/12   Entered 08/28/12 09:37:21   Desc Main
Document     Page 20 of 20

DATED 22nd day of August, 2012.

Debtors

/s/_____
Stephen Dreher

_____/s/_____
Melinda Dreher

**FOURTH AMENDED CHAPTER 11 PLAN - 20**

Exhibit B
20 of 20

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 45 of 70   Page ID
#:673
Case 2:18-cv-07827   Document 1-3   Filed 09/07/18   Page 1 of 5   Page ID #:37

# EXHIBIT C
# CONFIRMATION ORDER
# 1-4

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 46 of 70   Page ID
#:674
Case 2:18-cv-07827   Document 1-3   Filed 09/07/18   Page 2 of 5   Page ID #:38
Case 10-21037-TLM   Doc 186   Filed 12/18/12   Entered 12/18/12 17:11:01   Desc Main
Document   Page 1 of 3

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

In re:

**STEPHEN CLIFTON DREHER and MELINDA
LEE DREHER,**

Debtors.

Case No. 10-21037-TLM

Chapter 11

### CONFIRMATION ORDER

The Debtors, Stephen Clifton Dreher and Melinda Lee Dreher's Fourth Amended Chapter 11 Plan of Reorganization ("Plan"), filed on August 28, 2012, has been transmitted to the creditors and equity security holders. A confirmation hearing was held on October 15, 2012, and hearing for ruling of confirmation of plan was held December 5, 2012. The court holds as follows:

The Debtors' Fourth Amended Chapter 11 Plan ("Plan") dated August 28, 2012 was transmitted to all creditors, equity security holders and such other parties in interest requesting notice.

The Plan complies with the applicable provisions of Section 1129(a) and/or 1129(b) of the Bankruptcy Code.

Any written objections to confirmation of the Debtors' Plan that have been filed with the Court have been resolved by the provisions of the Debtors' Fourth Amended Plan and this Order.

The provisions of Chapter 11 of the Code have been complied with in every respect and the Plan has been proposed in good faith and not by any means forbidden by law.

Each class of holders of claims or interests has accepted the Debtors' Plan or will receive or retain property which, as of the effective date of the Plan, has a value that is not less than the amount such holder would receive or retain if the Debtors' estate were liquidated under Chapter 7 of the Code on such date.

All payments made or promised to be made by the Debtors, or by any person, for services or costs and expenses in or in connection with the plan and incident to this case have been fully disclosed to the Court and are reasonable; or, if to be fixed after confirmation of the Debtors' Plan, will be subject to Court approval.  Debtor can pay professional fees to the extent an order has been entered authorizing the payment.

Confirmation of the Debtors' Plan is not likely to lead to liquidation or the need for further

Exhibit C
1 of 4

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 47 of 70   Page ID
#:675
Case 2:18-cv-07827   Document 1-3   Filed 09/07/18   Page 3 of 5   Page ID #:39
Case 10-21037-TLM   Doc 186   Filed 12/18/12   Entered 12/18/12 17:11:01   Desc Main
Document   Page 2 of 3

financial reorganization of the Debtors' estate other than what is set forth in the plan.

Except as otherwise provided for in the Plan or in the order of Confirmation,

**COMPLETION OF THE DEBTORS' PLAN OF REORGANIZATION** acts as a discharge effective as of

the effective date of the Plan, of (I) any and all claims arising or occurring prior to the effective date, and

(ii) any and all claims of the kind specified in §502(g), 502(h), or 502(I) of the Code. Such discharge will

be effective under §1141 of the Code whether or not a Proof of Claim is filed or deemed filed, such claim

is allowed, or the holder of such claim has accepted the Plan.

NOW, THEREFORE IT IS HEREBY ORDERED ADJUDGED AND DECREED AS FOLLOWS:

Debtors' Fourth Amended Plan of Reorganization is CONFIRMED.

All property of the estate shall be vested in the Debtors free and clear of any and all claims or interest of

Creditors, except as is provided in Debtors' Fourth Amended Plan of Reorganization.

// end of text //

DATED: December 18, 2012



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

Order submitted by Matthew K. Shriver, attorney for the Debtors

APPROVED AS TO FORM:

_____/s/_____
Stephen Clifton Dreher
Debtor

_____/s/_____
Melinda Lee Dreher
Debtor

_____/s/_____
Matthew K. Shriver
Attorney for Debtors

Exhibit C
2 of 4

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 48 of 70   Page ID #:676
Case 2:18-cv-07827   Document 1-3   Filed 09/07/18   Page 4 of 5   Page ID #:40
Case 10-21037-TLM   Doc 186   Filed 12/18/12   Entered 12/18/12 17:11:01   Desc Main
Document   Page 3 of 3

_____/s/_____

Gary Dyer
U.S. Trustee's Office

Exhibit C
3 of 4

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 49 of 70   Page ID #:677
Case 2:18-cv-07827   Document 1-3   Filed 09/07/18   Page 5 of 5   Page ID #:41
Case 10-21037-TLM   Doc 186-1   Filed 12/18/12   Entered 12/18/12 17:11:01   Desc
Order on Cnf of Plan: Notice Recipients   Page 1 of 1

## Notice Recipients

| District/Off: 0976−2 | User: arutter | Date Created: 12/18/2012 |
| Case: 10−21037 TLM | Form ID: pdf025 | Total: 2 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| db | Stephen Clifton Dreher | PO Box 400 | Worley, ID 83876 |
| jdb | Melinda Lee Dreher | PO Box 400 | Worley, ID 83876 |

TOTAL: 2

Exhibit C
4 of 4

# EXHIBIT D
# DISCHARGE ORDER
# 1-4

**Information to identify the case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Stephen Clifton Dreher** | | Social Security number or ITIN | xxx-xx-5442 |
| | First Name   Middle Name   Last Name | | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | **Melinda Lee Dreher** | | Social Security number or ITIN | xxx-xx-1343 |
| | First Name   Middle Name   Last Name | | EIN | __-_____ |

United States Bankruptcy Court   **District of Idaho**

Case number:   **10-21037-TLM**

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1141(d)(5) is granted to:

Stephen Clifton Dreher
aka Steve Dreher

Melinda Lee Dreher

<u>2/27/18</u>

**By the court:** <u>Terry L. Myers</u>
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in an Individual Chapter 11 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 11 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

