**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Helen Mosothoane (SBN 254511)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:  (949) 381-5900
Facsimile:  (949) 271-4040
Email:       bpaino@mcglinchey.com
               hmosothoane@mcglinchey.com

Attorneys for *Defendant* PNC Bank, N.A., sued erroneously as THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to NATIONAL CITY BANK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STEPHEN AND MELINDA DREHER,<br><br>Plaintiffs,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. a Pennsylvania Corporation, successor by merger to/with NATIONAL CITY BANK; DREAMBUILDER INVESTMENTS, LLC, A New York Limited Liability Company; and DOES 1-50,<br><br>Defendants. | Case No.: 2:18-cv-07827-MWF-FFM<br><br>**DECLARATION OF HELEN MOSOTHOANE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing**:<br>Date:   December 16, 2019<br>Time:   10:00 a.m.<br>Judge:  Hon. Michael W. Fitzgerald<br><br>Filed concurrently with:<br>Notice of Motion and Motion for Summary Judgment<br>Statement of Uncontroverted Facts<br>Request for Judicial Notice<br>Declaration of PNC Bank, N.A. |

I, Helen Mosothoane, declare as follows:

1.      I am an attorney admitted to practice before this Court and am an Associate at the law firm of McGlinchey Stafford, attorneys of record in this case for *defendant* PNC Bank, N.A., sued erroneously as The Financial Services Group, Inc., a Pennsylvania Corporation, successor by merger to National City Bank  ("PNC"). This declaration is submitted in support of PNC's Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment. I have personal knowledge of the matters stated herein and, if called to testify, could competently testify to these matters.

2.      Attached as **Exhibit A** is a true and correct copy of *plaintiff* Stephen

Dreher's ("Mr. Dreher") responses to PNC's Interrogatories, Set One.[1]

3.     Attached as **Exhibit B** is a true and correct copy of Mr. Dreher's responses to PNC's Requests for Admission, Set One.

4.     Attached as **Exhibit C** are true and correct copies of some documents produced by Plaintiffs with the initial disclosures.

5.     Attached as **Exhibit D** are true and correct copies of some documents produced by Plaintiffs on November 13, 2019.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of November, 2019, at Frisco, Texas.

_____
HELEN MOSOTHOANE

---

[1] For the sake of brevity, only Mr. Dreher's relevant responses to written discovery are attached because *plaintiff* Melinda Dreher's responses were duplicative.

**DECL. OF HELEN MOSOTHOANE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
517491.1

# EXHIBIT "A"

1   Daniel L. Rottinghaus, California Bar No. 131949
    Scott M. Mackey, California Bar No. 222217
2   Seema N. Kadaba, California Bar No. 304952
    **BERDING & WEIL LLP**
3   2175 N. California Blvd, Suite 500
    Walnut Creek, California 94596
4   Telephone:     925/838-2090
    Facsimile:     925/820-5592
5   drottinghaus@berdingweil.com
    smackey@berdingweil.com
6   skadaba@Berdingweil.com

7   Attorneys for Plaintiffs
    STEPHEN and MELINDA DREHER

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12   STEPHEN and MELINDA DREHER,        No. 2:18-cv-07827

13           Plaintiffs,          **PLAINTIFF STEPHEN DREHER'S**
                                  **RESPONSES TO DEFENDANT PNC**
14      vs.                         **BANK, N.A.'S INTERROGATORIES,**
                                  **SET ONE**
15   THE PNC FINANCIAL SERVICES GROUP,
    INC., a Pennsylvania Corporation, successor
16   by merger to/with NATIONAL CITY BANK;
    DREAMBUILDER INVESTMENTS, LLC, a
17   New York Limited Liability Company; and
    DOES 1-50,

18
            Defendant.
19

20   PROPOUNDING PARTY:    Defendant PNC BANK, N.A.

21   RESPONDING PARTY:      Plaintiff STEPHEN DREHER

22   SET NUMBER:            One

23                **GENERAL COMMENTS AND OBJECTIONS**

24       a.      Responding Party has complied with the Federal Rules of Civil Procedure in

25 making a reasonable and good faith effort to obtain the information requested by these

26 Interrogatories. However, Responding Party has not yet completed his investigation of the facts of

27 this case or completed discovery of this action, and has not completed preparation for trial.

28 Responding Party's review and analysis of the elements of this case is continuing along with his

                                                -1-

investigation and discovery, and evidence not produced at this time may be located or determined to be relevant and material at some time in the future.  Accordingly, Responding Party's responses are without prejudice to Responding Party's right to produce evidence subsequently discovered.

b.      Responding Party objects to each Interrogatory to the extent that it purports to create duties or obligations upon Responding Party more extensive than or different from those imposed by the Federal Rules of Civil Procedure.

c.      Responding Party has based the following responses on the assumption that in propounding these Interrogatories, Propounding Party did not intend to seek information protected against discovery by the attorney-client privilege or the work product doctrine.  To the extent that Propounding Party's Interrogatories, or any part thereof, are intended to or would elicit such information, Responding Party objects thereto and asserts such privileges to the fullest extent provided by law.

d.      Responding Party objects to each Interrogatory to the extent that it is not limited in time or subject matter on the grounds that such Interrogatory seeks information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unduly burdensome, and oppressive.

e.      Responding Party objects to each and every Interrogatory to the extent that it seeks information or documents from persons or entities other than Responding Party on the ground that such a request is costly, burdensome, oppressive, and unreasonable and on the further ground that the law does not require a party to locate documents or compile information in the possession of others.

f.      Responding Party further objects to each and every Interrogatory to the extent that it seeks information or documents obtained by counsel through discovery or in anticipation of litigation from persons or entities other than Responding Party, on the ground that such request is costly, burdensome, oppressive, and unreasonable and on further ground that Responding Party is protected by the work product doctrine.

Plaintiff, STEPHEN DREHER, hereby responds to Defendant, PNC BANK, N.A.'s first set of Interrogatories as follows:

-2-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

To the extent YOUR response to any of the RFAs is anything other than an unqualified admission, please: (i) state ALL facts upon which YOUR response is based; (ii) IDENTIFY ALL PERSONS with knowledge of any such facts; AND (iii) IDENTIFY ALL DOCUMENTS that support YOUR response.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "damages," "allege," "suffered," and "conduct." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving those objections, Responding Party responds as follows:

Request for Admission No. 2 through No. 5:

(i) Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any sale be sent to Lender and Trustor at the addresses listed in the Date and Parties section. Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher 000273-309.) If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5.

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
INTERROGATORIES, SET ONE

1        (ii) Propounding Party and its agents.

2        (iii) Deed of Trust, Promissory Note, Sale Agreement

3    <u>Request for Admission No. 6 through No. 8</u>:

4        (i) Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that

5    copies of any <u>sale</u> be sent to Lender and Trustor at the addresses listed in the Date and Parties

6    section. Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See

7    PNC Dreher 000273-309.) Propounding Party may not have had to obtain Responding Party's

8    consent for the purported sale, but they were required to provide notice of the sale of the Deed of

9    Trust. Under Civil Code section 1642, it is the general rule that several papers relating to the same

10   subject matter and executed as parts of substantially one transaction, are to be construed together

11   as one contract. (*Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 481. Thus, a note, mortgage,

12   and agreement of sale constitute one contract where they are a part of the same transaction. (*Id.*,

13   see also *Nevin v. Salk* (1975) 45 Cal.App.3d 331, 338.)  If an assignment is never recorded and

14   the original holder does not notify the homeowners, assignment is only valid as to those who have

15   notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

16   *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

17   Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

18   (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

19   (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale,

20   took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of

21   the change in servicing to Responding Party under Civil Code 2920.5.

22       (ii) Propounding Party and its agents.

23       (iii) Deed of Trust, Promissory Note, Sale Agreement

24   <u>Request for Admission No. 9 through 12</u>:

25       (i) Propounding Party is listed on the Proof of Claim, no other entity is listed, and received

26   notices of the Bankruptcy Proceedings. A violation of a bankruptcy stay is willful if the creditor

27   knew of the automatic stay and intentionally performed the actions that violated the stay,

28   including allowing the court to continue to hold the belief that the creditor had a right to the

-4-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

property. (11 U.S.C. section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620. Moreover, as of October 26, 2010, Propounding Party remained the Interim Servicer who had a duty to inform the Bankruptcy Court if it no longer had any interest in the claim.

(ii) Propounding Party and its agents.

(iii) Deed of Trust, Promissory Note, Sale Agreement

Request for Admission No. 13 through 16:

(i) Responding Party never received this letter. To note, the address on the letter produced by Propounding Party was not set to the address listed on the Deed of Trust or Promissory Note indicating where notices are to be sent.

(ii) Propounding Party and its agents.

(iii) Letter from GreenTree to incorrect address part of Propounding Party's production.

Request for Admission No. 17 and No. 18:

(i) Responding Party never received the letter referenced. Responding Party sent eleven (11) payments to Propounding Party.

(ii) Propounding Party and its agents.

(iii) Letter from GreenTree to incorrect address part of Propounding Party's production.

Request for Admission No. 19

(i) By failing to correct the Bankruptcy Court's understanding of the lien, the asserted proof of claim by GreenTree, or to address the fact that Propounding Party sold the lien to DreamBuilder, Propounding Party took action by continuing to allow the Court to believe this asserted interest was owned by Propounding Party. A violation of a bankruptcy stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay, including allowing the court to continue to hold the belief that the creditor had a right to the property. (11 U.S.C. section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5. By failing to act when action was required, Propounding Party misled Responding Party and the Court.

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   (ii) Propounding Party and its agents.

2   (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of

3   Service from Bankruptcy Court.

4   Request for Admission No. 20 and 21:

5   (i) If an assignment is never recorded and the original holder does not notify the

6   homeowners, assignment is only valid as to those who have notice, not against other parties

7   without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–

8   394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr.

9   630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441,

10   71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

11   (ii) Propounding Party and its agents.

12   (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of

13   Service from Bankruptcy Court.

14   Request for Admission No. 23 through 25:

15   (i) The purchase agreement was between American Servicing and Recovery Group LLC

16   and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

17   assignment to the entity DreamBuilder is unclear. Moreover, the agreement stated that Interim

18   Servicer could provide notice of sale to Responding Party, that Purchaser was to issue notice of

19   change of servicing of the loan to Responding Party and submit to Propounding Party for

20   approval. Responding Party never received any notice. By failing to act when action was required,

21   Propounding Party misled Responding Party and the Court. If an assignment is never recorded

22   and the original holder does not notify the homeowners, assignment is only valid as to those who

23   have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

24   *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

25   Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

26   (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

27   (2000) 81 Cal. App. 4th 816, 830.)

28   (ii) Propounding Party and its agents.

-6-

1   (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of
2   Service from Bankruptcy Court.

3   Request for Admission No. 26:

4   (i) The purchase agreement was between American Servicing and Recovery Group LLC
5   and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the
6   assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as
7   seller and interim servicer was to provide notice to Responding Party. There were also duties as to
8   any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of
9   the assignment, there are contractual and statutory duties owed to Responding Party. By failing to
10  act when action was required, Propounding Party misled Responding Party and the Court. If an
11  assignment is never recorded and the original holder does not notify the homeowners, assignment
12  is only valid as to those who have notice, not against other parties without notice of the same.
13  (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates*
14  *Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift &*
15  *Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295;
16  *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

17  (ii) Propounding Party and its agents.

18  (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of
19  Service from Bankruptcy Court.

20  Request for Admission No. 27:

21  (i) The purchase agreement was between American Servicing and Recovery Group LLC
22  and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the
23  assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as
24  seller and interim servicer was to provide notice to Responding Party. There were also duties as to
25  any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of
26  the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as
27  the purported assignment was never recorded, as per the public records and as to third parties and
28  the bankruptcy court, Propounding Party remained the owner. By failing to act when action was

-7-

required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

(ii) Propounding Party and its agents.

(iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of Service from Bankruptcy Court.

Request for Admission No. 28:

(i) The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as the purported assignment was never recorded, as per the public records and as to third parties and the bankruptcy court, Propounding Party remained the person entitled to enforce the Note. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

(ii) Propounding Party and its agents.

/ / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

(iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of Service from Bankruptcy Court.

Request for Admission No. 29:

(i) The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as the purported assignment was never recorded, as per the public records and as to third parties and the bankruptcy court, Propounding Party remained the beneficiary. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

(ii) Propounding Party and its agents.

(iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of Service from Bankruptcy Court.

Request for Admission No. 30:

(i) The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as

-9-

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

the purported assignment was never recorded, as per the public records and as to third parties and the bankruptcy court, Propounding Party remained the party of interest in the Note.  By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

(ii) Propounding Party and its agents.

(iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of Service from Bankruptcy Court.

<u>Request for Admission No. 31</u>:

(i) The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

(ii) Propounding Party and its agents.

