```
SKLAR KIRSH, LLP
Ian S. Landsberg (SBN 137431)
ilandsberg@sklarkirsh.com
Molly K. Madden (SBN 281483)
mmadden@sklarkirsh.com
1880 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 845-6416
Facsimile: (310) 929-4469

Attorneys for Defendant
AMERICAN SERVICING AND
RECOVERY GROUP LLC
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEPHEN AND MELINDA DREHER,<br><br>Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A., a Pennsylvania Corporation, successor by merger to/with National City Bank; DREAMBUILDER INVESTMENTS, LLC, a New York Limited Liability Company; AMERICAN SERVICING AND RECOVERY GROUP LLC, Texas limited liability company; U.S. BANK NATIONAL ASSOCIATION, a Trustee under the July 26, 2010 Pass Through Trust Agreement; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-07827-MWF-FFM<br><br>The Hon. Michael W. Fitzgerald<br><br>**DEFENDANT AMERICAN SERVICING AND RECOVERY GROUP LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Hearing:</u><br>Date:    March 28, 2022<br>Time:   10:00 a.m.<br>Crtrm.: 5A<br><br><u>Filed concurrently with:</u><br>Statement of Uncontroverted Facts<br>Declaration of Molly Madden<br>Request for Judicial Notice<br>[Proposed] Judgment<br><br>Action Filed:   September 7, 2018<br>Trial Date:     May 31, 2022 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 28, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Michael W. Fitzgerald in Courtroom 5A of the above-entitled court, located at 350 West First Street, Los Angeles, CA 90012, Defendant AMERICAN SERVICING AND RECOVERY GROUP LLC, a Texas limited liability company ("ASRG") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 56, for entry of summary judgment against Plaintiffs STEPHEN and MELINDA DREHER, ("Plaintiffs") or, in the alternative, partial summary judgment as to the single remaining claim against ASRG for slander of title.

In December 2020, this Court granted ASRG's original Motion for Summary Judgment ("2020 MSJ") on all claims except for slander of title. The Court's December 15, 2020 Order thereon ("2020 Order") significantly narrowed the scope of Plaintiffs' remaining claim against ASRG. In light of evidence recently discovered and now before the Court, there is no genuine issue of any material fact on the slander of title claim against ASRG, such that ASRG is entitled to judgment as a matter of law on that claim, and thus the entire action.

This motion is based on the attached Memorandum, the Statement of Uncontroverted Facts, Request for Judicial Notice, and declaration of Molly Madden filed concurrently herewith, the pleadings and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

## **LOCAL CIVIL RULE 7-3 CERTIFICATION**

This motion is made following the conference of counsel pursuant to L.R. 7-3. Since this Court's December 15, 2020 Order on ASRG's original Motion for Summary Judgment, counsel for ASRG and counsel for Plaintiffs have discussed on multiple occasions, by telephone and email, the lack of any evidence to support a claim against ASRG, ASRG's intent to file this motion and the basis thereof. As of

the date of this filing, the parties have not reached a resolution which eliminates the necessity for this motion.