    **For more information, see page 2 >**

Exhibit D
1 of 4

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 52 of 70   Page ID #:680
Case 2:18-cv-07827   Document 1-4   Filed 09/07/18   Page 3 of 5   Page ID #:44
Case 10-21037-TLM   Doc 261   Filed 02/27/18   Entered 02/27/18 11:45:25   Desc Ch 11
Individual Discharge   Page 2 of 2

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of an individual chapter 11 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

Exhibit D
2 of 4

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 53 of 70   Page ID #:681

Case 2:18-cv-07827   Document 1-4   Filed 09/07/18   Page 4 of 5   Page ID #:45

Case 10-21037-TLM   Doc 261-1   Filed 02/27/18   Entered 02/27/18 11:45:25   Desc Ch 11 Individual Discharge: Notice Recipients   Page 1 of 2

## Notice Recipients

| District/Off: 0976-2 | User: arutter | Date Created: 2/27/2018 |
|---|---|---|
| Case: 10-21037-TLM | Form ID: 3180RI | Total: 108 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
| | | |
|---|---|---|
| cr | Wells Fargo Auto Finance | |
| acc | Bernard Turk | |
| cr | Bank of New York Mellon | |

TOTAL: 3

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| tr | US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| aty | David E Eash | davide@feltmanewing.com |
| aty | David Wayne Newman | ustp.region18.bs.ecf@usdoj.gov |
| aty | Forrest R Goodrum | fgoodrum@mgslegal.com |
| aty | Gary W Dyer | gary.w.dyer@usdoj.gov |
| aty | James K Miersma | jbarrett@mccarthyholthus.com |
| aty | Kelly Greene McConnell | litigation@givenspursley.com |
| aty | Kevin C Braley | kbraley@hollandhart.com |
| aty | Kirk Sterling Cheney | kscheney@hollandhart.com |
| aty | Lisa McMahon–Myhran | lmcmahon@robinsontait.com |
| aty | Patrick John Geile | pgeile@foleyfreeman.com |
| aty | Robin M. Long | Robin@kam13trustee.com |
| aty | Timothy S Callender | tcallender@ameriben.com |

TOTAL: 13

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | | |
|---|---|---|---|---|---|
| db | Stephen Clifton Dreher | PO Box 400 | Worley, ID 83876 | | |
| jdb | Melinda Lee Dreher | PO Box 400 | Worley, ID 83876 | | |
| aty | David Eash | Ewing Anderson | 2101 Lakewood Dr #236 | Coeur d Alene, ID 83814 | |
| cr | Recovery Management Systems Corporation for Capital Recovery | | 25 SE 2nd Avenue, Suite 1120 | | Miami, FL 33131 |
| cr | The Bank of New York Mellon | Routh Crabtree Olsen, PS | Mark Moburg | 13555 SE 36th St | Suite 300 | Bellevue, WA 98006 |
| app | Peak Appraisal Service, LLC | 1018 S Tanglewood Rd | Post Falls, ID | | |
| cr | Deutsche Bank National Trust Company | Routh Crabtree Olsen. P.S. | c/o Lance E. Olsen | 13555 SE 36th St. | Suite 300 | Bellevue, WA 98006 |
| app | Gregory Wasik | Los Angeles Valuation Group | 1154 N Sycamore Ave | Suite 11 | Los Angeles, CA 90038 |
| cr | Quantum3 Group LLC as agent for | Galaxy Portfolios LLC | PO Box 788 | Kirkland, WA 98083-0788 | |
| cr | Select Portfolio Servicing, Inc. | 3815 South West Temple | Salt Lake City, UT 84115 | | |
| cr | Ocwen Loan Servicing, LLC | c/o Robinson Tait, P.S. | 710 Second Avenue, Suite 710 | | Seattle, WA 98104 |
| cr | Real Time Resolutions, Inc. | 1349 Empire Central Drive, Suite #150 | PO Box 36655 | Dallas, TX 75247-4029 | |
| cr | Bank of America, N.A. | c/o Givens Pursley LLP | 601 W Bannock St | PO Box 2720 | Boise, ID 83701 |
| aty | Daniel L Rottinghaus | Berding & Weil, LLP | 3240 Stone Valley Rd | Alamo, CA | |
| aty | Iain A Macdonald | Macdonald & Associates | 221 Sansome Street | Third Floor | San Francisco, CA 94104 |
| aty | Paul W Windust | Berding & Weil, LLP | 3240 Stone Valley Rd | Alamo, CA | |
| ust | Carey A Tompkins | US Trustee | 920 West Riverside Ave, Suite 593 | Spokane, WA 99201 | |
| ust | jfiles1 Office of the U.S. Trustee | Office of the U.S. Trustee | 405 E. 8th Avenue | Suite 1100 | Eugene, OR 97401 |
| ust | US Trustee | Washington Group Central Plaza | 720 Park Blvd, Ste 220 | Boise, ID 83712 | |
| 3631436 | ADT Security Systems, Inc | PO Box 371490 | Pittsburgh, PA 15250 | | |
| 3631437 | AFNI, Inc | PO Box 3517 | Bloomington, IL 61702-3517 | | |
| 3631435 | Acs/st Ed Ln Mkg Corp | 501 Bleecker St | Utica, NY 13501 | | |
| 3631438 | Allied Collection Svcs | 7120 Hayvenhurst Ave Ste | Van Nuys, CA 91406 | | |
| 3715515 | American Express Centurion Bank | c o Becket and Lee LLP | POB 3001 | Malvern, PA 19355-0701 | |
| 3631439 | Amex | c/o Beckett Lee | PO Box 3001 | Malvern, PA 19355 | |
| 3631440 | Bac Home Loans Servici | 450 American St | Simi Valley, CA 93065 | | |
| 3631443 | Bank of America | PO Box 15726 | Wilmington, DE 19886 | | |
| 3631441 | Bank of America | PO Box 787 | Post Falls, ID 83877-0787 | | |
| 3631442 | Bank of America | c/o Bronson Cawley Bergman | 415 Lawrence Bell Drive | Williamsville, NY 14221 | |
| 4430548 | Bank of New York Mellon, f/k/a The Bank | Serviced by Select Portfolio Servicing, | 3815 South West Temple | Salt Lake City, UT 84115 | |
| 3631444 | Bishop, White Marshall, P. | Attorneys at Law | 720 Olive Way Ste 1301 | Seattle, WA 98101-1801 | |
| 3631445 | Cdi Affiliated Service | PO Box 4068 | Boise, ID 83711 | | |