/ / /

1    (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of

2    Service from Bankruptcy Court.

3    Request for Admission No. 32:

4    (i) The purchase agreement was between American Servicing and Recovery Group LLC

5    and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

6    assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

7    seller and interim servicer was to provide notice to Responding Party. There were also duties as to

8    any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

9    the assignment, there are contractual and statutory duties owed to Responding Party. Finally,

10   because the purported assignment was not recorded, Propounding Party remained the entity with

11   interest in the Loan. By failing to act when action was required, Propounding Party misled

12   Responding Party and the Court. If an assignment is never recorded and the original holder does

13   not notify the homeowners, assignment is only valid as to those who have notice, not against

14   other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal.

15   380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262

16   Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433,

17   1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816,

18   830.)

19   (ii) Propounding Party and its agents.

20   (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of

21   Service from Bankruptcy Court.

22   Request for Admission No. 33:

23   (i) The purchase agreement was between American Servicing and Recovery Group LLC

24   and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

25   assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

26   seller and interim servicer was to provide notice to Responding Party. There were also duties as to

27   any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

28   the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as

-11-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   the purported assignment was never recorded, as per the public records, Propounding Party

2   remained the person with interest in the Note. By failing to act when action was required,

3   Propounding Party misled Responding Party and the Court. If an assignment is never recorded

4   and the original holder does not notify the homeowners, assignment is only valid as to those who

5   have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

6   *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

7   Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

8   (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

9   (2000) 81 Cal. App. 4th 816, 830.)

10          (ii) Propounding Party and its agents.

11          (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of

12   Service from Bankruptcy Court.

13   Request for Admission No. 34:

14          (i) The purchase agreement was between American Servicing and Recovery Group LLC

15   and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

16   assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

17   seller and interim servicer was to provide notice to Responding Party. There were also duties as to

18   any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

19   the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as

20   the purported assignment was never recorded, as per the public records, Propounding Party

21   remained the party of interest in the Deed of Trust. By failing to act when action was required,

22   Propounding Party misled Responding Party and the Court. If an assignment is never recorded

23   and the original holder does not notify the homeowners, assignment is only valid as to those who

24   have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

25   *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

26   Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

27   (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

28   (2000) 81 Cal. App. 4th 816, 830.)

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1    (ii) Propounding Party and its agents.

2    (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of

3    Service from Bankruptcy Court.

4    Request for Admission No. 35:

5    The purchase agreement was between American Servicing and Recovery Group LLC and

6    Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

7    assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

8    seller and interim servicer was to provide notice to Responding Party. There were also duties as to

9    any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

10   the assignment, there are contractual and statutory duties owed to Responding Party. By failing to

11   act when action was required, Propounding Party misled Responding Party and the Court. If an

12   assignment is never recorded and the original holder does not notify the homeowners, assignment

13   is only valid as to those who have notice, not against other parties without notice of the same.

14   (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates*

15   *Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift &*

16   *Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295;

17   *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

18   (ii) Propounding Party and its agents.

19   (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of

20   Service from Bankruptcy Court.

21   Request for Admission No. 37:

22   (i) By failing to act when action was required, Propounding Party misled Responding

23   Party and the Court. If Responding Party knew the Note, Deed of Trust, or Lien was sold to

24   DreamBuilder, it could have ensured that the right entity/creditor was included in the bankruptcy

25   proceedings and protected its interests.   Propounding Party acted in conjunction with

26   DreamBuilder and GreenTree and against the duties owed to Responding Party and the Court to

27   mislead the same and infringe on Responding Party's rights.

28   (ii) Propounding Party and its agents.

-13-

1    (iii) Deed of Trust, Promissory Note, Sale Agreement, Bankruptcy Orders, Proof of
2    Service from Bankruptcy Court.

3    **INTERROGATORY NO. 2:**

4    IDENTIFY ALL damages YOU allege to have suffered due to the conduct of
5    DEFENDANT.

6    **RESPONSE TO INTERROGATORY NO. 2:**

7    Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous
8    and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms
9    "damages," "allege," "suffered," and "conduct." Responding Party also objects to this
10   Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding
11   Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney
12   client privilege and/or the work product doctrine.   Responding Party also objects to this
13   Interrogatory as it calls for a legal conclusion.

14   Without waiving these objections, Responding Party responds as follows:

15   - *Loss of Profit* – Responding Party received several offers to purchase the Subject Property
16     but was unable to complete any sale based on the inability to provide clear marketable title
17     because of the actions and/or inactions of Propounding Party.

18   - *Reimbursement of Mortgage, Security Payments, and Repair* – Responding Party seeks
19     reimbursement of the mortgage payments from September 2018 to September 2019.
20     Moreover, Responding Party seeks reimbursement for the security fees paid to ADT
21     Security System. Finally, Responding Party seeks reimbursement for the repair costs
22     incurred in preparing the house for market.

23   - *Loss of Rents* – Responding Party ended the lease arrangement to place the Subject
24     Property on the market in March 2018. Responding Party was not able to sell the Subject
25     Property due to the cloud on title caused by Propounding Party and its agents. Responding
26     Party was unable to re-lease the Subject Property until October 2018.

27   - *Department of Water and Power* – Responding Party was forced to pay service fees
28     related to the Subject Property to the Los Angeles Department of Water and Power from

-14-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

March 2018 to October of 2018.

- *Property Taxes* – Responding Party was forced to pay property taxes on the Subject Property in December 2018. In June 2018, Responding Party again has been forced to pay property taxes on the Subject Property. Responding Party would not have had to make either of these payments if they had been able to sell the Subject Property in the fall of 2018.

- *Homeowners Insurance and Earthquake Insurance* – Responding Party continues to pay homeowners insurance on the Subject Property. Responding Party would have discontinued payment as of September 1, 2018; thus, Responding Party seeks reimbursement. Responding Party also seeks reimbursement for earthquake insurance.

- *Property Management Fees and Payment During Vacancy* – Responding Party paid Property Management Fees to oversee the upkeep and maintenance, as well as facilitate the re-leasing, of the Subject Property. If the sale had been effectuated, Responding Party would have discontinued payment as of September 1, 2018; thus, Responding Party seeks reimbursement of the $10,000 paid for these services. Moreover, Responding Party was forced to pay to the realtor in commission for re-letting the Subject Property. While the Subject Property was vacant, from April 2018 to October 2018, Responding Party paid for an individual to oversee Subject Property while it was vacant. Responding Party seeks reimbursement of the same because if Responding Party had been able to sell the property, it would not have paid out these amounts.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**INTERROGATORY NO. 3:**

For each item of damages identified in response to Interrogatory No. 2, state the amount of the damages.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms

-15-

"damages," "amount," and "damages." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows:

- *Loss of Profit* - The latest offer on the Subject Property, made in August 2018, was for $2.175 million. The current balance due on the mortgage is $1,169,837.83; thus, the profit Responding Party would have made, but for Propounding Party and its agents' bad acts, minus the agent's commission, is $896,412.20. Although Responding Party is not claiming the total profit, it is entitled to the interest it would have made on the sum, totaling $102,411.03 ($245.59 per day x 417 days).

- *Reimbursement of Mortgage, Security Payments, and Repair* Costs – Responding Party currently pays $2,242.19 per month for the mortgage on the Subject Property. Thus, Responding Party seeks reimbursement of the mortgage payments from September 2018 to September 2019, totaling $26,906.28. Moreover, Responding Party seeks reimbursement for the security fees paid to ADT Security System, totaling $505.89. Finally, Responding Party seeks reimbursement for the repair costs incurred in preparing the house for market, totaling $56,109.85. As the house was never sold, these sums were paid by Responding Party without any benefit to the same, totaling $83,522.02, and prejudgment interest totaling $9,540.96 ($22.88 per day x 417 days).

- *Loss of Rents* – Responding Party received $5000.00 per month in rental income from leasing the Subject Property. Responding Party ended the lease arrangement to place the Subject Property on the market in March 2018. Responding Party was not able to sell the Subject Property due to the cloud on title. Responding Party was unable to re-lease the Subject Property until October 2018. Thus, Responding Party has lost approximately $35,000.00 in rental income, and prejudgment interest totaling $3,999.03 ($9.59 per day x 417 days).

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

- *Department of Water and Power* - Responding Party was forced to pay service fees related to the Subject Property to the Los Angeles Department of Water and Power from March 2018 to October of 2018, totaling $4,614.59. If Responding Party had been able to sell the property or if Responding Party had been able to retain the above-noted tenants, Responding Party would not have incurred these costs. As such, Responding Party seeks reimbursement of the same and prejudgment interest totaling $525.42 ($1.26 per day x 417 days).

- *Property Taxes* – Responding Party was forced to pay property taxes on the Subject Property in the sum of $6,749.24 in December 2018. In June 2018, Responding Party again paid $6,196.52 in property taxes on the Subject Property. Responding Party would not have had to make either of these payments if it had been able to sell the Subject Property in the fall of 2018. Responding Party seeks reimbursement of the same, totaling $12,945.76, and prejudgment interest totaling $1,480.35 ($3.55 per day x 417 days).

- *Homeowners Insurance and Earthquake Insurance* – Responding Party continues to pay homeowners insurance on the Subject Property in the amount of $198.98 per month. Responding Party would have discontinued payment as of September 1, 2018; thus, it seeks reimbursement of $1,963.06. Responding Party also seeks reimbursement for $3,231.00 paid in earthquake insurance, totaling $5,194.06, and prejudgment interest totaling $592.14 ($1.42 per day x 417 days).

- *Property Management Fees and Payment During Vacancy* – Responding Party paid Property Management Fees to oversee the upkeep and maintenance, as well as facilitate the re-leasing, of the Subject Property. If the sale had been effectuated, Responding Party would have discontinued payment as of September 1, 2018; thus, Responding Party seeks reimbursement of the $10,000 paid for these services. Moreover, Responding Party was forced to pay to the realtor $6,480.00 in commission for re-letting the Subject Property. Thus, Responding Party seeks a total of $16,480.00 in property management related fees. While the Subject Property was vacant, from April 2018 to October 2018, Responding Party paid for an individual to oversee Subject Property while it was vacant, totaling

-17-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

$1,850.00. Responding Party seeks reimbursement of the same because if Responding Party had been able to sell the property, they would not have paid out these amounts. Thus, Responding Party seeks reimbursement of $18,330.00 and prejudgment interest totaling $2,093.34 ($5.02 per day x 417 days).[1]

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**INTERROGATORY NO. 4:**

For each item of damages identified in response to Interrogatory No. 2, state with specificity how the amount of damages was calculated.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "damages," "amount," and "damages." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows:

- *Loss of Profit* - The latest offer on the Subject Property, made in August 2018, was for $2.175 million. The current balance due on the mortgage is $1,169,837.83; thus, the profit Responding Party would have made, but for Propounding Party and its agents' bad acts, minus the agent's commission, is $896,412.20. Although Responding Party is not claiming the total profit, it is entitled to the interest it would have made on the sum, totaling $102,411.03 ($245.59 per day x 417 days).

---

[1] Under Civil Code § 3333, Plaintiffs are entitled to full compensation for all injuries suffered. (*Santa Barbara Pistachio Ranch v. Chowchilla Water District* (2001) 88 Cal.App.4th 439; *Erlich v. Menezes* (1999) 21 Cal. 4th 543.) As such, an award of prejudgment interest on Plaintiffs' out-of-pocket expenditures is the most appropriate measure for fully compensating them for their loss. Under Civil Code § 3289(b), the proper rate is ten percent (10%) per annum.

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

- *Reimbursement of Mortgage, Security Payments, and Repair* Costs – Responding Party currently pays $2,242.19 per month for the mortgage on the Subject Property. Thus, Responding Party seeks reimbursement of the mortgage payments from September 2018 to September 2019, totaling $26,906.28. Moreover, Responding Party seeks reimbursement for the security fees paid to ADT Security System, totaling $505.89. Finally, Responding Party seeks reimbursement for the repair costs incurred in preparing the house for market, totaling $56,109.85. As the house was never sold, these sums were paid by Responding Party without any benefit to the same, totaling $83,522.02, and prejudgment interest totaling $9,540.96 ($22.88 per day x 417 days).

- *Loss of Rents* – Responding Party received $5000.00 per month in rental income from leasing the Subject Property. Responding Party ended the lease arrangement to place the Subject Property on the market in March 2018. Responding Party was not able to sell the Subject Property due to the cloud on title. Responding Party was unable to re-lease the Subject Property until October 2018. Thus, Responding Party has lost approximately $35,000.00 in rental income, and prejudgment interest totaling $3,999.03 ($9.59 per day x 417 days).

- *Department of Water and Power* - Responding Party was forced to pay service fees related to the Subject Property to the Los Angeles Department of Water and Power from March 2018 to October of 2018, totaling $4,614.59. If Responding Party had been able to sell the property or if Responding Party had been able to retain the above-noted tenants, Responding Party would not have incurred these costs. As such, Responding Party seeks reimbursement of the same and prejudgment interest totaling $525.42 ($1.26 per day x 417 days).