DATED:  February 4, 2022            SKLAR KIRSH, LLP

By: _____
Ian S. Landsberg
Molly K. Madden
Attorneys for Defendant
AMERICAN SERVICING AND RECOVERY GROUP LLC

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1
I. INTRODUCTION ............................................................................................. 1
II. FACTUAL BACKGROUND ........................................................................... 2
    A. PLAINTIFFS' LOAN ............................................................................. 2
    B. PURCHASE AND SALE OF LOAN IN 2010 ..................................... 3
        1. Simultaneous Purchase and Sale of Loan ................................... 3
        2. PNC's Delivery of Collateral File to U.S. Bank's Agent ............ 3
        3. DBI's Role ................................................................................... 4
    C. POST-SALE EVENTS ........................................................................... 5
        1. Plaintiffs' Bankruptcy ................................................................. 5
        2. Green Tree Servicing and Proof of Claim .................................. 5
        3. Plaintiffs' Bankruptcy Plan ......................................................... 6
        4. DBI's Recordation of the Assignment of Deed of Trust in 2017 ............................................................................................. 6
III. RELEVANT PROCEDURAL HISTORY ....................................................... 7
    A. ASRG's 2020 MSJ ................................................................................ 7
    B. The Court's Order on ASRG's 2020 MSJ Drastically Narrowed the Scope of the Action Against ASRG .............................................. 9
IV. STATEMENT OF FACTS AT ISSUE IN THIS MOTION .......................... 10
V. LEGAL AUTHORITY ................................................................................... 11
VI. ASRG IS ENTITLED TO SUMMARY JUDGMENT ON THE SLANDER OF TITLE CLAIM, AND THE ENTIRE ACTION, AGAINST IT ................................................................................................... 12
VII. CONCLUSION ............................................................................................... 15

## TABLE OF AUTHORITIES

**Page**

**STATE CASES**

*Alpha & Omega Development, LP v. Whillock Contracting, Inc.*,
    200 Cal. App. 4th 656 (2011) .................................................................. 14

*Lynn v. Tatitlek Support Servs., Inc.*,
    8 Cal. App. 5th 1096 (2017) .................................................................... 14

*Perez v. Van Groningen & Sons, Inc.*
    41 Cal. 3d 962 (1986) .............................................................................. 14

*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*,
    205 Cal. App. 4th 999 (2012) ............................................................ 12, 14

**FEDERAL CASES**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ............................................................................ 11, 12

*California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*,
    818 F. 2d 1466 (9th Cir. 1987) ................................................................ 12

*California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*,
    484 U.S. 1006 (1988) ............................................................................... 12

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ................................................................................. 11

*Compass Bank v. Petersen*,
    886 F. Supp. 2d 1186 (C.D. Cal. 2012) ................................................... 12

*Coomes v. Edmonds Sch.*
    *Dist. No. 15*, 816 F.3d 1255 (9th Cir. 2016) ........................................... 12

*Oracle Corp. Sec. Litig.*
    627 F.3d 376 (9th Cir. 2010) ................................................................... 12

**FEDERAL STATUTES**

Federal Rules of Civil Procedure, Rule 56 ......................................................... 2, 11

SKLAR KIRSH, LLP
ATTORNEYS AT LAW

ii
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In December 2020, this Court granted Defendant American Servicing and Recovery Group LLC's ("ASRG") original Motion for Summary Judgment ("2020 MSJ," Doc. No. 136) on each of the claims against ASRG, except for slander of title. The Court's December 15, 2020 Order on that motion ("2020 Order," Doc. No. 162) significantly narrowed the scope of that remaining claim. Based on new evidence now before the Court, there is no genuine issue of any material fact on the slander of title claim against ASRG, such that ASRG is entitled to judgment as a matter of law on that claim, and the entire action.

At this stage in the litigation, Plaintiffs Stephen and Melinda Dreher's ("Plaintiffs") only claim against ASRG is for slander of title—under a vicarious liability theory—arising from an alleged scheme between Dreambuilder Investments, LLC's ("DBI") and PNC Bank, N.A. ("PNC") to create a "secret," "fake" assignment. Plaintiffs allege that PNC executed and transferred the Assignment of Deed of Trust associated with Plaintiffs' subject loan (the "Assignment") to DBI on August 12, 2010, two days before PNC transferred the same Assignment, but in blank, to US Bank's agent, Green Tree. *See* 2020 Order at. 6.  Based on the evidence before the Court in December 2020, the Court found "a genuine dispute of material fact as to whether DBI instructed PNC to execute the Assignment" and that "[a] jury must decide whether DBI was performing a task within the scope of its employment with ASRG when it allegedly directed PNC to execute the Assignment to DBI. *Id*. at 6, 9.

Plaintiffs' entire theory of liability against ASRG depends on their story about two assignments: (1) one version in blank that PNC sent to Green Tree; and (2) a fake version of the assignment that PNC supposedly made out, and sent, to DBI. The *only* reason for this tale of two assignments—and the only reason ASRG is still in this litigation—is that the *recorded* Assignment from 2017 indicates it was executed in 2010 by PNC, and DBI's name is shown as the assignee. It does not follow, however,

that PNC made the Assignment out to DBI in 2010, nor that PNC sent the Assignment to DBI (either in 2010, or ever).