Exhibit D
3 of 4

Case 2:18-cv-07827   Document 1-4   Filed 09/07/18   Page 5 of 5   Page ID #:46
Case 10-21037-TLM   Doc 261-1   Filed 02/27/18   Entered 02/27/18 11:45:25   Desc Ch
11 Individual Discharge: Notice Recipients   Page 2 of 2

| | | | | |
|---|---|---|---|---|
| 3631446 | Creditors Financial Group | PO Box 440290 | Aurora, CO 80044 | |
| 3940971 | Deutsche Bank National Trust Company | 13555 SE 36th St., Suite 300 | Bellevue, WA 98006 | |
| 4028773 | Deutsche Bank National Trust Company | 13555 SE 36th St., Suite 300. | Bellevue, WA 98006. | |
| 3652357 | Deutsche Bank National Trust Company | c/o McCarthy & Holthus, LLP | 19735 10th Ave NE, Suite N200   Poulsbo, WA 98370 | |
| 3639862 | Discover Bank | Dfs Services LLC | PO Box 3025 | New Albany, OH 43054-3025 |
| 3631448 | Discover Card | PO Box 3008 | New Albany, OH 43054 | |
| 3631449 | Discover Card | PO Box 30395 | Salt Lake City, UT 84130 | |
| 3631447 | Discover Card | PO Box 6103 | Carol Stream, IL 60197 | |
| 3631450 | Discover Fin | Attention: Bankruptcy Department | Po Box 3025 | New Albany, OH 43054 |
| 3631451 | Doolittle Law | PO Box 9385 | Boise, ID 83707 | |
| 3631454 | ER Solutions Inc | PO Box 9004 | Renton, WA 98057 | |
| 3631452 | Enhanced Recovery Corp | 8014 Bayberry Rd | Jacksonville, FL 32256-7412 | |
| 3631453 | Equinox Financial Management | PO Box 455 | Park Ridge, IL 60068 | |
| 3685959 | Green Tree Servicing LLC | 7360 S. Kyrene Rd | Recovery Dept T120 | Tempe, AZ 85283 |
| 3631455 | Hughes Network | c/o NCO Financial Services | PO Box 15243 | Wilmington, DE 19850 |
| 3631456 | IC Systems, Inc | PO Box 64380 | Saint Paul, MN 55164 | |
| 3631460 | IndyMac Mortgage Services | PO Box 4045 | Kalamazoo, MI 49003 | |
| 3631457 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631458 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631459 | Indymac Federal Bank | Home Loan Servicing | 6900 Beatrice Drive | Kalamazoo, MI 49009 |
| 3631461 | Kootenai County Treasurer | PO Box 6700 | Coeur D Alene, ID 83816 | |
| 3631462 | Mortgage Electronic Reg Sys | c/o ReContrust Company | 1800 Tapo Canyon Rd. | Simi Valley, CA 93063 |
| 3633776 | NORDSTROM fsb | POB 6566 | ENGLEWOOD CO 80155 | |
| 3631463 | National City | PO Box 5570 | Cleveland, OH 44101 | |
| 3631465 | National City | 116 Allegheny Center Mall | Pittsburgh, PA 15212 | |
| 3631464 | National City | Retail Direct Inbound | 400 W. Crosstown Pkwy | Kalamazoo, MI 49001 |
| 3631466 | National Enterprise Systems | 29125 Solon road | Solon, OH 44139-3442 | |
| 3631467 | Nordstrom Bank | PO Box 6587 | Englewood, CO 80155 | |
| 3631468 | Nordstrom Bank | PO Box 79137 | Phoenix, AZ 85062 | |
| 3631469 | Nordstrom FSB | Attention: Bankruptcy Department | Po Box 6566 | Englewood, CO 80155 |
| 4431768 | Ocwen Loan Servicing, LLC | Attn: Bankruptcy Department | P.O. Box 24605 | West Palm Beach, FL 33416-4605 |
| 3631470 | One West Bank Group, LLC | c/o Faslo Solutions, LLC | PO Box 202166 | Dallas, TX 75320 |
| 3944805 | OneWest Bank, FSB | P.O. Box 829009 | Dallas, TX 75382 | |
| 3631472 | PNC Bank | PO Box 5570 | Brecksville, OH 44101 | |
| 3631471 | Penn Credit Corporation | PO Box 988 | Harrisburg, PA 17108 | |
| 3965593 | Quantum3 Group LLC as agent for | Galaxy Portfolios LLC | PO Box 788 | Kirkland, WA 98083-0788 |
| 3631475 | RGS Financial | PO Box 852039 | Richardson, TX 75085 | |
| 4432730 | Real Time Resolutions, Inc. | 1349 Empire Central Drive, Suite #150 | PO Box 36655 | Dallas, Texas 75247-4029 |
| 3631473 | Recontrust Company | 2380 Performance Drive | CA6-914-01-94 | Richardson, TX 75082 |
| 3661651 | Recovery Management Systems Corporation | 25 S.E. 2nd Avenue, Suite 1120 | Miami, FL 33131-1605 | |
| 3631474 | Regional Trustee Services Co | 616 First Ave #500 | Seattle, WA 98104 | |
| 3631476 | Sheryl Johnson | c/o Merchant Realty | PO Box 3842 | Cerritos, CA 90703-3842 |
| 3727566 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6-919-01-23 | Simi Valley, CA 93065 |
| 3738460 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6-919-01-23 | Simi Valley, CA 93065 |
| 3631477 | Tate Kirlin Associates | 2810 Southampton Road | Philadelphia, PA 19154 | |
| 3631478 | The CBE Group, Inc | PO Box 2594 | Waterloo, IA 50704 | |
| 3631479 | Union Bank Trust | Po Box 82535 | Lincoln, NE 68501 | |
| 3631480 | Usa Servicing Company | Attn: Bankruptcy Unit | Po Box 9400 | Wilkes Barre, PA 18773 |
| 3650130 | Valley Empire Collection | 11707 E Montgomery | Spokane WA 99206 | |
| 3631481 | Verizon | c/c AFNI Inc | 1310 Martin Luther King Drive | Bloomington, IL 61702 |
| 3631482 | Verizon Communications-RPC | 11313 N Sepulveda | Mission Hills, CA 91345 | |
| 3631483 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 | |
| 3631484 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 | |
| 3707341 | Verizon Wireless | PO BOX 3397 | Bloomington, IL 61702 | |
| 3631485 | Verizon Wireless | PO Box 9622 | Mission Hills, CA 91346 | |
| 3631486 | Vly Emp Coll | 11707 E Montgomery | Spokane, WA 99206 | |
| 3647621 | Wells Fargo Auto Finance | 13675 Technology Dr. Bldg C, 2nd Floor | Eden Prairie, MN 55344 | |
| 3631487 | West Asset Purchasing | 101 Convention Center St | Las Vegas, NV 89109 | |
| 3707343 | West Asset Purchasing, LLC | c/o B-Line, LLC | MS 550 | PO Box 91121   Seattle, WA 98111-9221 |
| 3631488 | Wffinancial | Po Box 7648 | Boise, ID 83707 | |