- *Property Taxes* – Responding Party was forced to pay property taxes on the Subject Property in the sum of $6,749.24 in December 2018. In June 2018, Responding Party again paid $6,196.52 in property taxes on the Subject Property. Responding Party would not have had to make either of these payments if it had been able to sell the Subject

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   Property in the fall of 2018. Responding Party seeks reimbursement of the same, totaling

2   $12,945.76, and prejudgment interest totaling $1,480.35 ($3.55 per day x 417 days).

3   • *Homeowners Insurance and Earthquake Insurance* – Responding Party continues to pay

4   homeowners insurance on the Subject Property in the amount of $198.98 per month.

5   Responding Party would have discontinued payment as of September 1, 2018; thus, it

6   seeks reimbursement of $1,963.06. Responding Party also seeks reimbursement for

7   $3,231.00 paid in earthquake insurance, totaling $5,194.06, and prejudgment interest

8   totaling $592.14 ($1.42 per day x 417 days).

9   • *Property Management Fees and Payment During Vacancy* – Responding Party paid

10   Property Management Fees to oversee the upkeep and maintenance, as well as facilitate

11   the re-leasing, of the Subject Property. If the sale had been effectuated, Responding Party

12   would have discontinued payment as of September 1, 2018; thus, Responding Party seeks

13   reimbursement of the $10,000 paid for these services. Moreover, Responding Party was

14   forced to pay to the realtor $6,480.00 in commission for re-letting the Subject Property.

15   Thus, Responding Party seeks a total of $16,480.00 in property management related fees.

16   While the Subject Property was vacant, from April 2018 to October 2018, Responding

17   Party paid for an individual to oversee Subject Property while it was vacant, totaling

18   $1,850.00. Responding Party seeks reimbursement of the same because if Responding

19   Party had been able to sell the property, they would not have paid out these amounts.

20   Thus, Responding Party seeks reimbursement of $18,330.00 and prejudgment interest

21   totaling $2,093.34 ($5.02 per day x 417 days).[2]

22   Discovery and investigation are ongoing and Responding Party reserves his right to amend

23   and/or supplement these responses once additional facts and/or information have been obtained.

24   / / /

25   / / /

26

27   [2] Under Civil Code § 3333, Plaintiffs are entitled to full compensation for all injuries suffered. (*Santa Barbara Pistachio Ranch v. Chowchilla Water District* (2001) 88 Cal.App.4th 439; *Erlich v. Menezes* (1999) 21 Cal. 4th 543.) As such, an award of prejudgment interest on Plaintiffs' out-of-pocket expenditures is the most appropriate measure for fully compensating them for their loss. Under Civil Code § 3289(b), the proper rate is ten percent (10%) per annum.

28

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1    **INTERROGATORY NO. 5:**

2          IDENTIFY the date YOU learned that DREAMBUILDER was the holder of the LIEN.

3    **RESPONSE TO INTERROGATORY NO. 5:**

4          Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

5    and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms

6    "learned" and "holder." Responding Party also objects to this Interrogatory as it would necessitate

7    the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory

8    to the extent it seeks documents, in violation of attorney client privilege and/or the work product

9    doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

10         Without waiving these objections, Responding Party responds as follows: On or about

11   June 2018.

12         Discovery and investigation are ongoing and Responding Party reserves his right to amend

13   and/or supplement these responses once additional facts and/or information have been obtained.

14   **INTERROGATORY NO. 6:**

15         IDENTIFY the efforts that YOU have undertaken since August 5, 2010, to determine who

16   held the LIEN.

17   **RESPONSE TO INTERROGATORY NO. 6:**

18         Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

19   and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms

20   "efforts," "undertaken," and "held." Responding Party also objects to this Interrogatory as it

21   would necessitate the premature disclosure of expert opinion.  Responding Party further objects to

22   this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or

23   the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a

24   legal conclusion.

25         Without waiving these objections, Responding Party responds as follows: Responding

26   Party never knew the holder of the lien had changed so did not make any efforts to determine the

27   same. Responding Party did attempt to contact Propounding Party about the servicing of the loan,

28   but never knew to inquire into the lien holder, as it was never aware that this entity had changed.

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1    Discovery and investigation are ongoing and Responding Party reserves his right to amend

2 and/or supplement these responses once additional facts and/or information have been obtained.

3 **INTERROGATORY NO. 7:**

4    State ALL facts upon which YOU base YOUR contention that DEFENDANT "claimed

5 ownership" of the LIEN during the BANKRUPTCY PROCEEDING as alleged in Paragraph 28

6 (lines 14-15) of the COMPLAINT.

7 **RESPONSE TO INTERROGATORY NO. 7:**

8    Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

9 and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms

10 "facts," "contention," and "alleged." Responding Party also objects to this Interrogatory as it

11 would necessitate the premature disclosure of expert opinion.  Responding Party further objects to

12 this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or

13 the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a

14 legal conclusion.

15    Without waiving these objections, Responding Party responds as follows: On September

16 1, 2010, GreenTree provided notice that GreenTree was now the servicer of the loan; however,

17 Propounding Party remained listed as the owner of the Promissory Note. On October 26, 2010,

18 the Bankruptcy Court accepted a Proof of Claim, from Green Tree, listing Propounding Party as

19 creditor, and asserting the loan and corresponding Lien of $348,256.43 on the Subject Property.

20    On August 28, 2012, Responding Party submitted a "Fourth Amended Chapter 11 Plan

21 and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of

22 Idaho. This Plan converted the Lien from a secured interest to an impaired unsecured debt. On

23 December 18, 2012, the Bankruptcy Court confirmed the Plan and ordered that completion of the

24 Plan would act to discharge the Lien. This Confirmation Order effectively stripped the Lien from

25 the Subject Property upon completion of the Plan. Propounding Party never provided notice in the

26 Bankruptcy Proceedings of the purported assignment of the Lien and never filed an amended

27 Proof of Claim substituting Dreambuilder as the holder of the underlying loan or associated Lien.

28 On February 21, 2013, Propounding Party accepted payment from Plaintiffs of the mortgage

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   payments for the underlying loan. Propounding Party again accepted payment on March 21, April

2   15, and May 15 of the same year, showing that, despite the purported assignment, Propounding

3   Party continued to accept and deposit payments.

4       Discovery and investigation are ongoing and Responding Party reserves his right to amend

5   and/or supplement these responses once additional facts and/or information have been obtained.

6   **INTERROGATORY NO. 8:**

7       IDENTIFY ALL PERSONS with knowledge of facts supporting YOUR contention that

8   GREEN TREE filed a proof of claim RELATING TO the LIEN in the BANKRUPTCY

9   PROCEEDING on behalf of DEFENDANT.

10  **RESPONSE TO INTERROGATORY NO. 8:**

11      Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

12  and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms

13  "knowledge," "facts," and "behalf." Responding Party also objects to this Interrogatory as it

14  would necessitate the premature disclosure of expert opinion.  Responding Party further objects to

15  this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or

16  the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a

17  legal conclusion.

18      Without waiving these objections, Responding Party responds as follows: Propounding

19  Party, GreenTree, DreamBuilder and their respective agents, including each other, as well as

20  American Servicing and Recovery Group, LLC, American Servicing and Recovery Group, Inc.,

21  and the Bankruptcy Court.

22      Discovery and investigation are ongoing and Responding Party reserves his right to amend

23  and/or supplement these responses once additional facts and/or information have been obtained.

24  **INTERROGATORY NO. 9:**

25      IDENTIFY ALL PERSONS with knowledge of facts supporting YOUR claim that YOU

26  were damaged by the conduct of DEFENDANT.

27  / / /

28  / / /

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "knowledge," "facts," and "supporting." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Propounding Party, GreenTree, DreamBuilder and their respective agents; Responding Party; State of California Tax Assessor; Department of Water and Power of Los Angeles; Insurance Companies; Bankruptcy Court; Bankruptcy Counsel; American Servicing and Recovery Group LLC; and American Servicing and Recovery Group Inc.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**INTERROGATORY NO. 10:**

State the name, address AND telephone number of each PERSON who has knowledge of the fact that YOU and MR. DREHER "did not renew the lease" with YOUR "existing tenants" as alleged in Paragraph 19 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "knowledge," "facts," and "alleged." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

/ / /

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

1    Without waiving these objections, Responding Party responds as follows: Responding

2    Party; Real Estate Broker; Bankruptcy Court; Bankruptcy Counsel – can be contacted through

3    counsel.

4    Discovery and investigation are ongoing and Responding Party reserves his right to amend

5    and/or supplement these responses once additional facts and/or information have been obtained.

6    **INTERROGATORY NO. 11:**

7    State the name, address AND telephone number of the "existing tenants" about whom

8    YOU refer in Paragraph 19 of the COMPLAINT.

9    **RESPONSE TO INTERROGATORY NO. 11:**

10   Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

11   and overbroad. Responding Party also objects to this Interrogatory as it would necessitate the

12   premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to

13   the extent it seeks documents, in violation of attorney client privilege and/or the work product

14   doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

15   Responding Party further objects to this Interrogatory as it calls for divulgence of private

16   information related to parties that are not in the control of Responding Party. Responding Party

17   will produce the relevant information in discovery that is non-privileged.

18   Discovery and investigation are ongoing and Responding Party reserves his right to amend

19   and/or supplement these responses once additional facts and/or information have been obtained.

20   **INTERROGATORY NO. 12:**

21   State the name, address AND telephone number of each PERSON who has knowledge of

22   YOUR attempts to sell the PROPERTY after the discharge order was entered in the

23   BANKRUPTCY PROCEEDING.

24   **RESPONSE TO INTERROGATORY NO. 12:**

25   Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

26   and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms

27   "attempts," "sell," and "discharge order." Responding Party also objects to this Interrogatory as it

28   would necessitate the premature disclosure of expert opinion.  Responding Party further objects

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
INTERROGATORIES, SET ONE

1  to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege

2  and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls

3  for a legal conclusion.

4      Without waiving these objections, Responding Party responds as follows: Responding

5  Party; Real Estate Broker; Bankruptcy Court; Bankruptcy Counsel – can be contacted through

6  counsel.

7      Discovery and investigation are ongoing and Responding Party reserves his right to amend

8  and/or supplement these responses once additional facts and/or information have been obtained.

9  **INTERROGATORY NO. 13:**

10      State the name, address AND telephone number of each PERSON who has knowledge of

11  YOUR attempts to lease the PROPERTY after the discharge order was entered in the

12  BANKRUPTCY PROCEEDING.

13  **RESPONSE TO INTERROGATORY NO. 13:**

14      Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

15  and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms

16  "attempts," "lease," and "discharge order." Responding Party also objects to this Interrogatory as

17  it would necessitate the premature disclosure of expert opinion.  Responding Party further objects

18  to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege

19  and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls

20  for a legal conclusion.

21      Without waiving these objections, Responding Party responds as follows: Responding

22  Party; Real Estate Broker; Bankruptcy Court; Bankruptcy Counsel – can be contacted through

23  counsel.

24      Discovery and investigation are ongoing and Responding Party reserves his right to amend

25  and/or supplement these responses once additional facts and/or information have been obtained.

26  **INTERROGATORY NO. 14:**

27      State ALL facts upon which YOU base YOUR contention that YOU were damaged by

28  DEFENDANT as alleged in the COMPLAINT.

-26-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

## RESPONSE TO INTERROGATORY NO. 14:

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts," "contention," and "damages." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: On September 1, 2010, GreenTree provided notice that GreenTree was now the servicer of the loan; however, Propounding Party remained listed as the owner of the Promissory Note. On October 26, 2010, the Bankruptcy Court accepted a Proof of Claim, from Green Tree, listing Propounding Party as creditor, and asserting the loan and corresponding Lien of $348,256.43 on the Subject Property.

On August 28, 2012, Responding Party submitted a "Fourth Amended Chapter 11 Plan and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of Idaho. This Plan converted the Lien from a secured interest to an impaired unsecured debt. On December 18, 2012, the Bankruptcy Court confirmed the Plan and ordered that completion of the Plan would act to discharge the Lien. This Confirmation Order effectively stripped the Lien from the Subject Property upon completion of the Plan. Propounding Party never provided notice in the Bankruptcy Proceedings of the purported assignment of the Lien and never filed an amended Proof of Claim substituting Dreambuilder as the holder of the underlying loan or associated Lien. On February 21, 2013, Propounding Party accepted payment from Plaintiffs of the mortgage payments for the underlying loan. Propounding Party again accepted payment on March 21, April 15, and May 15 of the same year, showing that, despite the purported assignment, Propounding Party continued to accept and deposit payments.

- *Loss of Profit* - The latest offer on the Subject Property, made in August 2018, was for $2.175 million. The current balance due on the mortgage is $1,169,837.83; thus, the profit Responding Party would have made, but for Propounding Party and its agents' bad acts,

-27-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

minus the agent's commission, is $896,412.20. Although Responding Party is not claiming the total profit, it is entitled to the interest it would have made on the sum, totaling $102,411.03 ($245.59 per day x 417 days).