How did DBI obtain the Assignment, if not from PNC in 2010? The answer from recent discovery is that DBI obtained the *blank* Assignment in or around 2015 from Wells Fargo (custodian for Grand New Start III, LLC ["Grand New Start"]), in connection with the November 2013 purchase of a pool of loans (including Plaintiffs' Loan) from Grand New Start by a DBI joint venture called Stelis. DBI then had its agent, Richmond Monroe Group ("RMG"), fill the blank Assignment out to DBI and record it in 2017. ASRG had nothing to do with the Stelis joint venture, or the 2013 purchase transaction. And it remains true that ASRG has had nothing to do with the Loan since 2010. It is simply a coincidence that DBI happened to come into contact with Plaintiffs' Loan again years after ASRG owned the Loan for less than a day. There is no nonfrivolous basis upon which this action can proceed against ASRG.

## II. FACTUAL BACKGROUND[1]

### A. PLAINTIFFS' LOAN

On or about April 17, 2007, plaintiff Stephen Dreher entered into a mortgage loan (the "Loan") secured by a deed of trust (the "Deed of Trust") executed by Plaintiffs against the subject property ("Property"). (SUF Nos. 1-2.) PNC became the owner of the Loan on or about November 6, 2009. (SUF Nos. 3-4.)

---

[1] This "Factual Background" section is provided for context; it is a condensed version of the Statement of Facts from ASRG's 2020 MSJ, with citations to ASRG's Statement of Facts (SUF Nos. 1 – 63) filed in support thereof ("2020 SUF," Doc. No 137). (*See also*, ASRG's 2020 Reply SUF, Doc. No. 156, which incorporates Plaintiffs' responses to the SUFs, and ASRG's replies thereto.) Please refer to Section III, below, for the Statement of Facts at issue in this Motion; they are significantly narrower. To avoid confusion, the Uncontroverted Facts filed concurrently with this Motion ("2022 SUF") are labelled beginning with SUF No. 64.

**B.   PURCHASE AND SALE OF LOAN IN 2010**

**1.   Simultaneous Purchase and Sale of Loan**

On or about July 30, 2010, PNC and ASRG entered into a "Non-Performing" Loan Purchase and Interim Servicing Agreement (the "Purchase Agreement") whereby PNC sold a pool of loans—including Plaintiffs' Loan—to ASRG. (SUF No. 6.) Pursuant to the Purchase Agreement, PNC as Seller agreed that:

> No later than forty-five (45) calendar days after the Closing Date, Seller shall **_deliver to Purchaser any Assignments of Mortgage, to 'blank'_** provided that, in the event that a recorder's office does not accept such Assignment of Mortgage solely due to its form, upon transmission of such rejected Assignment of Mortgage to Seller, Seller shall promptly resubmit an Assignment of Mortgage to Purchaser.

(SUF No. 9, emphasis added.)

The same day, ASRG sold a portion of that pool of loans—including Plaintiffs' Loan—to U.S. Bank National Association, not in its individual capacity, but solely as Trustee under Pass-Through Trust Agreement dated as of July 26, 2010 ("U.S. Bank"), pursuant to the Mortgage Loan Sale Agreement (the "Sale Agreement"). (SUF No. 14.)   U.S. Bank was trustee for the beneficial owner, Grand New Start, the managing members of which were WMD Investors, LLC and Green Tree Investments II LLC. (*See* SUF No. 23.)

The purchase transaction and sale transaction closed simultaneously. ASRG paid PNC directly for the portion of the pool of loans that ASRG retained (the "ASRG Pool"). (*See* Doc. No. 155-1 [Supp. Madden Decl., Ex. B (ASRG Depo. Trns. at 57:1-59:6, 94:7-11)]; Doc. No. 155-2 [Supp. ASRG Decl. ¶¶ 4-6].) Grand New Start paid PNC directly for the pool of loans that U.S. Bank purchased, including Plaintiff's Loan (the "U.S. Bank Pool"). *Id.*

**2.   PNC's Delivery of Collateral File to U.S. Bank's Agent**

ASRG and U.S. Bank also entered an Escrow Agreement ("Escrow Agreement"), which is annexed to the Sale Agreement. Exhibit B thereto is a Trust

Receipt, which directed PNC to **_deliver the collateral loan files for the U.S. Bank Pool (including the Loan) directly to U.S. Bank's agent, Green Tree Servicing LLC_** ("Green Tree"). (SUF No. 23.)