TOTAL: 92

Exhibit D
4 of 4

# EXHIBIT E
# CLOSING ORDER
# 1-3

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | **Case No. 10-21037-TLM** |
| **STEPHEN CLIFTON DREHER and MELINDA LEE DREHER,** | **Chapter 11** |
| Debtors. | |

## ORDER CLOSING CASE

COMING BEFORE THIS COURT on the Stipulated Motion to Close Case, with appropriate notice given, and good cause appearing, the Debtor's Motion is hereby GRANTED.

// end of text //

DATED:  March 1, 2018

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

Submitted by Patrick J. Geile, Attorney for Debtors
APPROVED AS TO FORM:


/s/_____
Brett Cahoon
Chapter 11 Trustee

Exhibit E
1 of 3

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 57 of 70   Page ID #:685
Case 2:18-cv-07827   Document 1-5   Filed 09/07/18   Page 3 of 4   Page ID #:49
Case 10-21037-TLM   Doc 264-1   Filed 03/01/18   Entered 03/01/18 12:39:45   Desc
Order to Close Case PDF: Notice Recipients   Page 1 of 2

# Notice Recipients

| District/Off: 0976-2 | User: arutter | Date Created: 3/1/2018 |
|---|---|---|
| Case: 10-21037-TLM | Form ID: pdf077 | Total: 108 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | |
|---|---|
| cr | Wells Fargo Auto Finance |
| acc | Bernard Turk |
| cr | Bank of New York Mellon |

TOTAL: 3

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| tr | US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| aty | David E Eash | davidc@fcltmancwing.com |
| aty | David Wayne Newman | ustp.region18.bs.ecf@usdoj.gov |
| aty | Forrest R Goodrum | fgoodrum@mgslcgal.com |
| aty | Gary W Dyer | gary.w.dyer@usdoj.gov |
| aty | James K Miersma | jbarrett@mccarthyholthus.com |
| aty | Kelly Greene McConnell | litigation@givenspursley.com |
| aty | Kevin C Braley | kbraley@hollandhart.com |
| aty | Kirk Sterling Cheney | kscheney@hollandhart.com |
| aty | Lisa McMahon-Myhran | lmcmahon@robinsontait.com |
| aty | Patrick John Geile | pgeile@foleyfreeman.com |
| aty | Robin M. Long | Robin@kam13trustee.com |
| aty | Timothy S Callender | tcallender@ameriben.com |

TOTAL: 13

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | | | |
|---|---|---|---|---|---|---|
| db | Stephen Clifton Dreher | PO Box 400 | Worley, ID 83876 | | | |
| jdb | Melinda Lee Dreher | PO Box 400 | Worley, ID 83876 | | | |
| aty | David Eash | Ewing Anderson | 2101 Lakewood Dr #236 | Coeur d Alene, ID 83814 | | |
| cr | Recovery Management Systems Corporation for Capital Recovery | | | 25 SE 2nd Avenue, Suite 1120 | Miami, FL 33131 | |
| cr | The Bank of New York Mellon | Routh Crabtree Olsen, PS | | Mark Moburg | 13555 SE 36th St | Suite 300 | Bellevue, WA 98006 |
| app | Peak Appraisal Service, LLC | 1018 S Tanglewood Rd | Post Falls, ID | | | |
| cr | Deutsche Bank National Trust Company | Routh Crabtree Olsen, P.S. | c/o Lance E. Olsen | 13555 SE 36th St. | Suite 300 | Bellevue, WA 98006 |
| app | Gregory Wasik | Los Angeles Valuation Group | 1154 N Sycamore Ave | Suite 11 | Los Angeles, CA 90038 | |
| cr | Quantum3 Group LLC as agent for | Galaxy Portfolios LLC | PO Box 788 | Kirkland, WA 98083-0788 | | |
| cr | Select Portfolio Servicing, Inc. | 3815 South West Temple | Salt Lake City, UT 84115 | | | |
| cr | Ocwen Loan Servicing, LLC | c/o Robinson Tait, P.S. | 710 Second Avenue, Suite 710 | Seattle, WA 98104 | | |
| cr | Real Time Resolutions, Inc. | 1349 Empire Central Drive, Suite #150 | PO Box 36655 | Dallas, TX 75247-4029 | | |
| cr | Bank of America, N.A. | c/o Givens Pursley LLP | 601 W Bannock St | PO Box 2720 | Boise, ID 83701 | |
| aty | Daniel L Rottinghaus | Berding & Weil, LLP | 3240 Stone Valley Rd | Alamo, CA | | |
| aty | Iain A Macdonald | Macdonald & Associates | 221 Sansome Street | Third Floor | San Francisco, CA 94104 | |
| aty | Paul W Windust | Berding & Weil, LLP | 3240 Stone Valley Rd | Alamo, CA | | |
| ust | US Trustee | Washington Group Central Plaza | 720 Park Blvd, Ste 220 | Boise, ID 83712 | | |
| ust | Carey A Tompkins | US Trustee | 920 West Riverside Ave, Suite 593 | Spokane, WA 99201 | | |
| ust | jfiles1 Office of the U.S. Trustee | Office of the U.S. Trustee | 405 E. 8th Avenue | Suite 1100 | Eugene, OR 97401 | |
| 3631436 | ADT Security Systems, Inc | PO Box 371490 | Pittsburgh, PA 15250 | | | |
| 3631437 | AFNI, Inc | PO Box 3517 | Bloomington, IL 61702-3517 | | | |
| 3631435 | Acs/st Ed Ln Mkg Corp | 501 Bleecker St | Utica, NY 13501 | | | |
| 3631438 | Allied Collection Svcs | 7120 Hayvenhurst Ave Ste | Van Nuys, CA 91406 | | | |
| 3715515 | American Express Centurion Bank | c o Becket and Lee LLP | POB 3001 | Malvern, PA 19355-0701 | | |
| 3631439 | Amex | c/o Beckett Lee | PO Box 3001 | Malvern, PA 19355 | | |
| 3631440 | Bac Home Loans Servici | 450 American St | Simi Valley, CA 93065 | | | |
| 3631443 | Bank of America | PO Box 15726 | Wilmington, DE 19886 | | | |
| 3631441 | Bank of America | PO Box 787 | Post Falls, ID 83877-0787 | | | |
| 3631442 | Bank of America | c/o Bronson Cawley Bergman | 415 Lawrence Bell Drive | Williamsville, NY 14221 | | |
| 4430548 | Bank of New York Mellon, f/k/a The Bank | Serviced by Select Portfolio Servicing, | | 3815 South West Temple | Salt Lake City, UT 84115 | |
| 3631444 | Bishop, White Marshall, P. | Attorneys at Law | 720 Olive Way Ste 1301 | Seattle, WA 98101-1801 | | |
| 3631445 | Cdi Affiliated Service | PO Box 4068 | Boise, ID 83711 | | | |