- *Reimbursement of Mortgage, Security Payments, and Repair* Costs – Responding Party currently pays $2,242.19 per month for the mortgage on the Subject Property. Thus, Responding Party seeks reimbursement of the mortgage payments from September 2018 to September 2019, totaling $26,906.28. Moreover, Responding Party seeks reimbursement for the security fees paid to ADT Security System, totaling $505.89. Finally, Responding Party seeks reimbursement for the repair costs incurred in preparing the house for market, totaling $56,109.85. As the house was never sold, these sums were paid by Responding Party without any benefit to the same, totaling $83,522.02, and prejudgment interest totaling $9,540.96 ($22.88 per day x 417 days).

- *Loss of Rents* – Responding Party received $5000.00 per month in rental income from leasing the Subject Property. Responding Party ended the lease arrangement to place the Subject Property on the market in March 2018. Responding Party was not able to sell the Subject Property due to the cloud on title. Responding Party was unable to re-lease the Subject Property until October 2018. Thus, Responding Party has lost approximately $35,000.00 in rental income, and prejudgment interest totaling $3,999.03 ($9.59 per day x 417 days).

- *Department of Water and Power* - Responding Party was forced to pay service fees related to the Subject Property to the Los Angeles Department of Water and Power from March 2018 to October of 2018, totaling $4,614.59. If Responding Party had been able to sell the property or if Responding Party had been able to retain the above-noted tenants, Responding Party would not have incurred these costs. As such, Responding Party seeks reimbursement of the same and prejudgment interest totaling $525.42 ($1.26 per day x 417 days).

- *Property Taxes* – Responding Party was forced to pay property taxes on the Subject Property in the sum of $6,749.24 in December 2018. In June 2018, Responding Party

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

again paid $6,196.52 in property taxes on the Subject Property. Responding Party would not have had to make either of these payments if it had been able to sell the Subject Property in the fall of 2018. Responding Party seeks reimbursement of the same, totaling $12,945.76, and prejudgment interest totaling $1,480.35 ($3.55 per day x 417 days).

- *Homeowners Insurance and Earthquake Insurance* – Responding Party continues to pay homeowners insurance on the Subject Property in the amount of $198.98 per month. Responding Party would have discontinued payment as of September 1, 2018; thus, it seeks reimbursement of $1,963.06. Responding Party also seeks reimbursement for $3,231.00 paid in earthquake insurance, totaling $5,194.06, and prejudgment interest totaling $592.14 ($1.42 per day x 417 days).

- *Property Management Fees and Payment During Vacancy* – Responding Party paid Property Management Fees to oversee the upkeep and maintenance, as well as facilitate the re-leasing, of the Subject Property. If the sale had been effectuated, Responding Party would have discontinued payment as of September 1, 2018; thus, Responding Party seeks reimbursement of the $10,000 paid for these services. Moreover, Responding Party was forced to pay to the realtor $6,480.00 in commission for re-letting the Subject Property. Thus, Responding Party seeks a total of $16,480.00 in property management related fees. While the Subject Property was vacant, from April 2018 to October 2018, Responding Party paid for an individual to oversee Subject Property while it was vacant, totaling $1,850.00. Responding Party seeks reimbursement of the same because if Responding Party had been able to sell the property, they would not have paid out these amounts. Thus, Responding Party seeks reimbursement of $18,330.00 and prejudgment interest totaling $2,093.34 ($5.02 per day x 417 days).[3]

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

---

[3] Under Civil Code § 3333, Plaintiffs are entitled to full compensation for all injuries suffered. (*Santa Barbara Pistachio Ranch v. Chowchilla Water District* (2001) 88 Cal.App.4th 439; *Erlich v. Menezes* (1999) 21 Cal. 4th 543.) As such, an award of prejudgment interest on Plaintiffs' out-of-pocket expenditures is the most appropriate measure for fully compensating them for their loss. Under Civil Code § 3289(b), the proper rate is ten percent (10%) per annum.

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**INTERROGATORY NO. 15:**

Provide a list of all IMPROVEMENTS, including the cost for each IMPROVEMENT, performed on the PROPERTY in preparation for the alleged sale of the PROPERTY.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "cost," "performed," and "preparation." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Re-finished the floors, repainted the entire interior, repaired areas of the roof, addressed all plumbing and electrical issues, with total cost of $56,109.85.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**INTERROGATORY NO. 16:**

State ALL facts which show that YOU attempted to mitigate damages.

**RESPONSE TO INTERROGATORY NO. 16:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts," "attempted," and "mitigate." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Responding Party attempted to immediately re-lease the property once it realized that it could not sell due to

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

the bad acts by Propounding Party. Responding Party then took every effort to remove the recorded lien, including writing to DreamBuilder and Propounding Party, reaching out to the Bankruptcy Court, discussing with Bankruptcy counsel, and eventually filing suit to have this Court expunge the lien.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**INTERROGATORY NO. 17:**

State ALL facts upon which YOU base YOUR claim for cancellation of lien against DEFENDANT.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts" and "claim." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: On September 1, 2010, GreenTree provided notice that GreenTree was now the servicer of the loan; however, Propounding Party remained listed as the owner of the Promissory Note. On October 26, 2010, the Bankruptcy Court accepted a Proof of Claim, from Green Tree, listing Propounding Party as creditor, and asserting the loan and corresponding Lien of $348,256.43 on the Subject Property.

On August 28, 2012, Responding Party submitted a "Fourth Amended Chapter 11 Plan and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of Idaho. This Plan converted the Lien from a secured interest to an impaired unsecured debt. On December 18, 2012, the Bankruptcy Court confirmed the Plan and ordered that completion of the Plan would act to discharge the Lien. This Confirmation Order effectively stripped the Lien from the Subject Property upon completion of the Plan. Propounding Party never provided notice in the Bankruptcy Proceedings of the purported assignment of the Lien and never filed an amended

-31-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

Proof of Claim substituting Dreambuilder as the holder of the underlying loan or associated Lien. On February 21, 2013, Propounding Party accepted payment from Plaintiffs of the mortgage payments for the underlying loan. Propounding Party again accepted payment on March 21, April 15, and May 15 of the same year, showing that, despite the purported assignment, Propounding Party continued to accept and deposit payments. Throughout the Bankruptcy, Propounding Party held itself out as the holder of the lien; thus, Responding Party filed the complaint knowing that there was a risk that the purported assignment to DreamBuilder was invalid.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**INTERROGATORY NO. 18:**

State ALL facts upon which YOU base YOUR claim for slander of title against DEFENDANT.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts" and "claim." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: On September 1, 2010, GreenTree provided notice that GreenTree was now the servicer of the loan; however, Propounding Party remained listed as the owner of the Promissory Note. On October 26, 2010, the Bankruptcy Court accepted a Proof of Claim, from Green Tree, listing Propounding Party as creditor, and asserting the loan and corresponding Lien of $348,256.43 on the Subject Property.

On August 28, 2012, Responding Party submitted a "Fourth Amended Chapter 11 Plan and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of Idaho. This Plan converted the Lien from a secured interest to an impaired unsecured debt. On December 18, 2012, the Bankruptcy Court confirmed the Plan and ordered that completion of

-32-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   the Plan would act to discharge the Lien. This Confirmation Order effectively stripped the Lien

2   from the Subject Property upon completion of the Plan. Propounding Party never provided notice

3   in the Bankruptcy Proceedings of the purported assignment of the Lien and never filed an

4   amended Proof of Claim substituting Dreambuilder as the holder of the underlying loan or

5   associated Lien. On February 21, 2013, Propounding Party accepted payment from Plaintiffs of

6   the mortgage payments for the underlying loan. Propounding Party again accepted payment on

7   March 21, April 15, and May 15 of the same year, showing that, despite the purported

8   assignment, Propounding Party continued to accept and deposit payments. Throughout the

9   Bankruptcy, Propounding Party held itself out as the holder of the lien; thus, Responding Party

10   filed the complaint knowing that there was a risk that the purported assignment to DreamBuilder

11   was invalid.

12      Discovery and investigation are ongoing and Responding Party reserves his right to amend

13   and/or supplement these responses once additional facts and/or information have been obtained.

14   **INTERROGATORY NO. 19:**

15      State ALL facts upon which YOU base YOUR claim for fraud against DEFENDANT.

16   **RESPONSE TO INTERROGATORY NO. 19:**

17      Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

18   and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts"

19   and "claim." Responding Party also objects to this Interrogatory as it would necessitate the

20   premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to

21   the extent it seeks documents, in violation of attorney client privilege and/or the work product

22   doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

23      Without waiving these objections, Responding Party responds as follows: On September

24   1, 2010, GreenTree provided notice that GreenTree was now the servicer of the loan; however,

25   Propounding Party remained listed as the owner of the Promissory Note. On October 26, 2010,

26   the Bankruptcy Court accepted a Proof of Claim, from Green Tree, listing Propounding Party as

27   creditor, and asserting the loan and corresponding Lien of $348,256.43 on the Subject Property.

28   / / /

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

On August 28, 2012, Responding Party submitted a "Fourth Amended Chapter 11 Plan and Related Motions" (hereinafter the "Plan") to the United States Bankruptcy Court, District of Idaho. This Plan converted the Lien from a secured interest to an impaired unsecured debt. On December 18, 2012, the Bankruptcy Court confirmed the Plan and ordered that completion of the Plan would act to discharge the Lien. This Confirmation Order effectively stripped the Lien from the Subject Property upon completion of the Plan. Propounding Party never provided notice in the Bankruptcy Proceedings of the purported assignment of the Lien and never filed an amended Proof of Claim substituting Dreambuilder as the holder of the underlying loan or associated Lien. On February 21, 2013, Propounding Party accepted payment from Plaintiffs of the mortgage payments for the underlying loan. Propounding Party again accepted payment on March 21, April 15, and May 15 of the same year, showing that, despite the purported assignment, Propounding Party continued to accept and deposit payments. Throughout the Bankruptcy, Propounding Party held itself out as the holder of the lien; thus, Responding Party filed the complaint knowing that there was a risk that the purported assignment to DreamBuilder was invalid. Moreover, by failing to address the issue with the bankruptcy court, Propounding Party committed a fraud on the court and on Responding Party. Responding Party, along with its agents, knew of a material fact with the intention of depriving Responding Party with their legal rights under the bankruptcy orders and to reconveyance once the lien had been paid. This omission was done for the purposes of allowing the Court to believe Propounding Party was the rightful holder of the lien because as soon as Responding Party filed for bankruptcy, there was an automatic stay. A violation of a bankruptcy stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay, including allowing the court to continue to hold the belief that the creditor had a right to the property. (11 U.S.C. section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

/ / /

/ / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**INTERROGATORY NO. 20:**

State ALL facts upon which YOU base YOUR contention that DEFENDANT was obligated to give YOU notice of the ASSIGNMENT.

**RESPONSE TO INTERROGATORY NO. 20:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts," "contention," and "obligated." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any sale be sent to Lender and Trustor at the addresses listed in the Date and Parties section. Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher 000273-309.) If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

/ / /

/ / /

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

-35-

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

1 **INTERROGATORY NO. 21:**

2 State ALL facts upon which YOU base YOUR contention that GREEN TREE serviced

3 the LOAN on behalf of DEFENDANT.

4 **RESPONSE TO INTERROGATORY NO. 21:**

5 Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

6 and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts"

7 and "contention." Responding Party also objects to this Interrogatory as it would necessitate the

8 premature disclosure of expert opinion. Responding Party further objects to this Interrogatory to

9 the extent it seeks documents, in violation of attorney client privilege and/or the work product

10 doctrine. Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

11 Without waiving these objections, Responding Party responds as follows: The purchase

12 agreement was between American Servicing and Recovery Group LLC and Propounding Party

13 and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to the entity

14 DreamBuilder is unclear. Moreover, the agreement stated that Interim Servicer could provide

15 notice of sale to Responding Party, that Purchaser was to issue notice of change of servicing of the

16 loan to Responding Party and submit to Propounding Party for approval. Responding Party never

17 received any notice. By failing to act when action was required, Propounding Party misled

18 Responding Party and the Court. If an assignment is never recorded and the original holder does

19 not notify the homeowners, assignment is only valid as to those who have notice, not against other

20 parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380,

21 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262

22 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433,

23 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816,

24 830.) GreenTree held itself out as Propounding Party's agent and Propounding Party did not

25 rectify this by notifying the court or Responding Party that there was no agency relationship.

26 Discovery and investigation are ongoing and Responding Party reserves his right to amend

27 and/or supplement these responses once additional facts and/or information have been obtained.