The subject agreements never contemplated PNC delivering the collateral file for the Loan to ASRG or its agents. And, in fact, ASRG never took possession of the collateral file for the Loan, or any Assignment of Deed of Trust to "blank" prepared by PNC in connection with the Loan. ASRG is informed and believes that PNC delivered the subject collateral loan files and assignments of mortgage to "blank"—including for the Loan—directly to Green Tree, bypassing ASRG. (SUF No. 25).

Other than what it has learned in this litigation, ASRG has no knowledge of what happened with the Loan after it was sold to US Bank. (SUF No. 26.) After the Sale Agreement Servicing Transfer Date (August 22, 2010), ASRG had no remaining interest in or knowledge about the Loan. (SUF No. 22.) ASRG never received any payments from Plaintiffs at any point in time. (SUF No. 43.)

### 3. DBI's Role

DBI/ASG Mortgage Acquisition Fund I, LP (the "Fund") guaranteed certain monetary obligations of ASRG under the Purchase Agreement. (SUF No. 11.) At the time of the purchase and sale transactions in mid-2010, DBI was a Limited Partner of the General Partner of the Fund, and a Limited Partner of the Fund. (SUF No. 12.)

DBI's role as an agent for the Fund in this context was specific to negotiating the Purchase Agreement with PNC, the Sale Agreement with U.S. Bank, and the simultaneous close of those transactions; and servicing *just* the loans in the ASRG Pool, the beneficial interest of which was subsequently transferred to the Fund. (*See* Doc. No. 155-1 [Supp. Madden Decl., Ex. B (ASRG Depo. Trns. at 94:22-96:7, 98:21-99:7)]; Doc. No. 155-2 [Supp. ASRG Decl. ¶¶ 4-6, 8-11].) DBI thus had "transaction-level" authority in connection with the purchase and sale transactions, but only had "loan-level" authority in connection with the loans that ASRG retained.

DBI did not have authority to act on behalf of ASRG with regard to individual loans in the U.S. Bank Pool, such as Plaintiffs' Loan. *Id.*; SUF 25.

When ASRG entered the Purchase Agreement with PNC, Greg Palmer, the President of DBI, who was also a vice president of ASRG, had the authority to sign the Purchase Agreement on behalf of ASRG. Greg Palmer was removed as an officer of ASRG on or about November 8, 2010. Further, on March 7, 2013—pursuant to a Settlement Agreement and Release (the "Settlement") between the "ASG Parties" (as defined within the Settlement), which included ASRG, on the one hand, and the "DBI Parties" (as defined within the Settlement), which included DBI, on the other hand— DBI assigned its economic interest in the Fund and the General Partner of the Fund to the remaining Limited Partners of the Fund.  With the exception of the ongoing nature of the Settlement, ASRG has not had any business relationship with DBI since that point. (SUF Nos. 11-13.)

### C.    POST-SALE EVENTS

#### 1.    Plaintiffs' Bankruptcy

After the sale of the Loan to U.S. Bank, Plaintiffs filed a Chapter 11 bankruptcy petition in U.S. Bankruptcy Court for the District of Idaho and identified the Loan in their petition (the "Bankruptcy") on August 5, 2010. (SUF No. 30.) ASRG was not named as a creditor. (SUF No. 31.)  ASRG did not learn about the Bankruptcy until this lawsuit, in January 2020. (SUF No. 34.)

#### 2.    Green Tree Servicing and Proof of Claim

On or about October 12, 2010, Green Tree (U.S. Bank's agent) sent Mr. Dreher a letter indicating that servicing of the Loan was transferred from PNC to Green Tree on September 1, 2010. (SUF No. 35.)  On October 26, 2010, Green Tree filed a proof of claim (the "POC") in the Bankruptcy in connection with the Loan. (SUF No. 38.) Green Tree never serviced the Loan on behalf of ASRG, and the POC was not filed on behalf of ASRG. (SUF Nos. 39-40.)