Exhibit E
2 of 3

Case 2:18-cv-07827  Document 1-5  Filed 09/07/18  Page 4 of 4  Page ID #:50
Case 10-21037-TLM  Doc 264-1  Filed 03/01/18  Entered 03/01/18 12:39:45  Desc
Order to Close Case PDF: Notice Recipients  Page 2 of 2

| | | | |
|---|---|---|---|
| 3631446 | Creditors Financial Group | PO Box 440290 | Aurora, CO 80044 |
| 3940971 | Deutsche Bank National Trust Company | 13555 SE 36th St., Suite 300 | Bellevue, WA 98006 |
| 4028773 | Deutsche Bank National Trust Company | 13555 SE 36th St., Suite 300. | Bellevue, WA 98006. |
| 3652357 | Deutsche Bank National Trust Company | c/o McCarthy & Holthus, LLP | 19735 10th Ave NE, Suite N200  Poulsbo, WA 98370 |
| 3639862 | Discover Bank | Dfs Services LLC | PO Box 3025 | New Albany, OH 43054-3025 |
| 3631448 | Discover Card | PO Box 3008 | New Albany, OH 43054 |
| 3631449 | Discover Card | PO Box 30395 | Salt Lake City, UT 84130 |
| 3631447 | Discover Card | PO Box 6103 | Carol Stream, IL 60197 |
| 3631450 | Discover Fin | Attention: Bankruptcy Department | Po Box 3025 | New Albany, OH 43054 |
| 3631451 | Doolittle Law | PO Box 9385 | Boise, ID 83707 |
| 3631454 | ER Solutions Inc | PO Box 9004 | Renton, WA 98057 |
| 3631452 | Enhanced Recovery Corp | 8014 Bayberry Rd | Jacksonville, FL 32256-7412 |
| 3631453 | Equinox Financial Management | PO Box 455 | Park Ridge, IL 60068 |
| 3685959 | Green Tree Servicing LLC | 7360 S. Kyrene Rd | Recovery Dept T120 | Tempe, AZ 85283 |
| 3631455 | Hughes Network | c/o NCO Financial Services | PO Box 15243 | Wilmington, DE 19850 |
| 3631456 | IC Systems, Inc | PO Box 64380 | Saint Paul, MN 55164 |
| 3631460 | IndyMac Mortgage Services | PO Box 4045 | Kalamazoo, MI 49003 |
| 3631457 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631458 | Indymac Bank | Attn:Bankruptcy | Po Box 4045 | Kalamazoo, MI 49003 |
| 3631459 | Indymac Federal Bank | Home Loan Servicing | 6900 Beatrice Drive | Kalamazoo, MI 49009 |
| 3631461 | Kootenai County Treasurer | PO Box 6700 | Coeur D Alene, ID 83816 |
| 3631462 | Mortgage Electronic Reg Sys | c/o ReContrust Company | 1800 Tapo Canyon Rd. | Simi Valley, CA 93063 |
| 3633776 | NORDSTROM fsb | POB 6566 | ENGLEWOOD CO 80155 |
| 3631463 | National City | PO Box 5570 | Cleveland, OH 44101 |
| 3631465 | National City | 116 Allegheny Center Mall | Pittsburgh, PA 15212 |
| 3631464 | National City | Retail Direct Inbound | 400 W. Crosstown Pkwy | Kalamazoo, MI 49001 |
| 3631466 | National Enterprise Systems | 29125 Solon road | Solon, OH 44139-3442 |
| 3631467 | Nordstrom Bank | PO Box 6587 | Englewood, CO 80155 |
| 3631468 | Nordstrom Bank | PO Box 79137 | Phoenix, AZ 85062 |
| 3631469 | Nordstrom FSB | Attention: Bankruptcy Department | Po Box 6566 | Englewood, CO 80155 |
| 4431768 | Ocwen Loan Servicing, LLC | Attn: Bankruptcy Department | P.O. Box 24605 | West Palm Beach, FL 33416-4605 |
| 3631470 | One West Bank Group, LLC | c/o Faslo Solutions, LLC | PO Box 202166 | Dallas, TX 75320 |
| 3944805 | OneWest Bank, FSB | P.O. Box 829009 | Dallas, TX 75382 |
| 3631472 | PNC Bank | PO Box 5570 | Brecksville, OH 44101 |
| 3631471 | Penn Credit Corporation | PO Box 988 | Harrisburg, PA 17108 |
| 3965593 | Quantum3 Group LLC as agent for | Galaxy Portfolios LLC | PO Box 788 | Kirkland, WA 98083-0788 |
| 3631475 | RGS Financial | PO Box 852039 | Richardson, TX 75085 |
| 4432730 | Real Time Resolutions, Inc. | 1349 Empire Central Drive, Suite #150 | PO Box 36655 | Dallas, Texas 75247-4029 |
| 3631473 | Recontrust Company | 2380 Performance Drive | CA6-914-01-94 | Richardson, TX 75082 |
| 3661651 | Recovery Management Systems Corporation | 25 S.E. 2nd Avenue, Suite 1120 | Miami, FL 33131-1605 |
| 3631474 | Regional Trustee Services Co | 616 First Ave #500 | Seattle, WA 98104 |
| 3631476 | Sheryl Johnson | c/o Merchant Realty | PO Box 3842 | Cerritos, CA 90703-3842 |
| 3727566 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6-919-01-23 | Simi Valley, CA 93065 |
| 3738460 | THE BANK OF NEW YORK MELLON | 400 National Way | Mail Stop: CA6-919-01-23 | Simi Valley, CA 93065 |
| 3631477 | Tate Kirlin Associates | 2810 Southampton Road | Philadelphia, PA 19154 |
| 3631478 | The CBE Group, Inc | PO Box 2594 | Waterloo, IA 50704 |
| 3631479 | Union Bank Trust | Po Box 82535 | Lincoln, NE 68501 |
| 3631480 | Usa Servicing Company | Attn: Bankruptcy Unit | Po Box 9400 | Wilkes Barre, PA 18773 |
| 3650130 | Valley Empire Collection | 11707 E Montgomery | Spokane WA 99206 |
| 3631481 | Verizon | c/c AFNI Inc | 1310 Martin Luther King Drive | Bloomington, IL 61702 |
| 3631482 | Verizon Communications-RPC | 11313 N Sepulveda | Mission Hills, CA 91345 |
| 3631483 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 |
| 3631484 | Verizon Northwest | PO Box 9688 | Mission Hills, CA 91346 |
| 3707341 | Verizon Wireless | PO BOX 3397 | Bloomington, IL 61702 |
| 3631485 | Verizon Wireless | PO Box 9622 | Mission Hills, CA 91346 |
| 3631486 | Vly Emp Coll | 11707 E Montgomery | Spokane, WA 99206 |
| 3647621 | Wells Fargo Auto Finance | 13675 Technology Dr. Bldg C, 2nd Floor | Eden Prairie, MN 55344 |
| 3631487 | West Asset Purchasing | 101 Convention Center St | Las Vegas, NV 89109 |
| 3707343 | West Asset Purchasing, LLC | c/o B-Line. LLC | MS 550 | PO Box 91121 | Seattle, WA 98111-9221 |
| 3631488 | Wffinancial | Po Box 7648 | Boise, ID 83707 |