28 / / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd Suite 500
Walnut Creek, California 94596

**INTERROGATORY NO. 22:**

State ALL facts upon which YOU base YOUR contention that the ASSIGNMENT is invalid.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts" and "contention." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to the entity DreamBuilder is unclear. Moreover, the agreement stated that Interim Servicer could provide notice of sale to Responding Party, that Purchaser was to issue notice of change of servicing of the loan to Responding Party and submit to Propounding Party for approval. Responding Party never received any notice. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

/ / /

/ / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   **INTERROGATORY NO. 23:**

2   State ALL facts upon which YOU base YOUR contention that DEFENDANT

3   "collected Plaintiffs money for the sixty (60) month payment period" as alleged in Paragraph 35

4   of the COMPLAINT.

5   **RESPONSE TO INTERROGATORY NO. 23:**

6   Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous

7   and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "facts"

8   and "contention." Responding Party also objects to this Interrogatory as it would necessitate the

9   premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to

10  the extent it seeks documents, in violation of attorney client privilege and/or the work product

11  doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

12  Without waiving these objections, Responding Party responds as follows: The purchase

13  agreement was between American Servicing and Recovery Group LLC and Propounding Party

14  and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to the entity

15  DreamBuilder is unclear. Moreover, the agreement stated that Interim Servicer could provide

16  notice of sale to Responding Party, that Purchaser was to issue notice of change of servicing of the

17  loan to Responding Party and submit to Propounding Party for approval. Responding Party never

18  received any notice. By failing to act when action was required, Propounding Party misled

19  Responding Party and the Court. If an assignment is never recorded and the original holder does

20  not notify the homeowners, assignment is only valid as to those who have notice, not against other

21  parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380,

22  393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262

23  Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433,

24  1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816,

25  830.) Responding Party never received any notice that Propounding Party was not the holder of

26  the lien. Responding Party sent eleven (11) payments to Propounding Party.

27  Discovery and investigation are ongoing and Responding Party reserves his right to amend

28  and/or supplement these responses once additional facts and/or information have been obtained.

-38-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**INTERROGATORY NO. 24:**

What is the current balance due on the first position lien against the PROPERTY?

**RESPONSE TO INTERROGATORY NO. 24:**

Responding Party objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Interrogatory as it is vague as to the terms "current," "balance," and "position." Responding Party also objects to this Interrogatory as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Interrogatory to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party also objects to this Interrogatory as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: $1,169,837.83.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

Dated:  November 7, 2019

**BERDING & WEIL LLP**

By:_____
Daniel L. Rottinghaus
Scott M. Mackey
Seema N. Kadaba
Attorneys for Plaintiffs
STEPHEN and MELINDA DREHER

4828-4031-1719, v. 1

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
INTERROGATORIES, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

# VERIFICATION TO FOLLOW

# EXHIBIT "B"

1  Daniel L. Rottinghaus, California Bar No. 131949
   Scott M. Mackey, California Bar No. 222217
2  Seema N. Kadaba, California Bar No. 304952
   **BERDING & WEIL LLP**
3  2175 N. California Blvd, Suite 500
   Walnut Creek, California 94596
4  Telephone:    925/838-2090
   Facsimile:    925/820-5592
5  drottinghaus@berdingweil.com
   smackey@berdingweil.com
6  skadaba@Berdingweil.com

7  Attorneys for Plaintiffs
   STEPHEN and MELINDA DREHER
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  STEPHEN and MELINDA DREHER,        No. 2:18-cv-07827

13            Plaintiffs,              **PLAINTIFF STEPHEN DREHER'S**
                                       **RESPONSES TO DEFENDANT PNC**
14       vs.                          **BANK, N.A.'S REQUESTS FOR**
                                       **ADMISSION, SET ONE**
15  THE PNC FINANCIAL SERVICES GROUP,
    INC., a Pennsylvania Corporation, successor
16  by merger to/with NATIONAL CITY BANK;
    DREAMBUILDER INVESTMENTS, LLC, a
17  New York Limited Liability Company; and
    DOES 1-50,
18
             Defendant.
19

20  PROPOUNDING PARTY:    Defendant PNC BANK, N.A.

21  RESPONDING PARTY:     Plaintiff STEPHEN DREHER

22  SET NUMBER:           One

23       Plaintiff STEPHEN DREHER, responds to Defendant PNC BANK, N.A.'s Request for

24  Admissions, Set One, as follows:

25            **GENERAL COMMENTS AND OBJECTIONS**

26       a.    Responding Party has complied with the Federal Rules of Civil Procedure in

27  making a reasonable and good faith effort to obtain the information requested by this Request.

28  However, Responding Party has not yet completed his investigation of the facts of this case or

-1-

completed discovery of this action, and has not completed his preparation for trial.  Responding Party's review and analysis of the elements of this case is continuing along with his investigation and discovery, and evidence not produced at this time may be located or determined to be relevant and material at some time in the future.  Accordingly, Responding Party's responses are without prejudice to Responding Party's right to produce evidence subsequently discovered.

b.      Responding Party objects to each request to the extent that it purports to create duties or obligations upon Responding Party more extensive than or different from those imposed by the Federal Rules of Civil Procedure.

c.      Responding Party has based the following responses on the assumption that in propounding these requests, Propounding Party did not intend to seek information protected against discovery by the attorney-client privilege or the work product doctrine.  To the extent that Propounding Party's requests, or any part thereof, are intended to or would elicit such information, Responding Party objects thereto and asserts such privileges to the fullest extent provided by law.

d.      Responding Party objects to each request to the extent that it is not limited in time or subject matter on the grounds that such request seeks information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, unduly burdensome, and oppressive.

e.      Responding Party objects to each and every request to the extent that it seeks information or documents from persons or entities other than Responding Party on the ground that such a request is costly, burdensome, oppressive, and unreasonable and on the further ground that the law does not require a party to locate documents or compile information in the possession of others.

f.      Responding Party further objects to each and every request to the extent that it seeks information or documents obtained by counsel through discovery or in anticipation of litigation from persons or entities other than Responding Party, on the ground that such request is costly, burdensome, oppressive, and unreasonable and on further ground that Responding Party is protected by the work product doctrine.

Responding Party's response is subject to the above comments and objections.

-2-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSIONS NO. 1:**

Admit that Paragraph 25 of the DEED OF TRUST states, "Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one trustor will be deemed to be notice to all trustors. Lender and Trustor request that copies of any notice of default or notice of sale under a superior instrument be sent to Lender and Trustor at the addresses listed in the DATE AND PARTIES section."

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Admit.

**REQUEST FOR ADMISSIONS NO. 2:**

Admit that Paragraph 25 of the DEED OF TRUST does not require DEFENDANT to provide notice of any assignment of the DEED OF TRUST.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "require," "notice," and "assignment." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any sale be sent to Lender and Trustor at the addresses listed in the Date and Parties section. Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher 000273-309.) If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties

1    without notice of the same. (Civ.Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394,

2    238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630;

3    *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71

4    Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover,

5    Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby

6    requiring Propounding Party to provide notice of the change in servicing to Responding Party

7    under Civil Code 2920.5.

8    Discovery and investigation are ongoing and Responding Party reserves his right to amend

9    and/or supplement these responses once additional facts and/or information have been obtained.

10   **REQUEST FOR ADMISSIONS NO. 3:**

11   Admit that no provision of the DEED OF TRUST requires DEFENDANT to provide

12   notice of any assignment of the DEED OF TRUST.

13   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

14   Responding Party objects to this Request on the grounds that it is vague, ambiguous and

15   overbroad. Responding Party objects to this Request as it is vague as to the terms "provision,"

16   "notice," and "assignment." Responding Party also objects to this Request as it would necessitate

17   the premature disclosure of expert opinion.  Responding Party further objects to this Request to

18   the extent it seeks documents, in violation of attorney client privilege and/or the work product

19   doctrine.  Responding Party further objects on the basis that this Request fails to comply with the

20   requirement that each request for admission shall be full and complete in and of itself.

21   Responding Party also objects to this Request as it calls for a legal conclusion.

22   Without waiving these objections, Responding Party responds as follows: Deny in part.

23   Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any

24   sale be sent to Lender and Trustor at the addresses listed in the Date and Parties section.

25   Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher

26   000273-309.) Propounding Party may not have had to obtain Responding Party's consent for the

27   purported sale, but they were required to provide notice of the sale of the Deed of Trust. If an

28   assignment is never recorded and the original holder does not notify the homeowners,

-4-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1  assignment is only valid as to those who have notice, not against other parties without notice of

2  the same. (Civ.Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see

3  *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity*

4  *Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d

5  295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding

6  Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring

7  Propounding Party to provide notice of the change in servicing to Responding Party under Civil

8  Code 2920.5.

9       Discovery and investigation are ongoing and Responding Party reserves his right to amend

10  and/or supplement these responses once additional facts and/or information have been obtained.

11  **REQUEST FOR ADMISSIONS NO. 4:**

12       Admit that no provision of the DEED OF TRUST requires DEFENDANT to provide

13  notice of any assignment of the NOTE.

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

15       Responding Party objects to this Request on the grounds that it is vague, ambiguous and

16  overbroad. Responding Party objects to this Request as it is vague as to the terms "provision,"

17  "notice," and "assignment." Responding Party also objects to this Request as it would necessitate

18  the premature disclosure of expert opinion.  Responding Party further objects to this Request to

19  the extent it seeks documents, in violation of attorney client privilege and/or the work product

20  doctrine.  Responding Party further objects on the basis that this Request fails to comply with the

21  requirement that each request for admission shall be full and complete in and of itself.

22  Responding Party also objects to this Request as it calls for a legal conclusion.

23       Without waiving these objections, Responding Party responds as follows: Deny in part.

24  Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any

25  sale be sent to Lender and Trustor at the addresses listed in the Date and Parties section.

26  Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher

27  000273-309.) Propounding Party may not have had to obtain Responding Party's consent for the

28  purported sale, but they were required to provide notice of the sale of the Deed of Trust. If an

-5-

assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ.Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 5:**

Admit that Paragraph 13 of the NOTE does not require DEFENDANT to provide notice of any assignment of the NOTE.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "require," "notice," and "assignment." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any sale be sent to Lender and Trustor at the addresses listed in the Date and Parties section. Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher 000273-309.) Propounding Party may not have had to obtain Responding Party's consent for the purported sale, but they were required to provide notice of the sale of the Deed of Trust. Under

Civil Code section 1642, it is the general rule that several papers relating to the same subject matter and executed as parts of substantially one transaction, are to be construed together as one contract. (*Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 481. Thus, a note, mortgage, and agreement of sale constitute one contract where they are a part of the same transaction. (*Id.*, see also *Nevin v. Salk* (1975) 45 Cal.App.3d 331, 338.)  If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 6:**

Admit that Paragraph 13 of the NOTE does not require DEFENDANT to provide notice of any assignment of the DEED OF TRUST.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "require," "notice," and "assignment." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

/ / /

-7-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

Without waiving these objections, Responding Party responds as follows: Deny in part. Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any <u>sale</u> be sent to Lender and Trustor at the addresses listed in the Date and Parties section. Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher 000273-309.) Propounding Party may not have had to obtain Responding Party's consent for the purported sale, but they were required to provide notice of the sale of the Deed of Trust. Under Civil Code section 1642, it is the general rule that several papers relating to the same subject matter and executed as parts of substantially one transaction, are to be construed together as one contract. (*Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 481. Thus, a note, mortgage, and agreement of sale constitute one contract where they are a part of the same transaction. (*Id.*, see also *Nevin v. Salk* (1975) 45 Cal.App.3d 331, 338.)  If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 7:**

Admit that no provision of the NOTE requires DEFENDANT to provide notice of any assignment of the NOTE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "provision," "notice," and "assignment." Responding Party also objects to this Request as it would

-8-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself.  Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part.  Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any <u>sale</u> be sent to Lender and Trustor at the addresses listed in the Date and Parties section.  Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher 000273-309.) Propounding Party may not have had to obtain Responding Party's consent for the purported sale, but they were required to provide notice of the sale of the Deed of Trust. Under Civil Code section 1642, it is the general rule that several papers relating to the same subject matter and executed as parts of substantially one transaction, are to be construed together as one contract. (*Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 481. Thus, a note, mortgage, and agreement of sale constitute one contract where they are a part of the same transaction. (*Id.*, see also *Nevin v. Salk* (1975) 45 Cal.App.3d 331, 338.)  If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

/ / /

/ / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1  **REQUEST FOR ADMISSIONS NO. 8:**

2      Admit that no provision of the NOTE requires DEFENDANT to provide notice of any

3  assignment of the DEED OF TRUST.

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

5      Responding Party objects to this Request on the grounds that it is vague, ambiguous and

6  overbroad. Responding Party objects to this Request as it is vague as to the terms "provision,"

7  "notice," and "assignment." Responding Party also objects to this Request as it would necessitate

8  the premature disclosure of expert opinion.  Responding Party further objects to this Request to

9  the extent it seeks documents, in violation of attorney client privilege and/or the work product

10 doctrine.  Responding Party further objects on the basis that this Request fails to comply with the

11 requirement that each request for admission shall be full and complete in and of itself.

12 Responding Party also objects to this Request as it calls for a legal conclusion.

13      Without waiving these objections, Responding Party responds as follows: Deny in part.

14 Lender (Propounding Party) and Trustor (Responding Party) explicitly agreed that copies of any

15 <u>sale</u> be sent to Lender and Trustor at the addresses listed in the Date and Parties section.