### 3. Plaintiffs' Bankruptcy Plan

On August 28, 2012, Plaintiffs filed a Fourth Amended Chapter 11 Plan (the "Bankruptcy Plan"), which acknowledged that Green Tree was the entity asserting a claim on account of the Loan, and converted the Lien from a secured interest to an impaired unsecured debt. (SUF No. 44-45.) On December 18, 2012, the Bankruptcy Plan was confirmed. (SUF No. 46.) On January 8, 2018, Plaintiffs filed a Motion for Discharge of Debtors (the "Discharge Motion") in the Bankruptcy wherein they requested the entry of a discharge due to their alleged completion of payments required under the Bankruptcy Plan. (SUF No. 47.) On February 27, 2018, the Bankruptcy Court entered a discharge order. (SUF No. 51.)

### 4. DBI's Recordation of the Assignment of Deed of Trust in 2017

On March 24, 2017 (before the discharge order), DBI recorded the Assignment of Deed of Trust. (SUF No. 54.) ASRG had not had any business relationship with DBI for years at that point, and ASRG had not had any knowledge about the Loan since 2010. (SUF No. 55.) ASRG did not direct DBI to record the Assignment, DBI was not acting as ASRG's agent when it recorded the Assignment, and ASRG had no involvement in the recordation. (SUF No. 56.)

Moreover, ASRG had never instructed PNC to fill out the Assignment to DBI's name, or to send the Assignment to DBI. To the contrary, as addressed above, PNC was instructed in to fill all the assignments out to "blank;" and the assignments relating to the loans in the U.S. Bank Pool (including Plaintiffs' Loans) were to be sent directly to Green Tree. (SUF No. 56.)

Plaintiffs allege they learned of the recorded Assignment when they attempted to sell the Property on or about June 2018. (SUF No. 57.) On June 20, 2018, Plaintiffs sent DBI a letter demanding a release of the Lien. (SUF No. 58.) DBI did not release the Lien and Plaintiffs filed this lawsuit. (SUF No. 62.) Plaintiffs did not immediately seek expungement of the Lien, however. It was not until over a year later, on

September 27, 2019, that this Court granted a motion by Plaintiffs to expunge the Lien. (SUF No. 63.)

DBI defaulted in this action for failure to respond to the original complaint. Plaintiffs have not filed a motion for default judgment against DBI.

## III. RELEVANT PROCEDURAL HISTORY

### A. ASRG's 2020 MSJ

ASRG filed its initial MSJ in October 2020, attacking all of the claims against it. As to the slander of title claim, the Plaintiffs operative complaint did not plead *any* facts about ASRG. The claim focused on the alleged conduct of the other parties. (*See*, *e.g.*, SAC ¶¶ 29, 32.) In opposing the 2020 MSJ as to the slander of title claim, Plaintiffs came up with a new theory to try to keep ASRG in this case, speculating that PNC executed and transferred the Assignment to DBI on August 12, 2010, two days before PNC transferred the same Assignment, in blank, to US Bank's agent. *See* 2020 Order at. 6.

Plaintiffs conceded the vast majority of facts in ASRG's 2020 SUF were undisputed, including the following facts that are now relevant to this Motion:

- **2010:** ASRG did not instruct PNC to fill the Assignment out to DBI's name or to send the Assignment to DBI in 2010. PNC was instructed to fill the assignments out to "blank." ASRG believed that PNC had delivered the collateral file and blank Assignment directly to Green Tree in 2010, as instructed.
- **2017:** ASRG did not direct DBI to record the Assignment of Deed of Trust in 2017, years after ASRG owned the loan for less than a day, and years after ASRG had had any business relationship with DBI. DBI was not acting as ASRG's agent when it recorded the Assignment, and ASRG had no involvement in the recordation.

(*See* Doc. No. 156 [2020 Reply SUF] SUF Nos. 22, 25-26, 52-53, 55-56, 61.)