TOTAL: 92

Exhibit E
3 of 3

# EXHIBIT F
# ASSIGNMENT OF DEED OF TRUST 1-2

**This page is part of your document - DO NOT DISCARD**



## 20170333743



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/24/17 AT 10:44AM**

| | |
|---|---|
| **FEES:** | 18.00 |
| **TAXES:** | 0.00 |
| **OTHER:** | 0.00 |
| **PAID:** | 18.00 |



**L E A D S H E E T**



**201703242850008**

**00013510211**



**008223281**

**SEQ:**
**01**

**DAR - Mail (Intake)**

Exhibit F
1 of 2



**THIS FORM IS NOT TO BE DUPLICATED**

Recording Requested By:
Dreambuilder Investments, LLC
Prepared By: PNC Bank N.A.

When Recorded Return To:
Dreambuilder Investments, LLC/Leah
Whitworth
PO Box 458
Kimberling City, MO 65686
Ref#: 0000570000005761 / DBI-296712

CaseNbr:   11133576
Ref Number:   4586109653
Property Address:
546 N HIGHLAND AVE
LOS ANGELES, CA 90036
CAO-ADT          8/12/2010
NCC ID# 3858  DBI ID# 117541

Document Number: 13510211

Batch Number: 8223281

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 6750 Miller Road, Brecksville OH 44141 does hereby grant, sell, assign, transfer and convey unto Dreambuilder Investments, LLC   whose address is 30 Wall Street, 14th Floor, New York, NY 10005 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

| | |
|---|---|
| Original Lender: | NATIONAL CITY BANK |
| Original Borrower(s): | STEPHEN C DREHER AND MELINDA DREHER, HUSBAND AND WIFE AS JOINT TENANTS |
| Original Trustee: | National City Bank |
| Date of Deed of Trust: | 4/17/2007 |
| Original Loan Amount: | $350,000.00 |

Recorded in Los Angeles County, CA on: 4/25/2007, book N/A, page N/A and instrument number 20070996104

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on 8/12/2010

PNC BANK, N.A. SUCCESSOR BY MERGER TO
NATIONAL CITY BANK

By: _____
Ronald E. Rooney, President

State of SC, County of Lexington

The foregoing instrument was acknowledged before me, a Notary Public, on 8/12/2010 by Ronald E. Rooney, President of PNC BANK, N.A. SUCCESSOR BY MERGER TO NATIONAL CITY BANK on behalf of the corporation.

_____
Notary Public: Frances Y King
My Commission Expires: 5/26/2020

**FRANCES Y KING**
Notary Public
State of South Carolina
My Commission Expires 05/26/2020

Exhibit F
2 of 2

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 62 of 70   Page ID
#:690
Case 2:18-cv-07827   Document 1-7   Filed 09/07/18   Page 1 of 9   Page ID #:54

# EXHIBIT G
# DEMAND LETTER WITH RECEIPT
# 1-8

# FOLEY FREEMAN, PLLC
### ATTORNEYS AND COUNSELORS AT LAW
**953 S. INDUSTRY WAY**
**P.O. BOX 10**
**MERIDIAN, IDAHO 83680**

HOWARD R. FOLEY
MARK S. FREEMAN
PATRICK J. GEILE
LEAH F. SHOTWELL
MATTHEW G. BENNETT
LINDA E. WELLS

TELEPHONE: (208) 888-9111
FACSIMILE: (208) 888-5130
WEB SITE: *www.foleyfreeman.com*

June 20, 2018

## VIA CERTIFIED MAIL

Dreambuilder Investments, LLC
30 Wall St., 6th Floor
New York, NY 10005

      *Re:*    *Stephen and Melinda Dreher*
             *Chapter 11 Bankruptcy 10-21037-TLM*
             *Property located at 546 N. Highland Ave., Los Angeles, CA 90036*
             *Client No. 2660-002*

To Whom It May Concern:

    Our office has been retained by Stephen and Melinda Dreher regarding your violation of the post-discharge injunction by maintaining an interest in the Dreher's real property.

    Mr. and Mrs. Dreher filed for bankruptcy on August 5, 2010 in the District of Idaho. The Drehers later confirmed a Plan and received a discharge, and this case was closed in February of 2018. I am enclosing the Order of Discharge entered on February 27, 2018. Also enclosed please find Green Tree's Proof of Claim indicating that it received notice, and where notices were to be sent. I would point out that they were also listed on the Certificate of Service on the Order Granting Confirmation and Discharge Orders. No objection was ever filed by Green Tree. I have left a phone message, and have not yet received a return phone call.

    Dreambuilders is currently in violation of the post-discharge injunction, and my client will have actual damages due to the fact that he is unable to sell the property, because your client is clouding title to that property.