16 Propounding Party sold the Deed of Trust and interest therein to DreamBuilder. (See PNC Dreher

17 000273-309.) Propounding Party may not have had to obtain Responding Party's consent for the

18 purported sale, but they were required to provide notice of the sale of the Deed of Trust. Under

19 Civil Code section 1642, it is the general rule that several papers relating to the same subject

20 matter and executed as parts of substantially one transaction, are to be construed together as one

21 contract. (*Huckell v. Matranga* (1979) 99 Cal.App.3d 471, 481. Thus, a note, mortgage, and

22 agreement of sale constitute one contract where they are a part of the same transaction. (*Id.*, see

23 also *Nevin v. Salk* (1975) 45 Cal.App.3d 331, 338.)  If an assignment is never recorded and the

24 original holder does not notify the homeowners, assignment is only valid as to those who have

25 notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

26 *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

27 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

28 (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

-10-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

(2000) 81 Cal. App. 4th 816, 830.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer" thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 9:**

Admit that the field "Name of Creditor (the person or entity to whom the debtor owes money or property")" in the proof of claim filed by GREEN TREE on or about October 26, 2010, in the BANKRUPTCY PROCEEDING is blank.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "field," "proof," and "claim." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. Propounding Party is listed on the Proof of Claim, no other entity is listed, and received notices of the Bankruptcy Proceedings. A violation of a bankruptcy stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay, including allowing the court to continue to hold the belief that the creditor had a right to the property. (11 U.S.C. section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620. Moreover, as of October 26, 2010, Propounding Party remained the Interim Servicer who had a duty to inform the Bankruptcy Court if it no longer had any interest in the claim.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**REQUEST FOR ADMISSIONS NO. 10:**

Admit that the proof of claim filed by GREEN TREE on or about October 26, 2010, in the BANKRUPTCY PROCEEDING did not identify DEFENDANT as a creditor.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "proof," "claim," "identify," and "creditor." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. Propounding Party is listed on the Proof of Claim, no other entity is listed, and received notices of the Bankruptcy Proceedings. A violation of a bankruptcy stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay, including allowing the court to continue to hold the belief that the creditor had a right to the property. (11 U.S.C. section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620.) Moreover, as of October 26, 2010, Propounding Party remained the Interim Servicer who had a duty to inform the Bankruptcy Court if it no longer had any interest in the claim.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 11:**

Admit that the proof of claim filed by GREEN TREE on or about October 26, 2010, in the BANKRUPTCY PROCEEDING indicated that all notices related to the claim should be sent to GREEN TREE.

/ / /

/ / /

-12-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "proof," "claim," and "notices." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that "[e]ach request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. Propounding Party is listed on the Proof of Claim, no other entity is listed, and received notices of the Bankruptcy Proceedings. A violation of a bankruptcy stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay, including allowing the court to continue to hold the belief that the creditor had a right to the property. (11 U.S.C. section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620.) Moreover, as of October 26, 2010, Propounding Party remained the Interim Servicer who had a duty to inform the Bankruptcy Court if it no longer had any interest in the claim.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 12:**

Admit that the proof of claim filed by GREEN TREE on or about October 26, 2010, in the BANKRUPTCY PROCEEDING indicated that all payments on the claim should be sent to GREEN TREE.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "proof," "claim," and "payments." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

1  extent it seeks documents, in violation of attorney client privilege and/or the work product

2  doctrine.  Responding Party further objects on the basis that this Request fails to comply with the

3  requirement that each request for admission shall be full and complete in and of itself.

4  Responding Party also objects to this Request as it calls for a legal conclusion.

5  Without waiving these objections, Responding Party responds as follows: Deny in part.

6  Propounding Party is listed on the Proof of Claim, no other entity is listed, and received notices of

7  the Bankruptcy Proceedings. A violation of a bankruptcy stay is willful if the creditor knew of the

8  automatic stay and intentionally performed the actions that violated the stay, including allowing

9  the court to continue to hold the belief that the creditor had a right to the property. (11 U.S.C.

10  section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620.) Moreover, as of October 26,

11  2010, Propounding Party remained the Interim Servicer who had a duty to inform the Bankruptcy

12  Court if it no longer had any interest in the claim.

13  Discovery and investigation are ongoing and Responding Party reserves his right to amend

14  and/or supplement these responses once additional facts and/or information have been obtained.

15  **REQUEST FOR ADMISSIONS NO. 13:**

16  Admit that YOU received a letter from GREEN TREE, dated October 12, 2010, that

17  identifies "U.S. Bank National Association, not in its individual capacity, but solely as trustee

18  under the Grand New Start Pass-Through Trust Agreement" as creditor in the subject line.

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

20  Responding Party objects to this Request on the grounds that it is vague, ambiguous and

21  overbroad. Responding Party objects to this Request as it is vague as to the terms "require,"

22  "notice," and "assignment." Responding Party also objects to this Request as it would necessitate

23  the premature disclosure of expert opinion.  Responding Party further objects to this Request to

24  the extent it seeks documents, in violation of attorney client privilege and/or the work product

25  doctrine.  Responding Party further objects on the basis that this Request fails to comply with the

26  requirement that each request for admission shall be full and complete in and of itself.

27  Responding Party also objects to this Request as it calls for a legal conclusion.

28  / / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
REQUESTS FOR ADMISSION, SET ONE

Without waiving these objections, Responding Party responds as follows: Deny. Responding Party never received this letter. To note, the address on the letter produced by Propounding Party was not sent to the address listed on the Deed of Trust or Promissory Note indicating where notices are to be sent.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 14:**

Admit that, after receiving the October 12, 2010 letter from GREEN TREE, YOU did not contact GREEN TREE to confirm the identity of the creditor on the LOAN.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "receiving," "contact," and "identity." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Responding Party cannot admit or deny this request. Responding Party never received the letter referenced.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 15:**

Admit that the October 12, 2010 letter YOU received from GREEN TREE informed YOU that GREEN TREE was the new servicer for the LOAN.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "received,"

1  "informed," and "servicer." Responding Party also objects to this Request as it would necessitate
2  the premature disclosure of expert opinion.  Responding Party further objects to this Request to
3  the extent it seeks documents, in violation of attorney client privilege and/or the work product
4  doctrine.  Responding Party further objects on the basis that this Request fails to comply with the
5  requirement that each request for admission shall be full and complete in and of itself.
6  Responding Party also objects to this Request as it calls for a legal conclusion.

7       Without waiving these objections, Responding Party responds as follows: Responding
8  Party cannot admit or deny this request. Responding Party never received the letter referenced.

9       Discovery and investigation are ongoing and Responding Party reserves his right to amend
10 and/or supplement these responses once additional facts and/or information have been obtained.

11 **REQUEST FOR ADMISSIONS NO. 16:**

12      Admit that the October 12, 2010 letter YOU received from GREEN TREE informed YOU
13 that all future payments on the LOAN should be sent to GREEN TREE.

14 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 16:**

15      Responding Party objects to this Request on the grounds that it is vague, ambiguous and
16 overbroad. Responding Party objects to this Request as it is vague as to the terms "received,"
17 "informed," and "payments." Responding Party also objects to this Request as it would necessitate
18 the premature disclosure of expert opinion.  Responding Party further objects to this Request to
19 the extent it seeks documents, in violation of attorney client privilege and/or the work product
20 doctrine.  Responding Party further objects on the basis that this Request fails to comply with the
21 requirement that each request for admission shall be full and complete in and of itself.
22 Responding Party also objects to this Request as it calls for a legal conclusion.

23      Without waiving these objections, Responding Party responds as follows: Responding
24 Party cannot admit or deny this request. Responding Party never received the letter referenced.

25      Discovery and investigation are ongoing and Responding Party reserves his right to amend
26 and/or supplement these responses once additional facts and/or information have been obtained.

27 / / /

28 / / /

-16-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**REQUEST FOR ADMISSIONS NO. 17:**

Admit that in 2013 YOU sent four payments in the amount of $360.26 each to DEFENDANT even though YOU were advised that payments on the LOAN should be sent to GREEN TREE.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 17:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "advised" and "payments." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Responding Party cannot admit or deny this request. Responding Party never received the letter referenced. Responding Party sent eleven (11) payments to Propounding Party.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 18:**

Admit that documents bates numbered PNC Dreher 000233, PNC Dreher 000241, PNC Dreher 000254, and PNC Dreher 000266, attached hereto as Exhibit A, show that the four (4) checks tendered to DREAMBUILDER by DEFENDANT, in the amount of $360.26 each, were indorsed by DREAMBUILDER.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 18:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "tendered" and "indorsed." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Responding Party does not have sufficient information to admit or deny this request at this time. Responding Party sent eleven (11) payments to Propounding Party.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 19:**

Admit that DEFENDANT has not taken any action in the last five (5) years to assert an interest in the LIEN.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 19:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "action," "assert," and "interest." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. By failing to correct the Bankruptcy Court's understanding of the lien, the asserted proof of claim by GreenTree, or to address the fact that Propounding Party sold the lien to DreamBuilder, Propounding Party took action by continuing to allow the Court to believe this asserted interest was owned by Propounding Party. A violation of a bankruptcy stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay, including allowing the court to continue to hold the belief that the creditor had a right to the property. (11

-18-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

U.S.C. section 362(h); see also *In re Edwards* (1997) 214 B.R. 613, 620.) Moreover, Propounding Party, under the above noted sale, took on the role of "Interim Servicer," thereby requiring Propounding Party to provide notice of the change in servicing to Responding Party under Civil Code 2920.5. By failing to act when action was required, Propounding Party misled Responding Party and the Court.

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 20:**

Admit that DREAMBUILDER, not DEFENDANT, is the holder of the LIEN on the PROPERTY.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 20:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the term "holder." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that "[e]ach request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

-19-

**REQUEST FOR ADMISSIONS NO. 21:**

Admit that DREAMBUILDER is the beneficiary of record under the DEED OF TRUST.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 21:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "beneficiary" and "of record." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.) Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 22:**

Admit the ASSIGNMENT was recorded by DREAMBUILDER.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 22:**

Admit.

**REQUEST FOR ADMISSIONS NO. 23:**

Admit YOU have no factual basis to dispute the validity of the ASSIGNMENT.

/ / /

/ / /

1   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 23:**

2         Responding Party objects to this Request on the grounds that it is vague, ambiguous and

3   overbroad. Responding Party objects to this Request as it is vague as to the terms "factual,"

4   "basis," "dispute," and "validity." Responding Party also objects to this Request as it would

5   necessitate the premature disclosure of expert opinion.  Responding Party further objects to this

6   Request to the extent it seeks documents, in violation of attorney client privilege and/or the work

7   product doctrine.  Responding Party further objects on the basis that this Request fails to comply

8   with the requirement that each request for admission shall be full and complete in and of itself.

9   Responding Party also objects to this Request as it calls for a legal conclusion.

10         Without waiving these objections, Responding Party responds as follows: Deny in part.

11   The purchase agreement was between American Servicing and Recovery Group LLC and

12   Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

13   assignment to the entity DreamBuilder is unclear. Moreover, the agreement stated that Interim

14   Servicer could provide notice of sale to Responding Party, that Purchaser was to issue notice of

15   change of servicing of the loan to Responding Party and submit to Propounding Party for

16   approval. Responding Party never received any notice. By failing to act when action was required,

17   Propounding Party misled Responding Party and the Court. If an assignment is never recorded and

18   the original holder does not notify the homeowners, assignment is only valid as to those who have

19   notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

20   *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

21   Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

22   (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

23   (2000) 81 Cal. App. 4th 816, 830.)

24         Discovery and investigation are ongoing and Responding Party reserves his right to amend

25   and/or supplement these responses once additional facts and/or information have been obtained.

26   **REQUEST FOR ADMISSIONS NO. 24:**

27         Admit YOU have no legal basis to dispute the validity of the ASSIGNMENT.

28   / / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
REQUESTS FOR ADMISSION, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 24:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "factual," "legal," "dispute," and "validity." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. The agreement stated that Purchaser was to issue notice of change of servicing of the loan to Responding Party and submit to Propounding Party for approval. Responding Party never received any notice. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 25:**

Admit that YOU do not have standing to challenge the validity of the ASSIGNMENT because YOU are not a party to the ASSIGNMENT.

-22-

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 25:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "standing," "challenge," and "validity." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 26:**

Admit that, as of October 26, 2010, DEFENDANT no longer had any interest in the LOAN.

/ / /

-23-

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 26:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the term "any interest." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself.  Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 27:**

Admit that, as of October 26, 2010, DEFENDANT was not the owner of the NOTE.

/ / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
REQUESTS FOR ADMISSION, SET ONE

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 27:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the term "owner." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as the purported assignment was never recorded, as per the public records and as to third parties and the bankruptcy court, Propounding Party remained the owner. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank,* (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

/ / /

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

**REQUEST FOR ADMISSIONS NO. 28:**

Admit that, as of October 26, 2010, DEFENDANT was not the person entitled to enforce the NOTE. For purposes of this request, the term "person entitled to enforce" has the meaning ascribed under Cal. Comm. Code § 3301.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 28:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "entitled" and "enforce." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as the purported assignment was never recorded, as per the public records and as to third parties and the bankruptcy court, Propounding Party remained the person entitled to enforce the Note. By failing to act when action was required, Propounding Party misled Responding Party and the Court.  If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1  295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

2       Discovery and investigation are ongoing and Responding Party reserves his right to amend

3  and/or supplement these responses once additional facts and/or information have been obtained.

4  **REQUEST FOR ADMISSIONS NO. 29:**

5       Admit that, as of October 26, 2010, DEFENDANT was not the beneficiary of the DEED

6  OF TRUST.

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 29:**

8       Responding Party objects to this Request on the grounds that it is vague, ambiguous and

9  overbroad. Responding Party objects to this Request as it is vague as to the term "beneficiary."

10  Responding Party also objects to this Request as it would necessitate the premature disclosure of

11  expert opinion.  Responding Party further objects to this Request to the extent it seeks documents,

12  in violation of attorney client privilege and/or the work product doctrine.   Responding Party

13  further objects on the basis that this Request fails to comply with the requirement that each request

14  for admission shall be full and complete in and of itself.  Responding Party also objects to this

15  Request as it calls for a legal conclusion.

16       Without waiving these objections, Responding Party responds as follows: Deny in part.

17  The purchase agreement was between American Servicing and Recovery Group LLC and

18  Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

19  assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

20  seller and interim servicer was to provide notice to Responding Party. There were also duties as to

21  any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

22  the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as

23  the purported assignment was never recorded, as per the public records and as to third parties and

24  the bankruptcy court, Propounding Party remained the beneficiary. By failing to act when action

25  was required, Propounding Party misled Responding Party and the Court. If an assignment is

26  never recorded and the original holder does not notify the homeowners, assignment is only valid

27  as to those who have notice, not against other parties without notice of the same. (Civ. Code, §

28  1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v.*

-27-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1  *Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v.*

2  *Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale*

3  *Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

4      Discovery and investigation are ongoing and Responding Party reserves his right to amend

5  and/or supplement these responses once additional facts and/or information have been obtained.

6  **REQUEST FOR ADMISSIONS NO. 30:**

7      Admit that DEFENDANT has not had any interest in the DEED OF TRUST since October

8  26, 2010.

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 30:**

10      Responding Party objects to this Request on the grounds that it is vague, ambiguous and

11  overbroad. Responding Party objects to this Request as it is vague as to the term "any interest."

12  Responding Party also objects to this Request as it would necessitate the premature disclosure of

13  expert opinion.  Responding Party further objects to this Request to the extent it seeks documents,

14  in violation of attorney client privilege and/or the work product doctrine.  Responding Party

15  further objects on the basis that this Request fails to comply with the requirement that each request

16  for admission shall be full and complete in and of itself.  Responding Party also objects to this

17  Request as it calls for a legal conclusion.

18      Without waiving these objections, Responding Party responds as follows: Deny in part.

19  The purchase agreement was between American Servicing and Recovery Group LLC and

20  Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

21  assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

22  seller and interim servicer was to provide notice to Responding Party. There were also duties as to

23  any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

24  the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as

25  the purported assignment was never recorded, as per the public records and as to third parties and

26  the bankruptcy court, Propounding Party remained the party of interest in the Note.  By failing to

27  act when action was required, Propounding Party misled Responding Party and the Court. If an

28  assignment is never recorded and the original holder does not notify the homeowners,

-28-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   assignment is only valid as to those who have notice, not against other parties without notice of

2   the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see

3   *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity*

4   *Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d

5   295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

6          Discovery and investigation are ongoing and Responding Party reserves his right to amend

7   and/or supplement these responses once additional facts and/or information have been obtained.

8   **REQUEST FOR ADMISSIONS NO. 31:**

9          Admit that, as of October 26, 2010, DEFENDANT was not the servicing agent for the

10  LOAN.

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 31:**

12         Responding Party objects to this Request on the grounds that it is vague, ambiguous and

13  overbroad. Responding Party objects to this Request as it is vague as to the term "servicing agent."

14  Responding Party also objects to this Request as it would necessitate the premature disclosure of

15  expert opinion.  Responding Party further objects to this Request to the extent it seeks documents,

16  in violation of attorney client privilege and/or the work product doctrine.  Responding Party

17  further objects on the basis that this Request fails to comply with the requirement that each request

18  for admission shall be full and complete in and of itself. Responding Party also objects to this

19  Request as it calls for a legal conclusion.

20         Without waiving these objections, Responding Party responds as follows: Deny in part.

21  The purchase agreement was between American Servicing and Recovery Group LLC and

22  Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

23  assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

24  seller and interim servicer was to provide notice to Responding Party. There were also duties as to

25  any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

26  the assignment, there are contractual and statutory duties owed to Responding Party. By failing to

27  act when action was required, Propounding Party misled Responding Party and the Court. If an

28  assignment is never recorded and the original holder does not notify the homeowners,

-29-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 32:**

Admit that YOU do not have any evidence to refute that DEFENDANT has not had any interest in the LOAN since on or before October 26, 2010.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 32:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "evidence," "refute," and "any interest." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. Finally, because the purported assignment was not recorded, Propounding Party remained the entity with interest in the Loan. By failing to act when action was required, Propounding Party misled

-30-

Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 33:**

Admit that YOU do not have any evidence to refute that DEFENDANT has not had any interest in the NOTE since on or before October 26, 2010.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 33:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "evidence," "refute," and "any interest." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion. Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine. Responding Party further objects on the basis that this Request fails to comply with the requirement that each request for admission shall be full and complete in and of itself. Responding Party also objects to this Request as it calls for a legal conclusion.

Without waiving these objections, Responding Party responds as follows: Deny in part. The purchase agreement was between American Servicing and Recovery Group LLC and Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as

1   the purported assignment was never recorded, as per the public records, Propounding Party

2   remained the person with interest in the Note. By failing to act when action was required,

3   Propounding Party misled Responding Party and the Court. If an assignment is never recorded and

4   the original holder does not notify the homeowners, assignment is only valid as to those who have

5   notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

6   *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

7   Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

8   (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

9   (2000) 81 Cal. App. 4th 816, 830.)

10       Discovery and investigation are ongoing and Responding Party reserves his right to amend

11   and/or supplement these responses once additional facts and/or information have been obtained.

12   **REQUEST FOR ADMISSIONS NO. 34:**

13       Admit that YOU do not have any evidence to refute that DEFENDANT has not had any

14   interest in the DEED OF TRUST since on or before October 26, 2010.

15   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 34:**

16       Responding Party objects to this Request on the grounds that it is vague, ambiguous and

17   overbroad. Responding Party objects to this Request as it is vague as to the terms "evidence,"

18   "refute," and "any interest." Responding Party also objects to this Request as it would necessitate

19   the premature disclosure of expert opinion.  Responding Party further objects to this Request to

20   the extent it seeks documents, in violation of attorney client privilege and/or the work product

21   doctrine.  Responding Party further objects on the basis that this Request fails to comply with the

22   requirement that each request for admission shall be full and complete in and of itself.

23   Responding Party also objects to this Request as it calls for a legal conclusion.

24       Without waiving these objections, Responding Party responds as follows: Deny in part.

25   The purchase agreement was between American Servicing and Recovery Group LLC and

26   Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

27   assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as

28   seller and interim servicer was to provide notice to Responding Party. There were also duties as

-32-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

1   to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of

2   the assignment, there are contractual and statutory duties owed to Responding Party. Finally, as

3   the purported assignment was never recorded, as per the public records, Propounding Party

4   remained the party of interest in the Deed of Trust. By failing to act when action was required,

5   Propounding Party misled Responding Party and the Court. If an assignment is never recorded and

6   the original holder does not notify the homeowners, assignment is only valid as to those who have

7   notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v.*

8   *Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214

9   Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank*

10  (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*,

11  (2000) 81 Cal. App. 4th 816, 830.)

12          Discovery and investigation are ongoing and Responding Party reserves his right to amend

13  and/or supplement these responses once additional facts and/or information have been obtained.

14  **REQUEST FOR ADMISSIONS NO. 35:**

15          Admit that YOU do not have any evidence to refute that DEFENDANT has not been the

16  servicing agent for the LOAN since on or before October 26, 2010.

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 35:**

18          Responding Party objects to this Request on the grounds that it is vague, ambiguous and

19  overbroad. Responding Party objects to this Request as it is vague as to the terms "evidence,"

20  "refute," and "servicing agent." Responding Party also objects to this Request as it would

21  necessitate the premature disclosure of expert opinion.  Responding Party further objects to this

22  Request to the extent it seeks documents, in violation of attorney client privilege and/or the work

23  product doctrine.  Responding Party further objects on the basis that this Request fails to comply

24  with the requirement that each request for admission shall be full and complete in and of itself.

25  Responding Party also objects to this Request as it calls for a legal conclusion.

26          Without waiving these objections, Responding Party responds as follows: Deny in part.

27  The purchase agreement was between American Servicing and Recovery Group LLC and

28  Propounding Party and DreamBuilder was listed as a guarantor. Thus, the validity of the

-33-

BERDING & WEIL, LLP
2175 N California Blvd  Suite 500
Walnut Creek, California 94596

assignment to DreamBuilder is unclear. Moreover, under the agreement, Propounding Party as seller and interim servicer was to provide notice to Responding Party. There were also duties as to any bankruptcy proceedings which Propounding Party failed to follow. Moreover, regardless of the assignment, there are contractual and statutory duties owed to Responding Party. By failing to act when action was required, Propounding Party misled Responding Party and the Court. If an assignment is never recorded and the original holder does not notify the homeowners, assignment is only valid as to those who have notice, not against other parties without notice of the same. (Civ. Code, § 1217; *Moore v. Schneider* (1925) 196 Cal. 380, 393–394, 238 P. 81; see *Gates Rubber Co. v. Ulman* (1989) 214 Cal.App.3d 356, 370, 262 Cal.Rptr. 630; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1440–1441, 71 Cal.Rptr.2d 295; *Bartold v. Glendale Fed. Bank*, (2000) 81 Cal. App. 4th 816, 830.)

Discovery and investigation are ongoing and Responding Party reserves his right to amend and/or supplement these responses once additional facts and/or information have been obtained.

**REQUEST FOR ADMISSIONS NO. 36:**

Admit that YOU sent a letter dated June 20, 2018, to DREAMBUILDER requesting DREAMBUILDER to release the LIEN.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 36:**

Admit.

**REQUEST FOR ADMISSIONS NO. 37:**

Admit that YOU did not suffer any damages as a result of the misconduct and/or omissions of DEFENDANT as alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 37:**

Responding Party objects to this Request on the grounds that it is vague, ambiguous and overbroad. Responding Party objects to this Request as it is vague as to the terms "evidence," "refute," and "servicing agent." Responding Party also objects to this Request as it would necessitate the premature disclosure of expert opinion.  Responding Party further objects to this Request to the extent it seeks documents, in violation of attorney client privilege and/or the work product doctrine.  Responding Party further objects on the basis that this Request fails to comply

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S REQUESTS FOR ADMISSION, SET ONE

1    with the requirement that each request for admission shall be full and complete in and of itself.

2    Responding Party also objects to this Request as it calls for a legal conclusion. Without waiving

3    these objections, Responding Party responds as follows: Deny.

4         Discovery and investigation are ongoing and Responding Party reserves his right to amend

5    and/or supplement these responses once additional facts and/or information have been obtained.

6                     **GENUINENESS OF DOCUMENTS**

7    **REQUEST**:

8         Admit that each of the following documents is a true AND accurate reproduction of a

9    genuine original:

10    (a) Checks identified as P000990, P000991, P000988, and P000989, which are

11         attached hereto as Exhibit B.

12    (b) The NOTE attached hereto as Exhibit C, which YOU executed on or about

13         April 17, 2007.

14    (c) The DEED OF TRUST attached hereto as Exhibit D which YOU executed

15         on or about April 17, 2007.

16    **RESPONSE TO REQUEST**:

17         (a) Admit.

18         (b) Admit.

19         (c) Admit.

20    Dated:  November 7, 2019          **BERDING & WEIL LLP**

21

22                          By:_____

23                            Daniel L. Rottinghaus
                           Scott M. Mackey

24                            Seema N. Kadaba
                           Attorneys for Plaintiffs

25                            STEPHEN and MELINDA DREHER

26

27    4828-3461-2647, v. 1

28

PLAINTIFF STEPHEN DREHER'S RESPONSES TO DEFENDANT PNC BANK, N.A.'S
REQUESTS FOR ADMISSION, SET ONE

**VERIFICATION TO FOLLOW**

# EXHIBIT "C"



**EXHIBIT D**

P000990



Bk # 10-21037

19-10/1250

3115

MELINDA L DREHER
STEPHEN C DREHER
23210 S CAVE BAY RD.
WORLEY, ID  83876-0400

APR 18 2013   DATE 3-21-13

PAY TO THE
ORDER OF   National City / PNC                    | $ 360.26

three hundred sixty + 26/100                    DOLLARS

USbank.   All of us serving you.