Plaintiffs claimed in opposition to the MSJ that ASRG should be held vicariously liable for DBI's alleged wrongdoing related to the purported "fake" Assignment from PNC to DBI. *See* 2020 Order at. 6. Specifically, Plaintiffs claimed that *DBI* slandered Plaintiffs' title to the subject property by directing PNC to execute and send the Assignment to DBI; and that ASRG is liable for DBI's alleged slanderous conduct because DBI was purportedly acting as ASRG's agent in negotiating the loan transaction with PNC, or in the alternative, because DBI was in a joint venture with ASRG. *Id*.

ASRG argued on reply that the evidence does not even support that *DBI* instructed PNC to fill the Assignment out to DBI's name or to send the Assignment to DBI; nor does it support that PNC did so; let alone that the parties "colluded" to create a "fake" or "secret" assignment. (*See* Doc. No. 155, citing SUF Nos. 25, 56.) ASRG cited evidence, including deposition and declaration testimony by ASRG's representative that assignments in blank are common industry practice in bulk sale transactions. (*See* Doc. No. 155-1 [Supp. Madden Decl., Ex. B (relevant portions of ASRG Depo. Trns.) at 48:20-49:4]; Doc. No. 155-2 [Supp. ASRG Decl. ¶ 16].) ASRG also cited evidence that U.S. Bank or its agent *did* receive the Assignment in blank from PNC; and that Green Tree serviced the Loan for U.S. Bank from the time U.S. Bank acquired the Loan in 2010 until the collateral file was transferred to Wells Fargo in or around 2014. (*See* Doc. No. 155-1 [Supp. Madden Decl., Ex. C (relevant portions of U.S. Bank Depo. Trns.) at 12:1-24; 36:3-42:22, 56:20-57:4, 58:24-59:23, 64:13-19; 74:19-75:22, 78:11-80:05].)

In their opposition to the 2020 MSJ, Plaintiffs referenced goodbye and hello letters received in 2020 indicating that servicing for the Loan was being transferred from DBI to Suna Capital. ASRG argued that such evidence—in conjunction with the evidence from U.S. Bank—supported the inference that DBI became involved in some capacity with the Loan at some point in or after 2014. That would explain how DBI ultimately came into possession of the Assignment in blank, and later recorded

it in 2017. At that point in time, Plaintiffs conceded, ASRG had no knowledge about the Loan or Assignment, and DBI was not ASRG's agent. (SUF Nos. 55-56.)

### B. The Court's Order on ASRG's 2020 MSJ Drastically Narrowed the Scope of the Action Against ASRG

On December 15, 2020, the Court granted ASRG's MSJ as to all claims except slander of title. *See* 2020 Order, Doc. No. 162.[2] The Court's 2020 Order significantly narrowed the scope of the remaining slander of title claim against ASRG.

For instance, the Order established that Plaintiffs cannot support a theory of direct liability for slander of title against ASRG. The Court found that the evidence does not support that ASRG instructed or authorized PNC to fill the Assignment out to DBI's name or to send the Assignment to DBI in 2010. *See* 2020 Order at 2, 7. In other words, the evidence does not support that ASRG authorized DBI to "collude" with PNC. *Id*. Additionally, the Court agreed that no evidence supports a finding that ASRG instructed DBI to record the Assignment years later in 2017, nor that DBI was acting as ASRG's agent at that time. *Id*. In fact, the Court noted that it was "somewhat sympathetic to ASRG's position given ASRG's lack of personal wrongdoing." *Id*. at 9.

As for Plaintiffs' theory that ASRG should be held vicariously liable for slander of title by DBI, the Court indicated that "the critical question [as to ASRG] is not whether DBI was acting as ASRG's agent when DBI recorded the Assignment from PNC [in 2017], but when DBI allegedly directed PNC to execute the Assignment to DBI [in 2010]." *See* 2020 Order at 7.

With regard to the evidence proffered to demonstrate that PNC had provided the blank assignment as dictated, the Order noted that, while U.S. Bank had testified about receiving the Assignment in blank, it had not produced the blank assignment.

---

[2] The Court granted ASRG's request for judicial notice ("2020 RJN," Doc. No. 140) in its entirety. *See* 2020 Order at 3.