Exhibit G
1 of 8

Case 2:18-cv-07827-MWF-FFM  Document 74-2  Filed 11/13/19  Page 64 of 70  Page ID
#:692
Case 2:18-cv-07827  Document 1-7  Filed 09/07/18  Page 3 of 9  Page ID #:56

Page 2

_____

      Demand is therefore made within fourteen (14) days of the date of this letter to file a release of lien for the above-noted property.  If you have any further questions, please feel free to contact my office.

                  Sincerely,

                  FOLEY FREEMAN, PLLC

                  Patrick J. Geile
                  *pgeile@foleyfreeman.com*

PJG/rmb
Encl.
cc: Client

Exhibit G
2 of 8

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Stephen Clifton Dreher** | | Social Security number or ITIN | **xxx–xx–5442** |
| | First Name    Middle Name    Last Name | | EIN    _ _ – _ _ _ _ _ _ _ | |
| Debtor 2 | **Melinda Lee Dreher** | | Social Security number or ITIN | **xxx–xx–1343** |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | EIN    _ _ – _ _ _ _ _ _ _ | |
| United States Bankruptcy Court   **District of Idaho** | | | | |
| Case number:   **10–21037–TLM** | | | | |

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1141(d)(5) is granted to:

Stephen Clifton Dreher
aka Steve Dreher

Melinda Lee Dreher

2/27/18

**By the court:**  Terry L Myers
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in an Individual Chapter 11 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 11 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

**For more information, see page 2 >**

Exhibit G
3 of 8

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of an individual chapter 11 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180RI                **Individual Chapter 11 Discharge**                page 2

Exhibit G
4 of 8

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 67 of 70   Page ID #:695
Case 2:18-cv-07827-MWF-FFM   Document 1-7   Filed 09/07/18   Page 6 of 9   Page ID #:59
Case 2:18-cv-07827-VLM   Claim 6-1   Filed 10/26/10   Desc Main Document   Page 1 of 14

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | District of Idaho | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Stephen C Dreher | Case Number:<br>10-21037 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Green Tree servicing LLC<br>7360 S. Kyrene Rd. T-120 Tempe,Az. 85283<br><br>Telephone number:<br>(866) 270-3285 | Court Claim Number:_____<br>(*If known*)<br><br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Green Tree Servicing LLc<br>345 St. Peter St -L800R, St. Paul,MN 55102<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| **1. Amount of Claim as of Date Case Filed:**   $   348,256.43 | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**   money loaned<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy |
| **3. Last four digits of any number by which creditor identifies debtor:**   5583<br><br>    3a. Debtor may have scheduled account as:  PNC<br>    (See instruction #3a on reverse side.) | petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>If any: $    63,346.14  Basis for perfection: _____<br><br>Amount of Secured Claim: $    348,256.43  Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. 507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>    $_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>10/26/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/S/ HERSCHEL HOYT bankruptcy Supervisor | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit G
5 of 8

Case 2:18-cv-07827   Document 1-7   Filed 09/07/18   Page 7 of 9   Page ID #:60

## PRE PETITION ARREARS BREAKDOWN

ACCOUNT NAME:    Stephen C Dreher

ACCOUNT NUMBER:    xxxx5583

CASE NUMBER:    10-34957

STATE/DISTRICT:    District of Idaho

PROPERTY ADDRESS:    546 N Highland Ave, Los Angeles, CA

| | | AMOUNT |
|---|---|---|
| PRE-PETITION PAYMENTS: | Monthly Payment | $2,879.37 |
| Past Due From: 10/15/08-07/15/10 | | 22 |
| | TOTAL: | $63,346.14 |

| | AMOUNT | REASON |
|---|---|---|
| FEES AND COSTS | | late fees |
| | | bpo fee |
| | | legal cost |
| TOTAL: | $0.00 | |

### TOTAL ALL PRE-PETITION ARREARS TO BE INCLUDED ON POC REFERRAL

| | |
|---|---|
| TOTAL PAYMENTS DUE: | $63,346.14 |
| TOTAL FEES AND COSTS: | $0.00 |
| | $63,346.14 |

**Account information:**

| | |
|---|---|
| Date Loan Incurred: | 4/17/07 |
| status: | Loan accelerated to charge off for non-payment |
| Payoff at filing: | $348,256.43 |
| Prin Balance at filing: | $348,256.43 |

DATE PREPARED:    10/26/10

PREPARED BY:    Herschel Hoyt

Green Tree Servicing, LLC

877-256-4871 x 35250

Exhibit G
6 of 8

Case 2:18-cv-07827-MWF-FFM   Document 74-2   Filed 11/13/19   Page 69 of 70   Page ID
#:697
Case 2:18-cv-07827   Document 1-7   Filed 09/07/18   Page 8 of 9   Page ID #:61

National City®

**FIXED RATE CONSUMER NOTE AND SECURITY AGREEMENT – National Home Equity**
(Not to be Used for Texas Homestead Loans Unless Purchase Money or Refinance of Purchase Money)

1   **DEBTOR(S)**        **STEPHEN C DREHER**

Date_____**4/17/2007**_____

Address          **546 N HIGHLAND AVE**
                 **LOS ANGELES, California 90036**

2.      **DEFINITIONS AND GENERAL TERMS.** "You" or "your" means the undersigned Debtors. "We", "our" or "us" means National City Bank, 6750 Miller Road, Brecksville, Ohio 44141, and its successors and assigns. "Note" means this promissory note and security agreement and all related attachments and addenda  "Loan" means the loan evidenced by this Note. Property means the real estate securing the payment of this Note described in Section 4. "Disclosure Statement" means the separate federal truth-in-lending disclosure statement of even date provided to you, the terms of which are incorporated by reference in this Note  Disclosures in the Disclosure Statement are contract terms.  You agree that we are making this Loan directly to you  The Section headings of this Note are a table of contents and not contract terms

3.      **PROMISSORY NOTE.**  For value received, you, intending to be legally bound, jointly and severally promise to pay to our order the principal sum of $___**350,000.00**___, which includes a prepaid finance charge of $___**7253.00**___, plus interest from the date of this Note on the principal sum outstanding and other sums owed under this Note at the per annum rate of ___**9.250**__ %, payable as described in the payment schedule in the Disclosure Statement.  You agree that all past due and unpaid charges owed, including past due interest, may be capitalized and earn interest by adding them to the principal balance of this Note  Interest will be computed on a simple interest basis based upon a 365-day year, but calculated on actual days  Accordingly, your payment history could affect the amount you will pay under this Note

4.      **PROPERTY.**_**546 N HIGHLAND AVE**_____
                   _**LOS ANGELES , California 90036**_____

5.      **DISBURSEMENT OF PROCEEDS.** You authorize us to disburse all proceeds of this Loan by check, draft, electronic transfer or in such other form or manner as we choose in our sole discretion.