MEMO acct # 01-316-4530401653   Melinda Dreher

Financial Privacy

ENDORSE HERE

FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

▶031000053◀
PNC 8809 TINICUM PHL PA
04192013 PK:000 E:7509

1400591628

DO NOT WRITE BELOW THIS LINE

P000991





**Financial Privacy**

MELINDA L DREHER
STEPHEN C DREHER
23210 S CAVE BAY RD
WORLEY, ID 83876-0400

19-10/1250

3068

DATE 5-15-13

JUN 05 2013

PAY TO THE
ORDER OF *PLC / National City* $ 360.26

*three hundred sixty + 26/100* DOLLARS

**us bank**  All of us serving you

MEMO

**Financial Privacy**

▶031000053◀
PNC BOSS TINICUM PHL PA
06072013 PH/QW2 E15322
1500416115

P000989

# EXHIBIT "D"

Sra Associates
Account Specialist
1-- Ext

Notice: See Reverse Side for Important Information

## PNC BANK

Date 02/14/14

Dear Customer:

Thank for your recent payment.  Unfortunately, we must return your check for the reason(s) shown below.

[]      We cannot process post-dated or stale-dated check.

[]      The account referenced is paid in full or settled in full.

[]      The account referenced is in foreclosure.

[x]     PNC Bank no longer services this account.

[]      The check is not payable to PNC Bank, N.A.

If you have any questions concerning the reason(s) we were unable to process your payment, we invite you to call us at 1-888-762-2265.  Thank you.

Sincerely,

PNC Bank, National Association

Enclosure

P001015

*The separate laws of Connecticut, The District of Columbia, New York City, North Carolina, and Vermont each require that their respective residents be furnished with this notice.*

*This is an attempt to collect a debt.  Any information obtained will be used for that purpose.*

Member of The PNC Financial Services Group

Consumer Lending   PO Box 5570   Cleveland  Ohio  44101

www.pnc.com

**Tap to Download**
Highlan...of 2).jpg
1.0 MB

**Tap to Download**
Highlan...of 2).jpg
2.1 MB

**Tap to Download**
Clearspr...2017.csv
0.1 KB

 **PNC BANK**

Date 11/20/2013

Dear Customer:

Thank for your recent payment.  Unfortunately, we must return your check for the reason(s) shown below.

[]    We cannot process post-dated or stale-dated check.

[]    The account referenced is paid in full or settled in full.

[]    The account referenced is in foreclosure.

[x]    PNC Bank no longer services this account.

[]    The check is not payable to PNC Bank, N.A.

If you have any questions concerning the reason(s) we were unable to process your payment, we invite you to call us at 1-888-762-2265.  Thank you.

Sincerely,

PNC Bank, National Association

Enclosure

*The separate laws of Connecticut, The District of Columbia, New York City, North Carolina, and Vermont each require that their respective residents be furnished with this notice:*

*This is an attempt to collect a debt.  Any information obtained will be used for that purpose.*

**Member of The PNC Financial Services Group**

Consumer Lending   PO Box 5570   Cleveland   Ohio   44101

www.pnc.com

**PNC BANK**

Date 12/26/13

Dear Customer:

Thank for your recent payment.  Unfortunately, we must return your check for the reason(s) shown below.

[]      We cannot process post-dated or stale-dated check.

[]      The account referenced is paid in full or settled in full.

[]      The account referenced is in foreclosure.

[X]     PNC Bank no longer services this account.

[]      The check is not payable to PNC Bank, N.A.

If you have any questions concerning the reason(s) we were unable to process your payment, we invite you to call us at 1-888-762-2265.  Thank you.

Sincerely,

PNC Bank, National Association

Enclosure

*The separate laws of Connecticut, The District of Columbia, New York City, North Carolina, and Vermont each require that their respective residents be furnished with this notice:*

*This is an attempt to collect a debt.  Any information obtained will be used for that purpose.*

**Member of The PNC Financial Services Group**

Consumer Lending   PO Box 5570  Cleveland  Ohio  44101

www.pnc.com

P001024



3611 South Harbor Blvd, Suite 100
Santa Ana, CA 92704
Phone: (877) 557-9042
www.landhomefinancial.com

July 20, 2017

Melinda & Stephen Dreher
PO Box 400
Worley, Idaho 83876

Dear Mr. and Mrs. Dreher,

Enclosed are checks #'s:

4124 – 7/1/2017 - $859.99
4797 – 7/1/2017 - $1000.00
4121 – 6/1/2017 - $859.99

We are sending this check for the following reason (s):

( ) Wrong payee                          ( ) Loan in Foreclosure
( ) Post-dated check                     ( ) Certified funds (cashier's check, money order) only
(X) Loan not serviced by LHFS            ( ) Unable to locate account

**This loan was <u>service released</u> to <u>Home Servicing LLC, 2431 S Acadian Thruway, Suite 525, Baton Rouge, LA 70808. Their Customer Service # is 866-565-7979.</u> Please contact them about your loan servicing. We have previously forwarded them two checks that you had sent to LHFS (check #s 4086 and 4088).**

Sincerely,

Robert Flores
Cashiering Department

Land Home Financial Service, Inc.
3611 South Harbor Blvd, Suite 100
Santa Ana, CA 92704

**Disclosure**:
This is an attempt to collect a debt. Any information obtained will be used for that purpose (FDCPA 15 U.S.C. §§ 1692 *et seq*). You are now communicating with a debt collector.  It does not imply that Land Home Financial Services, Inc. is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States in such instances, it is intended solely for informational purposes and does not constitute a demand for payment.

P001035

Bk 10-21037

MELINDA L DREHER
STEPHEN C DREHER
PO BOX 400
WORLEY, ID 83876-0400

92-372/1231

4124

JUL - 5 2017   DATE 7-1-17

PAY TO THE ORDER OF. Land Home

$ 859.99

eight hundred fifty nine + 99/100   DOLLARS

**us bank.** All of us serving you®

MEMO

⑆ 4124



acct #
Bk 10-21037

MELINDA L DREHER
STEPHEN C DREHER
PO BOX 400
WORLEY, ID 83876-0400

92-372/1231

4797

DATE 7-1-17   H.F.

PAY TO THE ORDER OF. Land Home

$ 1000.00

one thousand +   DOLLARS

**us bank.**

MEMO

⑆ 4797



Bk 10-21037

MELINDA L DREHER
STEPHEN C DREHER
PO BOX 400
WORLEY, ID 83876-0400

92-372/1231

4121

DATE 6-1-17   H.F.

PAY TO THE ORDER OF. Land Home

$ 859.99

eight hundred fifty nine + 99/100   DOLLARS

**us bank.** All of us serving you®

MEMO

⑆ 4121

**P001036**





**CLEARSPRING**
*LOAN SERVICES*

P.O. Box 52238
Idaho Falls, ID 83405-2238
S195

09/25/2017

STEPHEN DREHER
23210 S CAVE BAY RD
WORLEY, ID  83876

Investor: JH Capital V.I., Inc. - Liberty

### NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

Welcome to ClearSpring Loan Services, Inc.! We are pleased to inform you that the servicing of your mortgage loan, that is, the right to collect payments from you is being assigned, sold, or transferred from Home Servicing, LLC to ClearSpring Loan Services, Inc. ("ClearSpring") on 08/25/2017.

Please be assured that the assignment, sale, or transfer of your mortgage loan does not affect any term or condition of the mortgage instruments other than the terms directly related to the servicing of your loan. Mortgage life, accidental death, disability insurance or other optional products billed and collected with your mortgage payment will not be continued upon the transfer to ClearSpring Loan Services, Inc. Please contact your insurance carrier or prior servicer for arrangements to maintain your coverage by direct billing, if available.

Your present servicer is Home Servicing, LLC. If you have any questions relating to the transfer of servicing from your present servicer, please call the Customer Service department at 866-565-7979 between the hours of Monday through Friday, 8:30 AM to 5:30 PM CST. This is a toll-free number. The date that your present servicer will stop accepting payments from you is 08/25/2017. After the transfer date, please discard any payment coupons from Home Servicing, LLC.

Your new servicer will be ClearSpring Loan Services, Inc. The date that ClearSpring will start accepting payments from you is 08/25/2017. If you have any questions relating to the transfer of servicing of your account to ClearSpring, please call our Customer Service department at 1-866-660-5804 between the hours of 8:00AM-7:00PM, Monday-Friday (CST) and 8:00AM-12:00PM on Saturday (CST). This is a toll-free number.

Please send all payments due on or after 08/25/2017 to:



P001039



**Overnight Delivery:**
Capital One Bank
Attn: ClearSpring Loan Services, Inc.
5444 Westheimer Road
5th Floor, Lockbox #446
Houston, TX 77056

**Regular Mail Address:**
ClearSpring Loan Services, Inc.
P.O. Box 4869, Dept #446
Houston, TX 77210

Please send any correspondence, address changes, notifications of error, or requests for information regarding your loan to:

ClearSpring Loan Services, Inc.
18451 North Dallas Parkway, Suite 100
Dallas, TX 75287

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THIS DEBT OR OBTAIN A COPY OF A JUDGMENT AGAINST YOU AND MAIL YOU A COPY OF SUCH VERIFICATION OR JUDGMENT. ALSO UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF IT IS DIFFERENT FROM THE CURRENT CREDITOR. FURTHERMORE, YOU UNDERSTAND THAT THIS NOTICE IS FROM A DEBT COLLECTION AGENCY AND WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*THIS COMMUNICATION IS FROM A DEBT COLLECTOR.*
*THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

*If you are in active bankruptcy or received a discharge which included this debt, this communication is not intended to be and does not constitute an attempt to reaffirm or to collect a debt against you personally and is for informational purposes only.*

CLSP1709294322910002201040000000

---

**Tap to Download**
Highlan...of 2).jpg
2.1 MB

**Tap to Download**
Clearspr...2017.csv
0.1 KB

P001040

Please send any correspondence, address changes, notifications of error, or requests for information regarding your loan to:

ClearSpring Loan Services, Inc.
18451 North Dallas Parkway, Suite 100
Dallas, TX 75287

**UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THIS DEBT OR OBTAIN A COPY OF A JUDGMENT AGAINST YOU AND MAIL YOU A COPY OF SUCH VERIFICATION OR JUDGMENT. ALSO UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF IT IS DIFFERENT FROM THE CURRENT CREDITOR. FURTHERMORE, YOU UNDERSTAND THAT THIS NOTICE IS FROM A DEBT COLLECTION AGENCY AND WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*THIS COMMUNICATION IS FROM A DEBT COLLECTOR.*
*THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

*If you are in active bankruptcy or received a discharge which included this debt, this communication is not intended to be and does not constitute an attempt to reaffirm or to collect a debt against you personally and is for informational purposes only.*

In the event your first billing statement from ClearSpring is not received, please mail your payment to ClearSpring and indicate the loan number on your check. Your loan number is listed below.

If you were enrolled in an automatic debit program through your prior servicer, this service will NOT continue on the transfer to ClearSpring.

Except in limited circumstances, the law requires that your new servicer send you this notice no later than 15 days after the effective date of transfer or at closing.

Once again, welcome to ClearSpring. As your service provider, we take pride in offering premier customer care. We encourage you to contact us to confirm that we have the most current account information so that we can provide you with the quality service you expect.

| Loan # | Today's Date | Principal Balance | Escrow Balance | Payment Due Date |
|---|---|---|---|---|
| ▆▆▆ | 09/25/2017 | $320,622.99 | $0.00 | 11/15/2008 |

## LEGAL DISCLOSURES

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605). During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your previous servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you. Section 6 of RESPA (12 U.S.C. 2605) also gives you certain consumer rights. If you send a qualified written request, notice of error, or request for information (hereinafter collectively referred to as a "qualified written request") to your loan servicer concerning the servicing of your loan, your servicer generally must provide you with a written acknowledgment within 5 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. Typically, not later than 30 business days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. Also, in the 60-day period following a notice of error or qualified written request, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

**FOR CALIFORNIA RESIDENTS:** If our records indicate that you have a California address, you have the right to control whether we may share your personal information with financial services providers that participate in joint marketing programs with us. If you want to restrict this kind of information sharing, please review and follow the instructions provided with the notice called "Important Privacy Choices for California Consumers."

As required by law, you are hereby notified that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.



Sincerely,

ClearSpring Loan Services, Inc.
Servicing Department



THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are in active bankruptcy or received a discharge which included this debt, this communication is not intended to be and does not constitute an attempt to reaffirm or to collect a debt against you personally and is for information purposes only.

▦

Clearspr...2017.csv
0.1 KB

**P001042**