With only the recorded 2017 version of the Assignment in evidence at that time, the Court stated that:

> The Assignment clearly states that 'the undersigned has caused this Assignment of Deed of Trust to be executed on 8/12/2010.' The 'undersigned' is Ronald E. Rooney, President of PNC. A reasonable jury could find that the Assignment was therefore executed on August 12, 2010.

*See* 2020 Order at 7 (citations omitted). But the issue is not whether PNC executed the Assignment on August 12, 2010 (e.g. in blank). The issue is whether PNC executed the Assignment with DBI's name filled in as the assignee, and delivered the Assignment to DBI.

## IV. STATEMENT OF FACTS AT ISSUE IN THIS MOTION

Since the 2020 Order, the parties have conducted discovery that confirms that no basis exists for a slander of title claim against ASRG. Such discovery includes deposition testimony and document productions by DBI (through its representative, Peter Andrews); and by DBI's custodial agent, RMG (through its representative, Jennifer Dundee).

Specifically, the additional discovery has yielded evidence conclusively establishing that:

- DBI did not instruct PNC to fill out the Assignment to DBI's name, or to send the Assignment to DBI. (SUF No. 64.)
- PNC did not fill out the Assignment to DBI's name, nor did it send the Assignment to DBI. (SUF No. 65.)
- PNC sent the Assignment in blank to U.S. Bank's agent, Green Tree, as contemplated by the subject agreements. (SUF No. 66.)
- DBI came into possession of the blank Assignment in or around 2015, following the November 2013 purchase of a pool of loans (including Plaintiffs' subject Loan) from Grand New Start by Stelis, a joint venture

- between DBI and another entity. ASRG was not involved in that joint venture or the transaction. (SUF No. 67.)
- In July 2017, DBI conducted a review in connection with Plaintiffs' bankruptcy and determined that the bankruptcy had not resulted in the Lien being stripped or Plaintiffs being discharged from the debt. (SUF No. 68.)
- On or about March 29, 2016—as part of services that RMG contracted to perform for DBI—RMG received the original collateral file for the Loan, which included a blank assignment of deed of trust. Later, at the instruction of DBI, RMG handwrote in DBI's name as the assignee on the previously-blank assignment and then caused the assignment to be recorded in 2017. (SUF No. 69.)

## V. LEGAL AUTHORITY

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex*, 477 U.S. at 323.

> Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the nonmoving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The nonmoving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts

at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50. Mere disagreement or the bald assertion that a genuine issue of material fact exists will not preclude the use of summary judgment. *See California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987), *cert. denied*, 484 U.S. 1006 (1988). Finally, not every disputed factual issue is material in light of the substantive law that governs the case. Instead, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Anderson*, 477 U.S. at 248.

## VI. ASRG IS ENTITLED TO SUMMARY JUDGMENT ON THE SLANDER OF TITLE CLAIM, AND THE ENTIRE ACTION, AGAINST IT

Under California law, "[s]lander of title occurs when there is an unprivileged publication of a false statement [that] disparages title to property and causes pecuniary loss." *Compass Bank v. Petersen*, 886 F. Supp. 2d 1186, 1197 (C.D. Cal. 2012). The elements for a slander of title tort claim are: "(1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030 (2012) (citation omitted).

Plaintiffs' only remaining claim against ASRG is for slander of title—under a vicarious liability theory—arising from DBI's alleged collusion with PNC in 2010. Not a shred of evidence exists to support this alleged collusion. ASRG is entitled to summary judgment on Plaintiffs' slander of title claim under the publication and

falsity elements alone. Additionally, Plaintiffs cannot establish the damages element of their claim against ASRG.

It is already settled that Plaintiffs do not have a claim against ASRG for slander of title under a theory of direct liability, and that DBI's recordation of the Assignment in 2017 does not serve as a basis for slander of title against ASRG under a theory of vicarious liability. *See* 2020 Order. The only way Plaintiffs could assert a claim against ASRG if they could establish that: (1) DBI instructed PNC to execute and send the Assignment to DBI in 2010; (2) PNC did, in fact, execute the Assignment to DBI's name and did send the Assignment to DBI in 2010; (2) such act constituted a false publication by DBI; and (3) DBI was performing a task within the scope of its employment with ASRG when it allegedly directed PNC to execute the Assignment to DBI.