6.      **LATE CHARGE; RETURNED INSTRUMENT CHARGE; DEFERRAL CHARGE; DOCUMENT REQUEST CHARGE.**  If all or any portion of any monthly payment is not received within 10 days after it is due and we do not accelerate the entire balance owing under this Note, you agree to pay a late charge  This late charge will be the greater of 10% of the unpaid monthly payment or $40.  If any check, draft, negotiable order of withdrawal, or other similar instrument is returned to us unpaid for any reason, you agree to pay a returned instrument charge.  This returned instrument charge will be $25  If we, in our sole discretion, permit you to defer any payment(s) you agree to pay a deferral charge for each payment deferred    If you request copies of any documents related to this Loan, you agree to pay a document request charge for the service of providing copies.  This document request charge will be $6 per copy  We will not charge you for documents we are required to provide you by law

7      **INSURANCE.**  You are required to insure the Property until this Loan is paid in full or we sell the Property  You have the risk of loss of the Property and will be responsible for its loss or damage.  You agree to obtain primary insurance coverage (including furnishing existing coverage) from any insurer you want that is acceptable to us, provided that the insurer is authorized to do business in the state or jurisdiction where the Property is located or is an eligible surplus lines carrier, to the following types and amounts with us listed as loss payee (a) fire, "all risk" perils and flood insurance required by law; and (b) all other insurance required by applicable law  You must keep the Property fully insured against loss or damage on terms which are acceptable to us to the extent permitted by law  All insurance proceeds we receive (including a refund of premium) may at our option reduce the indebtedness of this Note or be used to repair or replace the Property  If the Property is destroyed, you must still pay us whatever you owe under this Note.  If you fail to maintain the required insurance, we may at our sole option obtain coverage at your expense which we believe are necessary to protect our interests in the Property  You agree to pay the expense of such insurance on demand or agree that we may add such expense to this Loan  You acknowledge that insurance we purchase may cost substantially more than insurance you could purchase.  Failure of your insurer to pay a claim, or any part of a claim, will mean you do not have the insurance required by this Note  You also assign to us any other insurance proceeds related to the Note or our interest in the Property  You must promptly provide us with evidence of insurance and proof of payment of insurance premiums upon our request, and all policies must provide us with a minimum of 10 days prior notice of cancellation or material change in coverage. Our mailing address for purposes of this Section is  P.O  Box 91596, Cleveland, OH 44101-0351  You irrevocably authorize us as your agent and on your behalf, which authorization will survive your incompetence, to negotiate, settle and release any claim under your insurance or under any insurance with a third party insurer related to the Property, and to receive and sign all related papers and documents on your behalf including, checks, drafts and other items payable to you

8.      **PREPAYMENT.**  You may voluntarily prepay the principal sum of this Note in part at any time.  If you voluntarily prepay the principal sum of this Note in full, you agree to pay a voluntary prepayment charge which will be equal to the greater of ___**0**___ % of the principal balance at the time of prepayment or $___**0.00**___.  You will only be charged this voluntary prepayment charge during the first ___**0**___ months of this Note.  If we accelerate the entire balance owing under this Note due to your default, you agree to pay an involuntary prepayment charge which will be equal to $__**150.00**_. No portion of the prepaid finance charge described in Section 3 will be refunded.  Subject to Section 3, you authorize us to apply all prepaid sums to the indebtedness of this Note in any manner we elect.

9.      **SECURITY AGREEMENT.**  To the extent permitted by law you grant us a security interest and waive all applicable property exemptions and homestead rights (unless the Property is located in Texas) in the following property to secure performance of your obligations under this Note and (except for the Property if it is a principal residence) your obligations under any other agreement with us or our affiliates. (a) the Property including all equipment, parts, accessories and personal property which is a fixture of the Property under "household goods" as defined by 12 C F R. 227 12(d) unless purchased with the proceeds of this Loan  If we have a prior lien on your principal residence as security for future obligations, we waive such security as to this Note only; (b) proceeds and unearned premiums of any Property insurance; (c) all of your deposit accounts with us or our affiliates (except individual retirement accounts), and (d) substitutions, replacements, products and proceeds of the foregoing  Our security interest will be a purchase money security interest if any of the foregoing are purchased with the proceeds of this Loan. You agree that we are a fiduciary with respect to our security interest.  You further agree that we may at any time apply proceeds and unearned premiums and refunds of any Property insurance to reduce the indebtedness of this Note, even if you are not in default.  Upon our request, you will deliver any documents that are necessary for us to perfect our security interest.  You will defend at your expense our security interest in the Property  To the extent permitted by law, you agree to pay all actual costs imposed to release our interests in the Property

10.     **PROPERTY MAINTENANCE AND USE.**  You will promptly pay all fees, fines, and taxes related to this Loan and the Property  You will maintain the Property in good condition except for ordinary wear and tear, and keep it free from all liens, encumbrances, fines and adverse claims.  You will make all needed repairs.  You will not make any changes to the Property that will decrease its value or decrease its functionality without our prior written consent  You will permit us to inspect the Property at a time which is reasonably convenient  If you do not do any of the foregoing, we may do so at our sole option and add the costs to this Loan or require you to provide us with additional collateral  You will not use, or permit others to use, the Property  (a) in violation of any law; (b) contrary to the provisions of any insurance policies covering the Property or in a manner that would invalidate any warranty or (c) for any business, commercial or agricultural purpose unless this Loan is explicitly for such a purpose.

NHEFRN1 (07/03)



FRNOTE-MULTI-V1_1

Exhibit G
7 of 8

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  □ Agent  □ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dreambuilder Investments<br>30 Wall St., 10th Floor<br>New York, NY 10005 | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 1614 6053 4042 62 | 3. Service Type<br>□ Adult Signature<br>□ Adult Signature Restricted Delivery<br>□ Certified Mail®<br>□ Certified Mail Restricted Delivery<br>□ Collect on Delivery<br>□ Collect on Delivery Restricted Delivery<br>□ all Restricted Delivery | □ Priority Mail Express®<br>□ Registered Mail™<br>□ Registered Mail Restricted Delivery<br>□ Return Receipt for Merchandise<br>□ Signature Confirmation™<br>□ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7015 0640 0001 7782 7113 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

Exhibit G
8 of 8