Plaintiffs' agency and joint venture theories against ASRG fail because they depend on evidence of slanderous conduct by DBI in connection with the Assignment in 2010. The evidence does not support the underlying theory of slander of title by DBI in 2010, nor does it support that DBI performed *any* slanderous act within the scope of its agency or employment by ASRG. That theory was based on pure speculation; it has been debunked by discovery conducted since the 2020 Order, which has yielded evidence that conclusively establishes that PNC did *not* execute and send the Assignment to DBI in 2010 (whether at DBI's instruction or otherwise). PNC sent the Assignment in blank to U.S. Bank's agent, Green Tree, in 2010 as contemplated by the subject contracts. DBI did not come into possession of the blank Assignment until 2015, after Stelis purchased a pool of loans (including Plaintiffs' Loan) from Grand New Start. Thus, there was no publication, let alone a false publication, in 2010.

The Court has previously explained that "a disparagement to a title need not be recorded." *See* 2020 Order at 7, citing Doc. No. 135. But at a minimum, for there to be a disparagement, there would need to be an assignment in 2010 from PNC to DBI,

not just a blank assignment. *See*, *e.g.*, *Alpha & Omega Development, LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656, 661 (2011) (slander of title may be either by words or an act that clouds title to the property). Here, any publication (false or otherwise) did not occur until DBI's name was added to the blank Assignment, which was then recorded in 2017.

In its 2020 Order (at p. 9), the Court referred to "circumstantial evidence [that] creates at least a reasonable inference that PNC's execution of the Assignment to DBI on August 12, 2010, was no mere coincidence, but rather, was negotiated by PNC and DBI during ASRG's bulk purchase of loans from PNC." When this "circumstantial evidence" is taken in light of all the additional evidence now before the Court, however, it is no longer a reasonable inference.

Even if there were evidence to support Plaintiffs' collusion theory, there would remain an absence of any genuine issue of material fact as to whether DBI's allegedly wrongful act in 2010 was committed within the scope of any authority of ASRG, or in furtherance of any joint venture between DBI and ASRG. The question of whether an employee is acting within the scope of his employment is only a question of fact when "the facts of a case are undisputed and conflicting inferences may not be drawn from those facts." *Lynn v. Tatitlek Support Servs., Inc.*, 8 Cal. App. 5th 1096, 1107 (2017). This is not such a case, and summary judgment is appropriate because "the facts are undisputed and no conflicting inferences are possible." *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 968 (1986).

As for the damages element, nothing ASRG did "direct[ly]" disparaged title or caused Plaintiffs pecuniary loss. *See Sumner Hill*, *supra*, 2015 Cal. App. 4th at 1030. Moreover, nothing DBI did during the relevant 2010 timeframe (i.e. allegedly in the scope of agency/employment) directly disparaged title or damaged Plaintiffs. Plaintiffs were able to make all of the payments under their Bankruptcy Plan, and they received the discharge order. (SUF No. 44-51.) ASRG is not responsible for DBI's alleged failure to respond to Plaintiffs' request to release the Lien, or DBI's decision

to record the Assignment in 2017. (SUF No. 62.)  Until it was added as a defendant in this action, ASRG did not even know that DBI apparently acquired the Loan at some point after ASRG sold the Loan to US Bank. (SUF No. 56.)  Finally, Plaintiffs have not provided any explanation for why, when they were trying to sell the Property, they waited to seek judicial intervention to expunge the lien, despite DBI's persistent failure to respond to their reconveyance requests. (*See* SUF No. 62-63.)

ASRG has met its burden of proving an absence of evidence to support Plaintiffs' claim against it. Plaintiffs have failed to satisfy the burden shifted to them to designate specific facts demonstrating the existence of *genuine* issues for trial. The MSJ should be granted in its entirety.

## VII. CONCLUSION

Based on the foregoing, ASRG respectfully requests that the Court grant summary judgment in its favor on the slander of title claim and entire action against ASRG.

DATED:  February 4, 2022          SKLAR KIRSH, LLP

By: _____
Ian S. Landsberg
Molly K. Madden
Attorneys for Defendant
AMERICAN SERVICING AND
RECOVERY GROUP LLC